21 CV 4332 (FB)(RML)

UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK

JANE DOE,

                                             Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,
CITY OF NEW YORK, MARK WALTZER, DOUGLAS
MEINERS, MICHAEL EISENBERG AND JOHN DOES
#1 THROUGH #2,

                                             Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PARTIALLY DISMISS THE SECOND AMENDED COMPLAINT

**_HON. SYLVIA O. HINDS-RADIX_**
_Corporation Counsel of the City of New York_
_Attorney for Defendants_
_100 Church Street_
_New York, N.Y.  10007_

_Of Counsel:  Sharon Sprayregen_
_Tel:  (212) 356-0873_
_Matter No. 2021-022733_

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ III

PRELIMINARY STATEMENT ................................................................................... 1

FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT AND PROCEDURAL
HISTORY ................................................................................................................... 2

LEGAL STANDARD ................................................................................................. 3

        Rules 12(b)(6) and 12(c) ............................................................................... 3

        Rules 12(b)(1) ................................................................................................ 4

ARGUMENT

    I.    THE CVA DOES NOT REVIVE CLAIMS
        BROUGHT UNDER SECTION 1983 AND TITLE IX
        CLAIMS; THEREFORE, THESE CLAIMS ARE
        TIME-BARRED ..................................................................................... 4

    II.   DOE IS NOT LIABLE FOR WALTZER'S
        ALLEGED SEXUAL ASSAULT UNDER A
        THEORY OF RESPONDEAT SUPERIOR ................................................. 6

    III.  ALL CLAIMS AGAINST MEINERS AND DOE
        BASED ON MEINER'S ALLEGED "SEXUAL
        HARASSMENT" AND ANY CLAIMS AGAINST
        MEINERS BASED ON WALTZER'S ALLEGED
        SEXUAL ASSAULT MUST BE DISMISSED .......................................... 8

    IV.  PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING,
        TRAINING, SUPERVISION AND RETENTION
        FAILS ................................................................................................. 10

        A. Plaintiff Does Not Allege in a Non-Conclusory
           Fashion that DOE Was On Notice Prior to
           Waltzer's Alleged Assaults and Does Not Allege
           that the ASSAULTS WERE Committed on School
           Premises or with DOE's Chattels .......................................10

**Page**

B. The Alleged Actions of Defendants Meiners, Eisenberg, and John Doe 2 Do Not Revive the Statute of Limitations Under the CVA; Plaintiff Does Not Allege DOE was on Notice of the Alleged Torts of Any of these Defendants; and Plaintiff Does Not Allege that John Doe 1's Tort Was Committed on School Premises or with DOE's Chattels ........................................................................12

V.   THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST THE NON-WALTZER DEFENDANTS MUST BE DISMISSED ............................................................... 13

VI.   PLAINTIFF DOES NOT HAVE STANDING TO SEEK DECLARATORY AND INJUNCTIVE RELIEF BECAUSE THERE IS NO LIKELIHOOD OF FUTURE HARM TO HER.................................... 15

CONCLUSION............................................................................................ 17

**Cases**                                                                                      **Pages**

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Pages**

*A.S. v. City Sch. Dist. of Albany*,
    2022 WL 356697 (N.D.N.Y. Feb. 7, 2022) ............................................................17

*AA v. Hammondsport Cent. Sch. Dist.*,
    527 F. Supp. 3d 501 (W.D.N.Y. 2021) ...............................................................7, 9

*Anthes v. New York Univ.*,
    2018 U.S. Dist. LEXIS 53762, 2018 WL 1737540
    (S.D.N.Y. Mar. 12, 2018) ...................................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................4, 12

*B.C. v. Mount Vernon Sch. Dist.*,
    660 F. App'x 93 (2d Cir. 2016) .....................................................................16, 17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................4, 12

*Bouchard v. N.Y. Archdiocese*,
    719 F. Supp. 2d 255 (S.D.N.Y. 2010) ..................................................................11

*Boyle v. N. Salem Cent. Sch. Dist.*,
    No. 19 CV 8577 (VB), 2020 U.S. Dist. LEXIS 82504
    (S.D.N.Y. May 11, 2020) ...................................................................................5

*Bryant v. Steele*,
    25 F. Supp. 3d 233 (E.D.N.Y. 2014) ...................................................................4

*Byrd v. City of New York*,
    2005 U.S. App. LEXIS 10820, 2005 WL 1349876
    (2d Cir. June 8, 2005) ........................................................................................4

*C.Q. v. Estate of Rockefeller*,
    No. 20-CV-2205 (VSB), 2021 U.S. Dist. LEXIS 203563
    (S.D.N.Y. Oct. 21, 2021) ...............................................................................7, 11

*Capak v. St. Execs Mgmt.*,
    No. 20-CV-11079 (RA), 2021 U.S. Dist. LEXIS 121144,
    2021 WL 2666007 (S.D.N.Y. June 29, 2021) ......................................................10

**Cases**                                                                    **Pages**

*Chau v. Donovan*,
   357 F. Supp. 3d 276 (S.D.N.Y. 2019)....................................................................7

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983)...........................................................................................16

*Coe v. Regan*,
   No. 19-CV-05327 (ENV) (VMS), 2022 U.S. Dist. LEXIS 23021
   (E.D.N.Y. Jan. 28, 2022) .............................................................................5, 6

*Cook v. Colgate University*,
   992 F.2d 17 (2d Cir. 1993)..............................................................................17

*D'Angelo-Fenton v. Town of Carmel*,
   470 F. Supp. 2d 387 (S.D.N.Y. 2007).............................................................14

*Doe v. Alsaud*,
   12 F. Supp. 3d 674 (S.D.N.Y. 2014).....................................................6, 10, 11

*Doe v. NYS Office of Children & Family Servs.*,
   No. 1:20-cv-01195 (BKS/CFH),
   2021 U.S. Dist. LEXIS 125965 (N.D.N.Y. July 7, 2021)..................................5

*Doe v. Poly Prep Country Day Sch.*,
   2021 U.S. Dist. LEXIS 38349 (E.D.N.Y. 2021)................................................9

*Ehrens v. Lutheran Church*,
   385 F.3d 232 (2d Cir. 2004)......................................................................10, 13

*Fox v. Bd. of Trustees of State Univ. of N.Y.*,
   42 F.3d 135 (2d Cir. 1994)...............................................................................16

*Giuffre v. Dershowitz*,
   2020 U.S. Dist. LEXIS 78596 (S.D.N.Y. 2020)................................................9

*Gray v. Schenectady City Sch. Dist.*,
   86 A.D.3d 771 (3d Dep't 2011).......................................................................15

*Howell v. New York Post Co.*,
   81 N.Y.2d 115 (1993) ......................................................................................14

*Kane v. Mount Pleasant Cent. Sch. Dist.*,
   No. 20-CV-7936 (CS), 2021 U.S. Dist. LEXIS
   212763 (S.D.N.Y. Nov. 3, 2021) .......................................................................6

**Cases**                                                                                                      **Pages**

*Kenneth R. v. Roman Cath. Diocese of Brooklyn*,
    229 A.D.2d 159 (2d Dep't 1997) ...................................................................10

*Lauer v. City of New York*,
    258 A.D.2d 92, 693 N.Y.S.2d 167 (1999),
    *reversed on other grounds* 95 N.Y.2d 95, 733 N.E.2d 184, 711 N.Y.S.2d 112
    (2000) ..................................................................................................................14

*Marcavage v. City of New York*,
    689 F.3d 98 (2d Cir. 2012) ................................................................................16

*Murphy v. American Home Prods. Corp.*,
    58 N.Y.2d 291 (1983) ........................................................................................14

*New York v. Niagara-Wheatfield Cent. Sch. Dist.*,
    No. 21-CV-00759JLS(F), 2022 U.S.
    Dist. LEXIS 86468 (W.D.N.Y. May 11, 2022) ................................................17

*Owens v. Okure*,
    488 U.S. .................................................................................................................5

*Parker v. Citizen's Bank, N.A.*,
    No. 19-CV-1454, 2019 U.S. Dist. LEXIS 187306,
    2019 WL 5569680 (S.D.N.Y. Oct. 29, 2019) ...................................................16

*Pinckney v. Carroll*,
    No. 18-CV-12198 (VEC), 2019 U.S. Dist. LEXIS 209835
    (S.D.N.Y. Dec. 4, 2019) .....................................................................................16

*Ross v. Mitsui Fudosan, Inc.*,
    2 F. Supp. 2d 522 (S.D.N.Y. 1998) ..................................................................10

*Rutherford v. Fla. Union Free Sch. Dist.*,
    16-CV-9778, 2019 U.S. Dist. LEXIS 55971
    (S.D.N.Y. March 29, 2019) ..................................................................................4

*SB v. Newark Cent. Sch. Dist.*,
    No. 6:21-CV-06138 EAW, 2022 U.S. Dist. LEXIS 32033
    (W.D.N.Y. Feb. 23, 2022) ..................................................................................15

*T.P. v. Elmsford Union Free Sch. Dist.*,
    No. 11 CV 5133 (VB), 2012 U.S. Dist. LEXIS
    178454 (S.D.N.Y. Nov. 26, 2012) .....................................................................14

**Cases**                                                                                      **Pages**

*Wilczynski v. Gates Cmty. Chapel of Rochester, Inc.*,
 No. 6:20-CV-06616 EAW, 2022 U.S.
 Dist. LEXIS 26113 (W.D.N.Y. Feb. 14, 2022) ..............................................................7

*Ziemba v. Wezner*,
 366 F.3d 161 (2d Cir. 2004)....................................................................................4

**Statutes**

20 U.S.C. § 1681 et seq....................................................................................................1

42 U.S.C. § 1983 ....................................................................................................1, 4, 5, 6

CPLR § 213-C..............................................................................................................7, 15

CPLR § 214-g ..................................................................................................................4

Fed. R. Civ P. 12(b)(1)..................................................................................................1, 4

Fed. R. Civ P. 12(b)(6)...............................................................................................1, 3, 4

Fed. R. Civ. P. 12(b)(c)....................................................................................................3

Fed. R. Civ. P. 12(c).................................................................................................1, 3, 4

N.Y. C.P.L.R. 214-g .........................................................................................................5

Penal Law § 130.........................................................................................................8, 13

Penal Law § 263.05.........................................................................................................8

Defendants New York City Department of Education (DOE) and Douglas Meiners (the "Non-Waltzer-Defendants") and Defendant Mark Waltzer move pursuant to pursuant to Fed. R. Civ Pro. 12(b)(1) and 12(b)(6) to partially dismiss the Second Amended Complaint ("SAC"); in the alternative, Defendant Mark Waltzer moves pursuant to Fed. R. Civ Pro. 12(b)(1) and 12(c) for judgement, in part, in the pleadings.  Defendants DOE, Meiners and Waltzer (collectively, "Defendants") submit this Memorandum of Law in support of their motion.

## PRELIMINARY STATEMENT

Plaintiff Jane Doe alleges that, when she attended a DOE high school, she had a sexual relationship with Defendant Mark Walter, who was a DOE teacher at the high school; that she subsequently told Defendant Meiners and Defendant Eisenberg,[1] both of whom were DOE teachers at the time, about the sexual assault; and that each of them "made unwanted sexual advances" toward Plaintiff and did not report Waltzer's alleged sexual assault. Plaintiff relies on the Child Victims Act (CVA) to revive her claims.  Plaintiff brings federal claims under Section 1983 for  (1) violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 et seq. (SAC ¶¶ 106-121),[2] (2) violation of 14th Amendment's Equal Protection Clause (*id.* ¶¶ 122-132), and (3) "DOE Liability Under 42 U.S.C. § 1983" for the DOE's allegedly unconditional/illegal "custom(s) and/or practice(s)" (*id.* ¶¶ 164-168).  These three claims should be dismissed against all Defendants because the CVA does not revive claims brought under Section 1983 or Title IX, and, thus, the statute of limitations has run.  Plaintiff also brings claims

---

[1] Defendant Eisenberg has not been served and, upon information and belief, is deceased.

[2] While Plaintiff appears to attempt to bring her Title IX claim under § 1983 (SAC, p. 24) ("Violation of Title IX (42 U.S.C. § 1983)") Title IX is a federal statute pursuant to which Plaintiff may bring a claim against DOE without the need for § 1983.  Nonetheless, this distinction is academic, as the Title IX claim and claims brought under § 1983 must all be dismissed for the same reason that they are barred by the statute of limitations.

1

against DOE for "respondeat superior liability" (*id.*¶¶ 133-137), and "sexual assault" (*id.*¶ 141) which, is duplicative of her claim for "respondeat superior liability"; both claims must be dismissed because DOE is not liable under respondeat superior for sexual assaults committed by employees. All claims against Meiners must be dismissed because "unwanted sexual advances," which is the basis of the claim against him, is not an offense that is revived under the CVA, and the CVA does not allow Meiners to be sued for Waltzer's alleged sexual assault of Plaintiff. Additionally, Plaintiff brings claims for intentional infliction of emotional distress (IIED) (*id.*¶¶ 144-147), which must be dismissed against the Non-Waltzer Defendants because failure of a school or employees to sufficiently address sexual assault does not constitute an IIED claim. Further Plaintiff's claim for negligent hiring retention and supervision (*id.*¶¶ 169-175) must also be dismissed for several reasons, including that Plaintiff's allegations that DOE was on notice of any alleged misconduct is entirely conclusory. Finally, in addition to monetary damages, Plaintiff seeks wide-ranging declaratory and injunctive relief (Request for Relief ¶¶ 1-5), which Plaintiff lacks standing to seek, as she is no longer a student and cannot show a likelihood of future harm.

Defendants do not seek to dismiss the sexual assault claim against Waltzer, the intentional infliction of emotional distress claim against Waltzer, nor the City and State Human Rights Law claims against Waltzer and DOE.

## FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT AND PROCEDURAL HISTORY

The SAC alleges that during the 1999-2000 school year (SY) while Plaintiff attended a DOE high school, a social studies teacher at the school, Defendant Mark Waltzer, had sexual intercourse with Plaintiff while she was fifteen years old at his home. SAC ¶¶48, 54. Plaintiff alleges she and Waltzer's sexual relationship lasted for several months, until she became pregnant and Waltzer insisted she have an abortion. *Id.* ¶¶56, 59, 60.

2

Plaintiff also alleges several other incidents of sexual harassment, but without specificity. She alleges that when she was in middle school (before Waltzer's alleged sexual assault), a DOE custodian (John Doe 1) took her to a motel and made sexual advances, but relented when Plaintiff refused to take off her clothes. *Id.* ¶ 43. Plaintiff alleges that, during the 2000-01 SY she reported Waltzer's sexual assault to Defendant Meiners and Defendant Eisenberg, both DOE teachers at her school. *Id.* ¶¶ 63-64. However, rather than report the incident to DOE, both Defendant Meiners and Defendant Eisenberg allegedly made unwanted sexual advances toward Plaintiff (the SAC does not add any additional details). *Id.* Further, Plaintiff alleges that, during the 2000-01 SY, Defendant John Doe 2, another teacher at the high school, "made additional unwanted sexual advances towards Plaintiff," (*id.* ¶ 65), though Plaintiff is not aware whether John Doe 2 knew about the other incidents alleged in the SAC. *Id.* ¶¶ 6, 65.

Plaintiff filed the Complaint on August 2, 2021 (ECF No. 1) and the Amended Complaint on August 24, 2021 (ECF No. 9). On September 16, 2021 (ECF No. 13) Defendant Waltzer filed an Answer on behalf of himself, before the Office of the Corporation Counsel represented him.[3] On November 30, 2021 Plaintiff filed the SAC, which is the operative complaint.

## LEGAL STANDARD

Rules 12(b)(6) and 12(c)

Waltzer moves to dismiss the SAC, in part, pursuant to Fed. R. Civ Pro. 12 (b)(6), or in the alternative moves for judgement on the pleadings, in part, pursuant to Fed. R. Civ Pro. 12(c),[4] and

---

[3] Defendant Waltzer filed this Answer after another attorney and I had both filed notices of appearance on behalf of DOE in this action. ECF Nos. 5,8. Defendant Meiners and DOE have never served or filed an Answer to any of the complaints in this action.

[4] Waltzer filed an Answer to the Amended Complaint, but has not Answered the SAC, which is the operative complaint. Given this procedural history Waltzer files his motion pursuant to Rule 12(b)(c), or in the alternative or 12(c).

the Non-Walzer Defendants move to dismiss the SAC, in part, pursuant to Fed. R. Civ Pro. 12 (b)(6). In deciding a Rule 12(c) motion for judgment on the pleadings, the Court applies the same standards it uses for a Rule 12(b)(6) motion to dismiss; accordingly, whether Waltzer moves under 12(b)(6) or 12(c) the same standards apply. *Byrd v. City of New York*, 2005 U.S. App. LEXIS 10820, at \*2, 2005 WL 1349876, 04 CV 1396 (2d Cir. June 8, 2005). That is, the Court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the non-moving party. *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004). However, to survive a motion to dismiss, under Rule 12(b)(6) and 12(c), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Bell Atl . Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Significantly, a complaint cannot satisfy that standard with "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Rules 12(b)(1)

All Defendants move to dismiss the claims for declaratory and injunctive relief pursuant to Fed. R. Civ Pro 12(b)(1). "A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014)(quotation marks omitted). "On a Rule 12(b)(1) motion, . . . the party who invokes the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists". *Rutherford v. Fla. Union Free Sch. Dist.*, 16-CV-9778, 2019 U.S. Dist. LEXIS 55971 at \*54 (S.D.N.Y. March 29, 2019) (citation omitted).

## **ARGUMENT**

**I.    THE CVA DOES NOT REVIVE CLAIMS BROUGHT UNDER SECTION 1983 AND TITLE IX; THEREFORE, THESE CLAIMS ARE TIME-BARRED**

Courts in our Circuit have repeatedly and uniformly held that though the CVA revives claims under state law, it does not revive Section 1983 claims, reasoning as follows:

> Although Section 214-g [of the CPLR, i.e., the CVA] extends the statute of limitations for state law claims respecting child sexual abuse, it does not extend the statute of limitations for Section 1983 claims. This is because 'where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.' *Anthes v. New York Univ.*, 2018 U.S. Dist. LEXIS 53762, 2018 WL 1737540, at *10 (S.D.N.Y. Mar. 12, 2018) (quoting *Owens v. Okure*, 488 U.S. at 249-50). As noted above, in New York, the applicable general or residual statute of limitations applicable to plaintiff's Section 1983 claim is three years.

*Boyle v. N. Salem Cent. Sch. Dist.*, No. 19 CV 8577 (VB), 2020 U.S. Dist. LEXIS 82504, at *8 (S.D.N.Y. May 11, 2020).

Similarly, in *Coe v. Regan*, No. 19-CV-05327 (ENV) (VMS), 2022 U.S. Dist. LEXIS 23021, at *9 (E.D.N.Y. Jan. 28, 2022), this Court (Hon. Eric N. Vitalioano) rejected the plaintiff's argument that the CVA revived her Section 1983 claim and held that claims brought under 1983 were barred by the applicable three year statute of limitations. The court emphasized that the plaintiff's argument that her 1983 claims were revived "is at loggerheads with [the Supreme Court's decision in] *Owens*" and would require a "depart[ture] from the well-settled principle within this circuit." *Id.*; *see also Doe v. NYS Office of Children & Family Servs.*, No. 1:20-cv-01195 (BKS/CFH), 2021 U.S. Dist. LEXIS 125965, at *15 (N.D.N.Y. July 7, 2021) (rejecting the plaintiff's argument that the CVA revived her Section 1983 claim and holding claims brought under 1983 were barred by the applicable three-year statute of limitations).

The CVA does not revive Title IX claims for the same reason as it does not revive claims brought under Section 1983. In *Coe*, after dismissing the plaintiff's 1983 claims, Judge Vitalioano dismissed her Title IX claims, holding:

> CVA does not provide a replaced or modified general torts statute of limitations but merely permits a narrow set of claims, otherwise barred by the statute of limitations,

5

to proceed "notwithstanding" the statute of limitations, which remains unaffected by the reopener. *See* N.Y. C.P.L.R. 214-g. Following the dictates of the Second Circuit in *Curto*, courts in this circuit have uniformly applied New York's three-year statute of limitations to Title IX gender discrimination claims arising from some form of sexual harassment or assault directed at the plaintiff. Just like with Coe's [the plaintiff's] § 1983 claim, nothing in CVA requires any deviation from that course. As a consequence, Coe's Title IX cause of action is also time-barred and is dismissed

*Coe,* 2022 U.S. Dist. LEXIS 23021, at *11-12 (E.D.N.Y. Jan. 28, 2022); *see also Kane v. Mount Pleasant Cent. Sch. Dist.*, No. 20-CV-7936 (CS), 2021 U.S. Dist. LEXIS 212763, at *19 (S.D.N.Y. Nov. 3, 2021) (holding that the CVA does not revive Title IX claims, and that the plaintiffs' claims were time-barred under the Title IX's three year statute of limitations)

This Court should follow this unbroken line of decisions. Here, Plaintiff was in high school when the events alleged in the SAC occurred, and the three year statute of limitations for § 1983 and Title IX claims has long since run. Accordingly, the Court should dismiss both Plaintiff's §1983 claims (the Equal protection claim (SAC ¶¶ 122-133), and the claim for "DOE Liability Under 42 U.S.C. § 1983" based on its allegedly unconstitutional and/or illegal customs and/or practices (*id*. ¶¶ 164-168)), and her Title IX claim (*id*. ¶¶ 106-121).[5]

## II.    DOE IS NOT LIABLE FOR WALTZER'S ALLEGED SEXUAL ASSAULT UNDER A THEORY OF RESPONDEAT SUPERIOR

Plaintiff alleges that DOE is liable for Waltzer's alleged sexual assault under the doctrine of respondeat superior (*id*. ¶¶ 133-137). However, as the Southern District explained, "[n]o decision in New York has been cited to date in which the doctrine of respondeat superior was held to apply to sexual assault." *Doe v. Alsaud*, 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014). This is because, "[t]o state claim for respondeat superior, a plaintiff must plead facts showing, among

---

[5] To the extent Plaintiff brings her Title IX claim against the individual defendants (*see* Request for Relief ¶ 5), it must be dismissed for the additional reason that there is no individual liability under the statute. *See Coe,* 2022 U.S. Dist. LEXIS 23021, at *12 n.7.

other things, that the tortious conduct causing the injury was undertaken within the scope of the employee's duties to the employer and was thus in furtherance of the employer's interests." *Chau v. Donovan*, 357 F. Supp. 3d 276, 290 (S.D.N.Y. 2019) (internal quotation marks omitted). "New York courts consistently have held that sexual misconduct and related tortious behavior arise from personal motives and do not further an employer's business, even when committed within the employment context." *Swarna v. Al-Awadi*, 622 F.3d 123, 144-45 (2d Cir. 2010) (internal quotation marks omitted. Indeed, the Southern District recently applied this well-established precedent that sexual assault is not within the scope of employment in the CVA context, and, thus, dismissed claims of respondeat superior against the estate of Rockefeller where one of his employees repeatedly sexually assaulted the plaintiff while working for Rockefeller. *See C.Q. v. Estate of Rockefeller*, No. 20-CV-2205 (VSB), 2021 U.S. Dist. LEXIS 203563, at *9 (S.D.N.Y. Oct. 21, 2021). *See also Wilczynski v. Gates Cmty. Chapel of Rochester, Inc.*, No. 6:20-CV-06616 EAW, 2022 U.S. Dist. LEXIS 26113, at *6-8 (W.D.N.Y. Feb. 14, 2022) (noting there is no liability under a theory of respondeat superior in an action wherein the plaintiff, who relied on the CVA to revive his claims, alleged, *inter alia*, that an assistant dean repeatedly sodomized him at a boarding school).

Plaintiff also alleges, under the claim "sexual assault" that "DOE violated Plaintiff's right to be free of sexual assault under CPLR 213-C." SAC ¶ 142. However, this claim is duplicative of Plaintiff's claim against DOE based on respondeat superior, and for the reasons just discussed, should be dismissed. [6]

---

[6]To the extent that Plaintiff claims the CVA expands liability to DOE, that allegation is addressed infra, at Point III. The negligent hiring training and supervision claim against DOE, is discussed, *infra,* at Point IV. To the extent Plaintiff may be asserting a negligence claim against DOE based on Waltzer's alleged sexual assault ("The negligent acts and omissions of DOE resulted in the

### III.   ALL CLAIMS AGAINST MEINERS AND DOE BASED ON MEINER'S ALLEGED "SEXUAL HARASSMENT" AND ANY CLAIMS AGAINST MEINERS BASED ON WALTZER'S ALLEGED SEXUAL ASSAULT MUST BE DISMISSED

Regarding Defendant Meiners, the SAC alleges that he made "unwanted sexual advances towards Plaintiff" (SAC ¶ 23) while she was a minor, and in another paragraph, describes this same conduct as "sexually harassing" Plaintiff (*id.* ¶ 5).  Thus, the SAC contains only conclusory and vague allegations, never alleging anything more specific than "unwanted sexual advances."[7] Yet, "unwanted sexual advances"/ "sexual harassment' is not conduct that revives claims under the CVA.   The CVA requires that the conduct causing the injury be conduct "which would constitute" an offense under the Article 130 of the Penal Law, incest as defined in certain sections of the Penal Law, or "the use of a child in sexual performance" as defined in Penal Law § 263.05. While Penal Law § 130 contains numerous offenses, including rape, statutory rape, sexual misconduct (defined as sexual intercourse, oral sexual intercourse or anal sexual intercourse

---

conduct of Defendant Waltzer towards Plaintiff that constitutes, *inter alia*, rape in the third degree" (SAC ¶ 141)), it is duplicative if the negligent hiring training and supervision claim against DOE. *See AA v. Hammondsport Cent. Sch. Dist.*, 527 F. Supp. 3d 501, 514 (W.D.N.Y. 2021) (negligence claims against school and employees stemming from sexual assault of student dismissed as duplicative of negligent supervision claims).

[7]The totality of the allegations against Meiners are:

"During the 2000-2001 SY, Plaintiff reported the sexual assault she had suffered from her relationship with Defendant Waltzer to Defendant Douglas Meiners, then a NYC DOE school teacher. Rather than report the sexual abuse that was occurring, Defendant Meiners instead preyed upon Plaintiff's vulnerability *by sexually harassing her* himself". SAC ¶ 5 (original emphasis)

During the 2000-2001 SY, Plaintiff confided in Defendant Douglas Meiners concerning the sexual abuse Defendant Waltzer had subjected her to. Yet, instead of reporting that gender-based violence, as was his mandated duty under the Chancellor's Regulations, Defendant Meiners sought to further the sexual abuse by making unwanted sexual advances towards Plaintiff." *Id*.¶ 64.

without the person's consent), it does not include sexual harassment.  As Meiners could not be indicted criminally under Penal Law § 130 for  "sexual harassment" or "unwanted sexual advances", without more, the SAC fails to allege the requisite conduct or facts that would revive a claim under the CVA.

Plaintiff appears to base her claim against Meiners (and the other Individual Defendants) not on their own alleged sexual harassment of Plaintiff, but on their alleged lack of reporting of Waltzer's alleged sexual assault. ECF No. 26 (arguing that the CVA does "not specify that the 'party' being sued must be the one who engaged in the 'conduct which would constitute a sexual offense,' i.e. the CVA does not require that every defendant whom the victim seeks to hold accountable be the actual *perpetrator* of the sexual offense or offenses.").  This argument is the same argument propounded by the plaintiff in *A.A. v. Hammondsport Cent. Sch. Dist.*, 527 F. Supp. 3d 501, 509 (W.D.N.Y. 2021) who sought to hold the district and school employees liable for another student's sexual touching (through her clothes) of the plaintiff.  The Court in *A.A.* firmly rejected this argument that the CVA "expanded" liability for such crimes to any person or institution that negligently permitted such abuse to take place. *Id*.  The *A.A.* court held:

> Other federal courts examining the scope of the CVA have determined that a party "cannot sue under the CVA because it creates no cause of action," but simply provides a "claim-revival mechanism" for certain sexual offenses under the New York Penal Code.  *Giuffre v. Dershowitz*, 2020 U.S. Dist. LEXIS 78596 at *7 (S.D.N.Y. 2020).  *See generally Doe v. Poly Prep Country Day Sch.*, 2021 U.S. Dist. LEXIS 38349 at *2 (E.D.N.Y. 2021)(the CVA is a "claim-revival statute" enacted to "correct a perceived injustice, *i.e.*, that the statute of limitations for certain claims expired before child victims of sexual abuse recovered from past traumas to a degree sufficient to assert their rights").
>
> The Court finds no expression of intent by the state legislature to expand the scope of liability (rather than simply the statute of limitations) for claims asserted under the auspices of the CVA, nor does it appear that any other federal courts examining the issue have

found any such intent. Plaintiff's CVA claims are accordingly dismissed.

*Id.*

This Court should similarly hold that the CVA is a claim-revival statue, and refuse to expand liability for Walter's alleged acts to the Non-Waltzer Defendants.

## IV. PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION FAILS

"[I]n addition to the standard elements of negligence," a plaintiff alleging negligent hiring, retention, supervision, and direction must show that: (1) the tort-feasor and the defendant were in an employee-employer relationship; (2) the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) the tort was committed on the employer's premises or with the employer's chattels." *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (citations omitted).

### A. Plaintiff Does Not Allege in a Non-Conclusory Fashion that DOE Was On Notice Prior to Waltzer's Alleged Assaults and Does Not Allege that the Assaults Were Committed on School Premises or with DOE's Chattels

With regard to  DOE's alleged negligent hiring, training, retention and supervision of Defendant Waltzer, Plaintiff's claim fails because she fails to allege the second and third elements.

As the Southern District recently reiterated in the context of a CVA case, to survive a motion to dismiss a plaintiff must provide *non-conclusory* factual allegations that the Defendant was on notice:

> to survive a motion to dismiss, a plaintiff must in its complaint provide "factual allegations concerning [the tortfeasor's] propensity for sexual assault," as well as factual allegations "suggesting that [the defendant] knew or should have known of any such prior acts" by the tortfeasor. *Alsaud, 12 F. Supp. 3d at 680*; *see also Capak v. St. Execs Mgmt.*, No. 20-CV-11079 (RA), 2021 U.S. Dist. LEXIS 121144, 2021 WL 2666007, at *4 (S.D.N.Y. June 29, 2021) (dismissing negligent hiring and retention claim because "complaint is devoid of any facts tending to show that, at the time [the tortfeasor] was hired, he had a propensity for violence that was known to [defendants].")*; Ross v. Mitsui Fudosan, Inc*., 2 F. Supp. 2d 522, 532 (S.D.N.Y. 1998) (finding that "plaintiff must plead facts," and not "[c]onclusory allegations,"

"that show that the employer knew of the employee's propensity for the type of behavior that caused plaintiff's harm.").

*C.Q. v. Estate of Rockefeller*, No. 20-CV-2205 (VSB), 2021 U.S. Dist. LEXIS 203563, at *24-25 (S.D.N.Y. Oct. 21, 2021).

In *C.Q.* one of Rockefeller's employees repeatedly sexually assaulted the plaintiff while working for Rockefeller.  The Southern District dismissed the plaintiff's negligent hiring claim because she failed to plead non-conclusory allegations that Rockefeller should have been on notice of the tortfeasor's propensity to commit sexual assault:

> Plaintiff's negligent hiring claim fails because there are no specific factual allegations in the Amended Complaint that either (1) suggest that Oliveira [the tortfeasor's] had a propensity for sexual assault before Rockefeller hired him, or (2) that Rockefeller knew or should have known that Oliveira had such a propensity. Plaintiff alleges that Oliveira "had a history of domestic abuse and accusations of sexual assault," (Am. Compl. ¶ 41), but provides no more details to corroborate these barebones allegations. These factual allegations alone, without any further specifics, are *not nearly enough to establish propensity*. Further, "[t]he [alleged] prior misconduct . . . must be of the same kind that caused the injury; general, unrelated[,] or lesser allegations of prior wrongdoing are insufficient." *Alsaud*, 12 F. Supp. 3d at 681. Plaintiff's allegation about Oliveira's past history is thus also insufficient because (i) there is no indication from the Amended Complaint that the domestic abuse or sexual assault at issue was against children or otherwise "of the same kind;" (ii) Plaintiff cites only "accusations" of sexual assault, which is vague; and (iii) there is no indication that Oliveira's past history was as serious as the sexual assaults alleged here. I find also that Rockefeller had no reason to know about Oliveira's propensity before hiring him. For purposes of a negligent hiring claim, Rockefeller "was under no duty to conduct a background check." *Id*.; *see also Bouchard v. N.Y. Archdiocese*, 719 F. Supp. 2d 255, 262 (S.D.N.Y. 2010) ("Under New York law, there is no common-law duty to institute specific procedures for hiring employees unless the employer knows of facts that would lead a reasonably prudent person to investigate the prospective employee."). *Plaintiff's Amended Complaint contains no non-conclusory allegations to indicate that, or how, Rockefeller would have known about Oliveira's propensity to commit sexual assault prior to hiring him*. I must dismiss Plaintiff's negligent hiring claim because Plaintiff has failed to satisfy the second element. (emphasis added)

*Id*. at *25-26

On the other hand, in *C.Q.*, the court held that the negligent retention and supervision claims survived the motion to dismiss because the plaintiff pled facts that should have made

11

Rockfefeler aware of the sexual assault after the first assault; yet, he did not investigate and subsequent assaults on the plaintiff continued:

> Rockefeller witnessed Plaintiff in an exhausted and physically distressed condition immediately after she returned from an overnight trip with Oliveira away from her home and her mother, (see Am. Compl. ¶¶ 63-65, 124)—[these] are [allegations] sufficient to put a reasonably prudent employer on notice that he should investigate his employee for improper conduct. In making this finding, I am not relying on Plaintiff's allegation as to Oliveira's previous history of domestic violence and/or sexual assault, (see *id*. ¶ 41), but rather on the first time he sexually assaulted Plaintiff in Rockefeller's Manhattan Apartment, (*see id*. ¶¶ 59-60), the visible impact it had on Plaintiff, and Rockefeller's observations of Plaintiff's condition, (*see* Am. Compl. ¶¶ 63-65, 124).

*Id.* at *27-28.

Here, like in *C.Q.*, Plaintiff has not pled any facts that should have put DOE on notice of Waltzer's conduct prior to hiring.  But, unlike C.Q., Plaintiff has not pled facts that, subsequent to the alleged abuse, should have put DOE on notice of the abuse and that would have prevented further abuse.  Plaintiff alleges, "DOE was aware of, or reasonably should have foreseen, the propensity of" Waltzer "to commit sexually assault," but provides no facts anywhere in the SAC to support this conclusory allegation. This allegations is not sufficient to show notice under *Iqbal* and *Twombly*.

Additionally, Plaintiff does not allege that the sexual assaults by Waltzer took place on school property or with DOE's chattels, so Plaintiff also fails to allege the third element necessary for a negligent supervision and retention claim.

B. **The Alleged Actions of Defendants Meiners, Eisenberg, and John Doe 2 Do Not Revive the Statute of Limitations Under the CVA; Plaintiff Does Not Allege DOE was on Notice of  the Alleged Torts of Any of these Defendants; and Plaintiff Does Not Allege that John Doe 1's Tort Was Committed on School Premises or with DOE's Chattels**

As an initial matter, the alleged actions of Defendants Meiners, Eisenberg, and John Doe 2 are not conduct that revives the statute of limitations.  As discussed, *supra*, Point III, only conduct

that would cause offense under Penal Law § 130, incest or the use of a child in sexual performance revive claims pursuant to the CVA. Making "unwanted sexual advances towards Plaintiff"—what the SAC alleges Defendants Meiners, Eisenberg, and John Doe 2 did— does not fall into one of these three categories. As Defendants Meiners, Eisenberg, and John Doe 2's conduct does not revive the CVA, DOE cannot be held liable for negligence hiring retention or supervision of these individuals. *See, supra*, Point III.

Additionally –and very significantly—Plaintiff provides no facts that DOE was on notice of any of the alleged actions of any Individual Defendant; indeed, with regard to John Doe 1 and 2, Plaintiff does not provide their identity so she cannot alleged that they had committed actions that placed DOE on notice. *See, supra*, Point IV.A.

Finally, with regard to John Doe 1, the alleged interaction took place at  motel rather than on school property, so Plaintiff does not plead that John Doe 1's tort was committed on school premises or with DOE's chattels, as is required to state a claim. *See Ehrens*, 385 F.3d at 235.

## V.   THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST THE NON-WALTZER DEFENDANTS MUST BE DISMISSED

Plaintiff's claim for intentional infliction of emotional distress against the Non-Waltzer Defendants fails because: i) public policy bars intentional infliction of emotional distress claims against governmental entities, including public school districts; and ii) the alleged failure of a school and/or school officials to sufficiently address alleged harassment and/or an assault committed by a third-party does not amount to "extreme and outrageous conduct" which is a requisite element of the cause of action.

A claim for intentional infliction of emotional distress under New York law requires a plaintiff to plead (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the

conduct and the injury; and (4) severe emotional distress. *See Howell v. New York Post Co*., 81 N.Y.2d 115 (1993). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Murphy v. American Home Prods. Corp*., 58 N.Y.2d 291 (1983).

As an initial matter, "public policy bars intentional infliction of emotional distress claims against government entities," which includes school districts. *T.P. v. Elmsford Union Free Sch. Dist.*, No. 11 CV 5133 (VB), 2012 U.S. Dist. LEXIS 178454, at *19-20 (S.D.N.Y. Nov. 26, 2012) (dismissing IIED claim against school district); *see also D'Angelo-Fenton v. Town of Carmel*, 470 F. Supp. 2d 387, 399 (S.D.N.Y. 2007); *Lauer v. City of New York*, 258 A.D.2d 92, 109, 693 N.Y.S.2d 167 (1999), *reversed on other grounds* 95 N.Y.2d 95, 733 N.E.2d 184, 711 N.Y.S.2d 112 (2000). Accordingly, to the extent Plaintiff brings the IIED claim against DOE it must be dismissed.

The IIED claim must be dismissed against DOE and the other Non-Watlzer Defendants for the additional reason that failure to address Waltzer's alleged sexual assault is not a basis for an IIED claim. *SB v. Newark Cent. Sch. Dist.*, No. 6:21-CV-06138 EAW, 2022 U.S. Dist. LEXIS 32033, at *3-4 (W.D.N.Y. Feb. 23, 2022) is instructive. There, the tortfeasor, a teaching assistant, *inter alia*, used a pseudonym on Snapchat and convinced a student at the school to send him pornographic photographs by threatening the student; then the teaching assistant bribed the student, and eventually pleaded guilty to possession of child pornography and "surreptitiously recording minors." *Id*. The plaintiffs alleged the school district superintendent, school principal and social media coordinator for the school "had actual notice of [the teaching assistant's] criminal and abnormal behaviors" but continuously ignored the warnings. *Id*. The court held that while the

teaching assistant's "alleged conduct is atrocious and transcends all bounds of decency, the same cannot be said for any alleged conduct of the [district superintendent, principal and social media coordinator]." *Id.*; *see also Gray v. Schenectady City Sch. Dist.*, 86 A.D.3d 771, 773 (3d Dep't 2011) ("Despite this sufficient claim against Raucci, defendant's mere inaction after receiving complaints about Raucci's behavior—which allegedly allowed him to continue to engage in this behavior in spite of the notice regarding his actions—cannot be considered the type of extreme and outrageous conduct that is utterly intolerable in a civilized community) (citations omitted)).

## VI. PLAINTIFF DOES NOT HAVE STANDING TO SEEK DECLARATORY AND INJUNCTIVE RELIEF BECAUSE THERE IS NO LIKELIHOOD OF FUTURE HARM TO HER

Plaintiff seeks declarations that some or all of Defendants' acts and omissions have violated Title IX, the Equal Protection Clause, the New York State Human Rights Law, the New York City Human Rights Law, CPLR § 213-C, and Plaintiff's "common law right to be free of the intentional infliction of emotional distress," and that DOE has negligently hired, trained and retained Defendants. Request for Relief ¶¶ 1-3. Plaintiff also seeks a "permanent injunction barring Defendants from continuing to engage in the unlawful, discriminatory violation of Title IX" and requiring DOE implement wide-ranging policies and practices. Request for Relief ¶ 5. However, since Plaintiff has graduated from high school she has no likelihood of future harm, and thus, does not have standing to seek any declaratory or injunctive relief.

In *Pinckney v. Carroll*, No. 18-CV-12198 (VEC), 2019 U.S. Dist. LEXIS 209835, at *6 n.3 (S.D.N.Y. Dec. 4, 2019) the Southern District held:

> The purpose of declaratory relief is to address ongoing or prospective harm when the legal relations between parties are uncertain." *Parker v. Citizen's Bank, N.A.*, No. 19-CV-1454, 2019 U.S. Dist. LEXIS 187306, 2019 WL 5569680, at *4 (S.D.N.Y. Oct. 29, 2019). Thus, to obtain declaratory relief, a plaintiff must show "how [she] will be injured *prospectively* and that the injury would

be prevented by the equitable relief sought." *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012).

(original emphasis). Thus, a plaintiff needs to show a "sufficient likelihood that she will again be wronged in a similar way." *Marcavage*, 689 F.3d at 103 (internal citation omitted). Similarly, to establish standing for an injunction a plaintiff must show a non-speculative risk of continuing or future harm; past exposure to illegal conduct is insufficient to satisfy the injury-in-fact requirement. *Pinckney*, 2019 U.S. Dist. LEXIS 209835 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, (1983)).

Courts in this Circuit routinely dismiss claims for injunctive relief by students who have graduated. For example, in *Cook v. Colgate University*, the Second Circuit held that the plaintiffs' Title IX claim against the university was moot because "[n]one of the plaintiffs [could] benefit" from the injunctive relief sought, as the plaintiffs "will have graduated by [the time the injunctive relief would take effect]"); *see also B.C. v. Mount Vernon Sch. Dist.*, 660 F. App'x 93, 96 (2d Cir. 2016) ("students' claims for injunctive relief against a school they attended are 'mooted by [their] graduation,' for, after graduation, it 'becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury.'") (citing *Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994)); *A.S. v. City Sch. Dist. of Albany*, No. 1:21-cv-620 (BKS/ATB), 2022 U.S. Dist. LEXIS 21693, at *76 (N.D.N.Y. Feb. 7, 2022) (in an action involving, *inter alia*, sexual harassment of the plaintiff while she was in high school, the court held "to the extent Plaintiff's Complaint seeks injunctive relief changing District policies/regulations, those claims are dismissed because she lacks standing to pursue such relief")

Indeed, on May 11, 2022, last week, in an action "predicated on alleged assault and sexual harassment experienced by four students" while attending public schools, a magistrate judge recommended that the "Plaintiff [the New York State Attorney General] cannot

16

pursue injunctive relief requiring policy changes by [the district] under Title IX with regard to any student who has graduated or otherwise left the school district because no such victim could benefit from the relief sought." *New York v. Niagara-Wheatfield Cent. Sch. Dist.*, No. 21-CV-00759JLS(F), *2022 U.S. Dist. LEXIS 86468*, at *28 (W.D.N.Y. May 11, 2022).[8]

Here, Plaintiff is in her late 30s (SAC ¶ 18), has graduated from high school and resides in Hawaii.  There is no likelihood that Plaintiff can suffer future harm.  Accordingly, all Plaintiffs' claims for declaratory and injunctive relief must be dismissed due to lack of standing.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Second Amended Complaint be partially dismissed, and that Defendants be granted such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              May 16, 2022

                         HON. SYLVIA O. HINDS-RADIX
                         Corporation Counsel of the
                         City of New York
                         *Attorney for Defendants*
                         100 Church Street
                         New York, NY 10007
                         Tel: (212) 356-0873
                         ssprayre@law.nyc.gov

                         By:  _____/s/_____
                                 Sharon Sprayregen
                                 Assistant Corporation Counsel

---

[8] No decision by the district judge has yet been issued.

17