21 CV 4332 (FB)(RML)

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

JANE DOE,

                                        Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION, CITY OF NEW YORK, MARK WALTZER, DOUGLAS MEINERS, MICHAEL EISENBERG AND JOHN DOES #1 THROUGH #2,

                                        Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO PARTIALLY DISMISS THE SECOND AMENDED COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
    *Attorney for Defendants*
    *100 Church Street*
    *New York, N.Y. 10007*

    *Of Counsel: Sharon Sprayregen*
    *Tel: (212) 356-0873*
    *Matter No. 2021-022733*

Defendants New York City Department of Education (DOE) and Douglas Meiners (the "Non-Waltzer-Defendants") as well as Defendant Mark Waltzer (collectively, "Defendants") respectfully submit this Reply Memorandum of Law in further support of their motion to partially dismiss the Second Amended Complaint ("Compl." or the "Complaint") pursuant to Rules 12(b)(1) and 12(b)(6)[1] of the Federal Rules of Civil Procedure. Defendants move to dismiss: (1) all federal claims;[2] (2) all claims against Meiners; (3) claims against DOE based on *respondeat superior* and "sexual assault"; (4) claims for intentional infliction of emotional distress against the Non-Waltzer Defendants; (5) the claim for negligent hiring, retention, and supervision against DOE; and (6) claims for declaratory and injunctive relief. Defendants do not moved to dismiss the sexual assault and intentional infliction of emotional distress claim against Walzer, nor City and State Human Rights Law claims against Waltzer and DOE. For the reasons set forth in Defendants' Memorandum of Law in Support of their Motion to Partially Dismiss the Second Amended Complaint ("Def. Mem." or "Defendant's Memorandum"), and herein the Court should grant Defendants' motion.

A. Plaintiff's Section 1983 and Title IX Claims Are Time-Barred

*All* federal courts in this Circuit have held that the Child Victims Act (CVA) does not revive Section 1983 and Title IX claims. Def. Mem. at 4-6 (Point I).[3] These cases uniformly

---

[1] In the alternative Waltzer moves pursuant to 12(c).

[2] Plaintiff brings federal claims under Section 1983 for (1) violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 et seq. (Compl ¶¶ 106-121), (2) violation of the 14th Amendment's Equal Protection Clause (*id.* ¶¶ 122-132), and (3) "DOE Liability Under 42 U.S.C. § 1983" for the DOE's allegedly unconstitutional/illegal "custom(s) and/or practice(s)" (*id.* ¶¶ 164-168).

[3] Defendants' Memorandum at 4-6 cites: *Coe v. Regan*, No. 19-CV-05327 (ENV) (VMS), 2022 U.S. Dist. LEXIS 23021, at *9 (E.D.N.Y. Jan. 28, 2022); *Kane v. Mount Pleasant Cent. Sch. Dist.*, No. 20-CV-7936 (CS), 2021 U.S. Dist. LEXIS 212763, at *19 (S.D.N.Y. Nov. 3, 2021); *Boyle v. N. Salem Cent. Sch. Dist.*, No. 19 CV 8577 (VB), 2020 U.S. Dist. LEXIS 82504, at *8 (S.D.N.Y. May 11, 2020); *Doe v. NYS Office*

relied upon the US Supreme Court decision in *Owens v. Okure*, 488 U.S. 235, 249- 250 (1989), holding that courts considering § 1983 claims should borrow the general or residual statute for personal injury actions. *See* Def. Mem.at 4-6. Additionally, the two cases that considered whether Title IX claims are revived by the CVA both held that the Second Circuit's decision in *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004) required finding Title IX claims are time-barred and not revived. *See Coe,* 2022 U.S. Dist. LEXIS 23021, at *11-12 [E.D.N.Y. 2022]; *Kane,* 2021 U.S. Dist. LEXIS 212763, at *19 [S.D.N.Y. Nov. 3, 2021].

In response, Plaintiff claims that these four federal decisions—including one decision by the Honorable Eric N. Vitalioano of the Eastern District of New York—were wrongly decided, and, instead, cites to a single New York State Supreme Court Case from Monroe County, which held that the CVA revived Section 1983 and Title IX clams. Pl. Mem. at 5-9 (citing *Doe v. Female Acad. of the Sacred Heart*, 2020 N.Y. Misc. LEXIS 18220, *8-10 (Sup. Ct., Monroe Cty., August 11, 2020). Without discussing the controlling precedent in *Owens* or *Coe,* the Monroe County Supreme Court simply held that the *revival* statute of limitations should be applied to Section 1983 and Title IX claims. This Court should follow the applicable well-reasoned federal court decisions rather than the single contrary decision from Monroe County.

The only case in addition to the Monroe County decision that Plaintiff cites in support of her argument that Section 1983 and Title IX claims are revived is *LG 67 Doe v. Resurrection Lutheran Church*, 164 N.Y.S.3d 803 (Sup. Ct., Erie Cty., March 28, 2022) – but this case did not contain a Section 1983 or Title IX claim. The only issue the *LG 67 Doe* court decided is whether plaintiffs who are older than 55 are able to take advantage of the two year revival

---

*of Children & Family Servs.*, No. 1:20-cv-01195 (BKS/CFH), 2021 U.S. Dist. LEXIS 125965, at *15 (N.D.N.Y. July 7, 2021)).

window to file claims. [4] Accordingly, this decision has no bearing on whether claims brought pursuant to Section 1983 and Title IX claims are revived. [5]

**B. CPRL 208(b) Allows Victims of Sexual Abuse that Occurred *After* the Enactment of the CVA to Sue until They Reach Age 55; 208(b) Does Not Apply to Incidents that Occurred *Prior* to the Enactment of the CVA and, Thus, Is Inapplicable to Plaintiff**

The law enacting CVA became effective on February 14, 2019. CPLR 214-g is the revival provision, which applies to incidents that occurred prior to the enactment of the CVA, and CPLR 208(b) provides a new statute of limitations for victims of abuse that took place after the CVA's enactment.

CPLR 214-g created a two-year window—until August 14, 2021[6]—during which certain tort claims by victims of child sexual abuse, otherwise time-barred, could be *revived* and asserted. This provision applies to victims of abuse that took place *before* the enactment of the CVA. *See, e.g.*, *Coe,* 2022 U.S. Dist. LEXIS 23021, at *11-12 [E.D.N.Y. 2022]; *Kane,* 2021 U.S. Dist. LEXIS 212763, at *19 [S.D.N.Y. Nov. 3, 2021]; *S.H. v. Diocese of Brooklyn*, 205 A.D.3d 180 (2nd Dept. 2022) ("CPLR 214-g is a distinct component of the CVA, and is clearly a revival statute").

---

[4]As discussed, *infra*, the CVA included a provision that prospectively permits plaintiffs who are victims after the enactment of the CVA to sue until they reach the age of 55, and allows plaintiffs—regardless of their age—to bring claims based on events that occurred prior to the enactment CVA if the lawsuit was brought within the two year revival window.

[5]Plaintiff makes the odd argument that "Plaintiff's allegation that NYC DOE bears responsibility for Waltzer's sexual assault against Plaintiff stems from DOE's <u>own *negligent acts and omissions*</u>, and not from a theory of *respondeat superior*." Pl. Mem. at 13-14 (italics and underline in original). While it is difficult to understand how a large institution such as the DOE is negligent, Defendants interpret this argument to be based on Plaintiff's *Monell* claim that DOE had allegedly unconstitutional/illegal "custom(s) and/or practice(s)." Compl. ¶¶ 164-168. However, as all Section 1983 claims—including the *Monell* claim—are barred by the statute of limitations, this argument must fail.

[6]The statute originally provided for a one-year window, but was extended. *See Coe,* 2022 U.S. Dist. LEXIS 23021, at *6 n.4.

Additionally, the CVA included a provision that prospectively extended the statute of limitations for victims of child sexual abuse until the plaintiff's 55th birthday. *See* CPLR 208(b). The Second Department affirmed that 208(b) applies prospectively, i.e., to victims of abuse that occurred after the enactment of the CVA. *See S.H.*, 205 A.D.3d 180 [2nd Dept. 2022] (noting victims now have until their until their 55th birthday to bring lawsuits, whereas, previously "the applicable statute of limitations for such actions typically would begin to run when the victim reached the age of 18"). Similarly, a recent decision noted that, in addition to the "claim-revival provision" (i.e., 214-g), "[a]nother part of the CVA, newly-created C.P.L.R. 208 (b), extended the infancy tolling of the statute of limitations for certain child sex abuse crimes from age 18 to age 55." *Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, No. 19-CV-707S, 2022 U.S. Dist. LEXIS 105107, at *8-9 (W.D.N.Y. June 13, 2022).

Here, the alleged abuse unquestionably took place over twenty years ago, and the revival provision (214-g) applies. As the 208(b) extended the statute of limitations until the age of 55 only for victims of abuse that took place after its enactment in 2019, that provision is not applicable.

**C. The Court Should Not Apply Equitable Tolling Or Grant Leave To Amend The Complaint**

This Court has diversity jurisdiction, as Plaintiff resides in Hawaii. Compl. ¶ 14. Defendants do not moved to dismiss the sexual assault and intentional infliction of emotional distress claims against Walzer, nor City and State Human Rights Law claims against Waltzer and DOE. The overwhelming majority of cases pursuant to the CVA were brought in state court, and, if the Court grants Defendants' motion to dismiss the Section 1983 and Title IX claims, Plaintiff would be in no worse position than those thousands of plaintiffs who filed in state court. As the

4

dismissal of Plaintiff's federal claims would not lead to "inequity," there is no reason to apply the doctrine of "equitable tolling." *See* Pl. Mem. at 11.

Moreover, where the plaintiff filed the lawsuit four months earlier than permitted by the statute a court recently dismissed the entire action on statute of limitations grounds. *See Jones*, 2022 U.S. Dist. LEXIS 105107, at *9-10 [W.D.N.Y. June 13, 2022]. There, the court noted that "potential plaintiffs were required to commence their actions between August 14, 2019 (six months from the effective date)" and August 14, 2021. *Id.* at *9. The plaintiff commenced the lawsuit on April 29, 2019—four months earlier than the date permitted by the statute. *Id.* at *10. The court was unpersuaded by the plaintiff's arguments that "a combination of factors—the principle of equitable estoppel, her counsel's errors, a lack of prejudice to the [school] District, and the interests of justice" should permit the lawsuit to continue. *Id*. If a court refused to apply any equitable principles and dismissed all the plaintiff's claims simply because she filed four months early, this Court certainly need not apply equitable principles to allow Plaintiff to amend when her federal claims are dismissed.

**D. Plaintiff's Respondent Superior Claim Must be Dismissed**

None of Plaintiff's arguments in support of her *respondeat superior* claim are persuasive. Pl. Mem. at 12-14. As discussed in Defendants' Memorandum, it is well-settled law that DOE is not liable under *respondeat superior* for sexual assaults committed by employees because sexual assault is not within the scope of employment. *See* Def. Mem. at 6-7.

To attempt to evade this established principle, Plaintiff claims that her "*respondeat superior* claim goes beyond Waltzer's sexual assault of Plaintiff and is also based on the non-criminal acts and omissions of the non-Waltzer individual defendants, Meiners, Eisenberg, John Doe #1 and John Doe #2, that do fall within the scope of their employment." Pl. Mem. at 13. This

5

is, nonetheless, not viable because the "the non-criminal acts and omissions of the non-Waltzer individual defendants" are not conduct that revives claims under the CVA. *See* Def. Mem. at 8-9. A plaintiff can only bring a claim pursuant to the CVA's revival provision if the conduct is an offense under the Article 130 of the Penal Law, incest as defined in certain sections of the Penal Law, or "the use of a child in sexual performance" as defined in Penal Law § 263.05. *See id*. Plaintiff has not alleged that the non-Waltzer defendants committed acts that fall into any of these three categories; accordingly, a *respondeat superior* claim based on such acts also fails.

### E. The CVA Does Not Revive a Claim Against Meiners Based on His Alleged Failure to Report Waltzer's Alleged Abuse

Plaintiff argues that the CVA revives a claim against Meiners based on his failure to report Waltzer's abuse, claiming the CVA "revive[s] claims against *enablers* of child sex abuse" Pl. Mem. at 15 (italics and underline in original). Plaintiff cites no case law supporting this argument. *See* Pl. Mem. at 14-16 (Point III).

Instead, Plaintiff incorrectly attempts to distinguish *A.A. v. Hammondsport Cent. Sch. Dist.*, 527 F. Supp. 3d 501, 509 (W.D.N.Y. 2021). Plaintiff wrongly claims that *A.A.* is limited to "finding that the CVA is merely a claim- revival statute" (Pl. Mem. at 16) and "Plaintiff does not and has not argued to the contrary" (*id*). However, contrary to Plaintiff's assertion, the *A.A.* court explicitly rejected the argument that Plaintiff advances, i.e., that the CVA revived claims against particular individuals who did not report abuse. Specifically, the *A.A.* court "disagree[d]" with the plaintiff's argument that "the legislative history of the CVA suggests that it was meant, not only to expand the statute of limitations for civil causes of action arising out of sexual abuse against minors, but to *expand liability for such crimes to any person or institution that negligently permitted such abuse to take place*." Thus, as argued in Defendants'

6

Memorandum, the CVA is a claim revival statute *and* does not revive claims against individuals such as Meiners or the school employees in *A.A.* who allegedly failed to report abuse.

### F. Plaintiff Fails to State a Claim for Negligent Hiring, Retention, and Supervision

Plaintiff has not plead non-conclusory factual allegations that DOE was on notice of Waltzer's abuse, as is necessary to survive a motion to dismiss. *See* Def. Mem. at 10-12 (citing *C.Q. v. Estate of Rockefeller*, No. 20-CV-2205 (VSB), 2021 U.S. Dist. LEXIS 203563, at *24-28 (S.D.N.Y. Oct. 21, 2021) (reiterating that, even in the CVA context, a plaintiff must provide *non-conclusory* factual allegations that the Defendant was on notice).

First, according to Plaintiff's own chronology in the Complaint, DOE was not provided notice of Waltzer's alleged abuse from Plaintiff's reporting of it to Meiners and Eisenberg. The Complaint alleges that Waltzer's abuse of Plaintiff occurred in the summer of 2000 (Compl. ¶¶ 56, 57, 60, 61); but Plaintiff did not tell Meiners about the abuse until the "2000-2001 SY" (Compl. ¶ 61); i.e., after the relationship had ended. Moreover, the Complaint alleges Plaintiff told Eisenberg about *Meiner's* harassment, but does *not* allege she told Eisenberg about *Waltzer's* abuse. Compl. ¶ 64. Thus, Plaintiff is simply incorrect when she claims "Defendants purposefully ignore the fact that Plaintiff has alleged that she informed the Non- Waltzer Defendants of the sexual abuse to which Waltzer was subjecting her." Pl. Mem. at 17. Instead, Plaintiff has failed to plead such notice.

Second, all other allegations regarding notice are conclusory. *See, e.g.*, Compl. ¶ 172 ("DOE was aware of, or reasonably should have foreseen, the propensity of Defendants Waltzer, Meiners, Eisenberg and John Doe #1 and John Doe #2 to commit sexually assault or harass students and to fail to intervene in or report teacher-student sexual assault or harassment. the aforementioned acts towards Plaintiff."). It is axiomatic that such "conclusory allegations

are not entitled to the assumption of truth, and a complaint will not survive a motion to dismiss unless it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Additionally the specific paragraph Plaintiff points to in her opposition as support for her allegation that "Defendants' sexual misconduct occurred on NYC DOE's school property" is nothing more than a conclusory allegation that does not survive a motion to dismiss. *See* Pl. Mem. at 17 (citing Compl. ¶ 8, which alleges "All of the aforementioned tragic incidents of sexual assault, harassment and failure to protect Plaintiff occurred on or near school grounds and/or were perpetrated by then-employees of Defendant NYC DOE . . .").

### G. The Intentional Infliction of Emotional Distress Claim Against the non-Waltzer Defendants Must be Dismissed

As an initial matter, Plaintiff's opposition does not address, and thus fails to refute, the established law that public policy bars intentional infliction of emotional distress (IIED) claims against governmental entities, including public school districts. Def. Mem. at 14; Pl. Mem. at 18-19.

The entirety of Plaintiff's argument in support of her IIED claims against the Non-Waltzer Defendants is to attempt to distinguish *SB v. Newark Cent. Sch. Dist.*, No. 6:21-CV-06138 EAW, 2022 U.S. Dist. LEXIS 32033, at *3-4 (W.D.N.Y. Feb. 23, 2022) and claim that IIED claims are "fact-specific." Pl. Mem. at 18-19. As discussed in Defendants' Memorandum, in *SB* the court dismissed the IIED claims against school employees who allegedly had actual notice of the tortfeasor's conduct, but continuously ignored the warnings. The relevant point in *SB*, and in *Gray v. Schenectady City Sch. Dist.*, 86 A.D.3d 771, 773 (3d Dep't 2011) (cited in Def. Mem. at 15), is that failure to report outrageous conduct is not sufficient to sustain an IIED

8

claim. Moreover, the fact that Meiners allegedly "ma[de] unwanted sexual advances towards Plaintiff" (Compl. ¶ 64) is not sufficient to sustain an IIED claim for sexual harassment, which requires an allegation of sexual battery. *See McArdle v. Arms Acres, Inc.*, 2009 U.S. Dist. LEXIS 23373, at *39 (S.D.N.Y. Mar. 23, 2009) (requiring "sexual battery" for an IIED claim); *Gorton v. Gettel*, 2007 U.S. Dist. LEXIS 56900, at *12 (S.D.N.Y. June 22, 2007).

### H. Plaintiff Lacks Standing to Seek Declaratory and Injunctive Relief

As discussed in Defendants' Memorandum, Plaintiff does not have standing to seek declaratory or injunctive relief because she has graduated from high school, thus, has no likelihood of future harm. Def. Mem. at 15-17 (citing, *inter alia*, *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012); *A.S. v. City Sch. Dist. of Albany*, No. 1:21-cv-620 (BKS/ATB), 2022 U.S. Dist. LEXIS 21693, at *76 (N.D.N.Y. Feb. 7, 2022); *New York v. Niagara-Wheatfield Cent. Sch. Dist.*, No. 21-CV-00759JLS(F), *2022 U.S. Dist. LEXIS 86468*, at *28 (W.D.N.Y. May 11, 2022) (report and recommendation)).[7]

Rather than attempt to refute the cited cases, which are directly on point, Plaintiff makes the incorrect argument that that the "capable of repetition but evading review" exception to mootness applies. Pl. Mem. at 19. In fact, this exception does not apply, as any student currently at a DOE school can bring Title IX or § 1983 claim; thus, such claims can easily "be reviewed."

Plaintiff's additional argument, made only in a footnote, that there is a "likelihood of future harm" because Waltzer is still employed (Pl. Mem. at n.3 (pp. 19-20)) is also wrong. To have standing, a plaintiff must show a likelihood of future harm *to the plaintiff*—not to any potential plaintiff. *See, e.g.*, *Marcavage*, 689 F.3d at 103. As Plaintiff is no longer a DOE student, she cannot show a likelihood of future harm *to her* by Waltzer's continued employment.

---

[7] No decision by the District Court has yet been issued.

9

## **CONCLUSION**

For the foregoing reasons and reasons previously demonstrating in Defendants' moving papers, Defendants respectfully requests that the Second Amended Complaint be partially dismissed, and that Defendants be granted such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            August 3, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street
New York, NY 10007
Tel: (212) 356-0873
ssprayre@law.nyc.gov

By:      /s/
        Sharon Sprayregen
        Assistant Corporation Counsel
