# MUSA-OBREGON LAW, P.C.

## ATTORNEYS AND COUNSELORS AT LAW

SHAUKY MICHAEL MUSA-OBREGON, ESQ.
SAVERIO LO MONACO, ESQ.
PETER KAPITONOV, ESQ. * admitted in NY/NJ
MAYRA VELEZ, ESQ.
RICHARD B. SUTIN, ESQ.
KARL J. ASHANTI, ESQ.
WWW.MUSA-OBREGON.COM
MOLAWFIRM@GMAIL.COM

**\*REPLY TO MASPETH OFFICE**

| **MASPETH OFFICE\*** | **MANHATTAN OFFICE** | **WHITE PLAINS OFFICE** |
|---|---|---|
| 55-21 69TH ST., 2nd FL | 757 THIRD AVE., 20TH FL | 199 MAIN ST., SUITE 301 |
| MASPETH, N.Y. 11378 | NEW YORK, N.Y. 10017 | WHITE PLAINS, N.Y. 10601 |
| TEL (718) 803-1000 | TEL (212) 655-4424 | TEL (914) 380-1436 |
| FAX (718) 374-6576 | FAX (718) 374-6576 | FAX (718) 374-6576 |

September 23, 2022

**BY ECF**
Hon. Robert M. Levy, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Jane Doe v. New York City Department of Education et al.*, 21 CV 4332 (FB)(RML)

Dear Judge Levy:

        Our office represents Plaintiff Jane Doe in the above-referenced matter. On behalf of Plaintiff, and pursuant to Fed. R. Civ. P. 30(d)(2), Fed. R. Civ. P. 37(a), Fed. R. Civ. P. 37(d) and 28 U.S.C. § 1927, I submit this letter application to obtain an order: 1) Compelling Defendant Douglas Meiners ("Defendant Meiners" or "Meiners") to appear for his deposition, which was duly noticed and previously scheduled *twice*, on Tuesday, October 11, 2022 at 10:00 a.m.; 2) Compelling Defendant Douglas Meiners to produce responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Douglas Meiners ("Discovery Demands"), dated July 29, 2022, by Friday, September 30, 2022; and 3) Awarding sanctions against Defendant Meiners in the form of reasonable expenses, including attorney's fees.[1] As Meiners has flouted the rules of discovery and prejudiced Plaintiff through an inordinate and

---

[1] In compliance with Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 37.3, the parties conferred regarding this discovery dispute in good faith but were unable to reach an accord resolving the dispute.

unjustified delay in the discovery process, the relief sought herein is wholly appropriate and necessary to move the case forward.

As factual background, the Court should be made aware that Meiners' deposition was originally noticed for August 17, 2022 at 10:00 a.m. *See* Deposition Notice, dated July 18, 2022, a true copy of which is annexed hereto as Exhibit A. Thereafter, Plaintiff hired a court stenographer for the deposition and confirmed the scheduling of his deposition accordingly. *See* E-mail Confirmation of August 17, 2022 Deposition, a true copy of which is annexed hereto as Exhibit B. However, on the eve of the deposition, Meiners cancelled his deposition without justification, as Defendants' counsel apparently disregarded the notice of Meiners' deposition. *See* E-mail Exchange on August 16, 2022, a true copy of which is annexed hereto as Exhibit C.

Hoping to foster a relationship of cooperation between the parties during the course of discovery, Plaintiff agreed to reschedule Meiners' deposition without judicial intervention. The parties conferred and mutually agreed to re-schedule Meiners' deposition for today, September 23, 2022. As such, Plaintiff again hired a court stenographer and confirmed the scheduling of his deposition; however, Plaintiff had to cancel the services of the stenographer upon learning of Meiners' second deposition cancellation. *See* E-mail Communication with Stenographer re: September 23, 2022 Deposition, a true copy of which is annexed hereto as Exhibit D. For the second time in the span of a month, and again at the 11th hour, Defendants' counsel informed the undersigned that the City was refusing to produce Meiners for his deposition as duly noticed, scheduled and confirmed. Immediately thereafter, Plaintiff unsuccessfully sought to convince Meiners to honor his discovery obligation by appearing for his deposition. *See* E-mail from Plaintiff, dated September 22, 2022, a true copy of which is annexed hereto as Exhibit E.

Adding insult to injury, Meiners not only unjustifiably cancelled his deposition for the second time, but he also failed to produce responses to the Discovery Demands, which responses are now overdue.

Through the aforementioned failure to produce discovery responses and to appear for his deposition, Meiners has not only forced discovery to come to a grinding halt in this matter, but he has also unfairly prejudiced Plaintiff in so doing due to such delay. *See*, e.g., *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) (Finding that an award under 28 U.S.C. § 1927 is proper when the "actions are *so completely without merit* as to require the conclusion that they must have been undertaken for some improper purpose such as delay.") (quoting *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir. 1986)). As a defendant, Meiners has a vested interest in avoiding accountability for the liability he has incurred. Meiners is liable to Plaintiff by means of his participation in the pattern of sexual assault, sexual harassment and Title IX violations, inter alia, which defendants caused Plaintiff to endure. Thus, it stands to reason that he would seek to evade compliance with his discovery obligations, as such compliance brings him closer to inevitable accountability for his actions. However, Meiners' efforts to delay discovery in this matter in the manner described above violate Rule 26 and substantiate the instant application for sanctions and to compel the discovery he is withholding, including his deposition. *Id.*

It should be noted that Defendants' counsel offered an excuse ("Representation Excuse") as to why Meiners was canceling his deposition for the second time in one month, stating that the

City intends to withdraw its representation of a _different_ defendant, Defendant Mark Waltzer. However, the fallacy of Meiners' basis to cancel his second scheduled deposition is readily apparent, as Plaintiff indicated in e-mail communications while the parties sought to resolve the dispute:

> "The City has had **more than a year** to resolve this representation issue concerning Waltzer and has represented to Plaintiff and the Court for months on end that it was already resolved, including any issues relating to potential conflicts of interest. Any investigation into facts that are relevant to the City's considerations concerning representation under pursuant to GML 50-k should have been completed long ago, not on the eve of a party deposition - a party deposition that the City had already previously adjourned." _See_ Exhibit E.

Thus, even if Meiners' deficient Representation Excuse were not a pretext to delay discovery – which it is, Plaintiff is still entitled to an order granting the relief sought herein for two reasons: 1) the effect of this delay in discovery still unfairly prejudices Plaintiff, whether that effect is the product of a purposeful motive or dilatory incompetence; and 2) the Representation Excuse is wholly irrelevant to Meiners' failure to produce discovery responses.

For the foregoing reasons, Plaintiff's application should be granted in its entirety.

Sincerely,

Karl J. Ashanti, Esq.
Musa-Obregon Law, P.C.