21 CV 4332 (FB)(RML)

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

JANE DOE,

            Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION, CITY OF NEW YORK, MARK WALTZER, DOUGLAS MEINERS, MICHAEL EISENBERG AND JOHN DOES #1 THROUGH #2,

            Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE OFFICE OF CORPORATION COUNSEL'S MOTION TO BE RELIEVED AS COUNSEL FOR MARK WALTZER**

***HON. SYLVIA O. HINDS-RADIX***
*Corporation Counsel of the City of New York*
 *Attorney for Defendants*
 *100 Church Street*
 *New York, N.Y.  10007*

 *Of Counsel:  Sharon Sprayregen*
 *Tel:  (212) 356-0873*
 *Matter No. 2021-022733*

The Office of Corporation Counsel (the "Corporation Counsel") respectfully submits this Reply Memorandum of Law in further support of its motion to be relieved as counsel for Mark Waltzer pursuant to Local Civil Rule 1.4 of the Southern and Eastern Districts of New York, Section 50-k of the New York General Municipal Law ("GML 50-k" or "Section 50-k"), and N.Y. Educ. Law § 2560, which applies the standards of Section 50-k to DOE employees.[1]

As an initial matter, Plaintiff does not dispute that (a) it is within the Corporation Counsel's discretion to withdraw from representing a defendant because it had determined that the standards of Section 50-k are not met, and (b) this determination can be set aside only if the Court finds it "lacks a factual basis," and is, thus, arbitrary and capricious. *See* Corp. Counsel Mem. at 5. Indeed, Plaintiff recognizes that the arbitrary and capricious standard applies to the Corporation Counsel's determination to withdraw from representing a defendant. *See* Plaintiff's Memorandum of Law in Opposition to Corporation Counsel's Motion to Withdraw as Counsel for Defendant Mark Waltzer (ECF No. 53) ("Pl. Mem.") at 5.

Instead, Plaintiff argues that by seeking to withdraw "at this later stage in the litigation," the Corporation Counsel is "unfairly prejudicing Plaintiff." Pl. Mem. at 1. However, "unfair prejudice to Plaintiff" is not the standard for setting aside the Corporation Counsel's determination under GML 50-k, as just discussed, and Plaintiff does not cite a single case considering the effect on a plaintiff of the Corporation Counsel's determination to withdraw from representing a City employee. In contradistinction, in *Behar v. City of N.Y.*, 98 Civ. 2635 (HB), 1999 U.S. Dist. LEXIS 5207, at *2, 9-11, 18 (S.D.N.Y. Apr. 12, 1999), the Southern District granted the Corporation

---

[1] As discussed in the Memorandum of Law in Support of the Office of the Corporation Counsel's Motion to be Relieved as Counsel for Mark Waltzer (ECF No. 48-1) ("Corp. Counsel Mem.") at 2 n.3., pursuant to Educ. Law § 2560, DOE employees' representation determinations are "subject to the conditions, procedures and limitations contained in section fifty-k of the general municipal law, except that any judgment or settlement pursuant to this section shall be payable from the monies of the board of education."

1

Counsel's request to withdraw from representing four defendants, even though the determination occurred on the "eve of trial," and never discussed whether the withdrawal of representation would prejudice the plaintiffs. *See also Weitman v. City of New York*, 222 A.D.2d 316 (1st Dep't 1995) (upholding decision granting Corporation counsel's motion to withdraw as counsel with no discussion of whether the plaintiff was prejudiced).

In any event, any delay caused by the instant motion would *not* prejudice Plaintiff. The Corporation Counsel's determination was made at a much earlier stage of the litigation than in *Behar*: while the action was commenced in August of 2021, the Corporation Counsel did not commence its representation of Waltzer until January of 2022 (Corp. Counsel Mem. at 2), and only minimal paper discovery and no depositions have thus far taken place.[2]  Moreover, the events that form the basis of the Complaint occurred over 20 years ago, and Plaintiff herself waited until two weeks before the end of the two- year revival period pursuant to the Child Victims Act (CVA) to file this action.[3]

Plaintiff asserts—without any evidence—that the Corporation Counsel is making the instant motion for purposes of delay (Pl. Mem. at 1, 5), citing *Revson v. Cinque & Cinque*, 221 F.3d 71, 79 (2d Cir. 2000).  However, *Revson* does not concern the Corporation Counsel's determination to withdraw representation, nor does it concern Section 50-k more generally. Rather, the citation to *Revson* recites the standard for imposing sanctions pursuant to 28 U.S.C. §

---

[2] The parties have served interrogatories and requests for the production of documents; DOE has responded to written discovery requests (though Meiners and Waltzer have not yet responded to written discovery requests); and, earlier this week, Plaintiff responded to written discovery requests to her.  Defendants have produced 22 pages of documents, and Plaintiff has not produced any documents..

[3] Plaintiff commenced the action on August 2, 2021 (ECF No. 1) and the two year revival window for plaintiffs to file lawsuits closed on August 14, 2021.  *See Coe v. Regan*, No. 19-CV-05327 (ENV) (VMS), 2022 U.S. Dist. LEXIS 23021, at *6 n.4 (E.D.N.Y. Jan. 28, 2022).  The Amended Complaint (ECF No. 9) and Second Amended Complaint (ECF No. 19) were both filed after the revival window ended.

1927, and imposes a high bar for imposing such sanctions.[4] Here, there is no evidence that the Corporation Counsel made the determination to withdraw to delay the action.

Finally, Plaintiff erroneously asserts that "*the individual defendants had waived any and all potential conflicts of interest*," (Pl. Mem. at 4) (original emphasis), and therefore the Corporation Counsel "cannot now cite a potential conflict of interest as a basis for withdrawal of legal representation." *Id.* First, the Corporation Counsel is seeking to withdraw because it has deemed Mark Waltzer ineligible for representation under GML 50-k, which does not address conflicts. Second, Plaintiff is wrong about what precisely the individual defendants have waived when signing the representation letter. The representation letter provides that if the Corporation Counsel learns facts that deem an employee ineligible for representation, the Corporation Counsel will withdraw from representing the employee, but *continue* to represent the City and other named defendants, and, by signing the letter, the employee waives the right to object to any conflict that might *occur as a result of the Corporation Counsel's continued representation of the City and other individual defendants*. That is, the waiver occurs with respect to conflicts that might occur *after* the Corporation Counsel has withdrawn representation.

## **CONCLUSION**

For the foregoing reasons and reasons previously explained in the Corporation Counsel's moving papers, the Corporation Counsel respectfully requests that this Court issue an

---

[4] Specifically, in *Revson*, the Second Circuit held that sanctions pursuant to § 1927 are proper "when the attorney's actions are *so completely without merit* as to require the conclusion that they must have been taken for some improper purpose such as delay." 221 F.3d 71, 79 (2d Cir. 2000) (original emphasis). It continued, "[t]hus, 'to impose sanctions . . the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes.'" *Id. (*quoting *Agee v. Paramount Communications Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)).

order granting its request to be relieved as counsel for Waltzer, and for such other and further relief as may be just, proper and equitable.

Dated: New York, New York
October 28, 2022

                          HON. SYLVIA O. HINDS-RADIX
                          Corporation Counsel of the
                          City of New York
                          *Attorney for Defendants*
                          100 Church Street
                          New York, NY 10007
                          Tel: (212) 356-0873
                          ssprayre@law.nyc.gov

                          By:       /s/
                                Sharon Sprayregen
                                Assistant Corporation Counsel