UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
JANE DOE,

               Plaintiff,

  -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, CITY OF NEW YORK,
MARK WALTZER, DOUGLAS
MEINERS, MICHAEL EISENBERG,
JOHN DOE 1, JOHN DOE 2

               Defendants.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 21-CV-4332

*Appearances*:
*For the Plaintiff*:
KARL J. ASHANTI
Musa-Obregon Law, P.C.
55-21 69th Street
2nd Floor
Maspeth, NY 11378

*For the Defendant*:
JACQUELYN DAINOW
New York City Law Department
100 Church Street
New York, NY 10007

SHARON VICKY SPRAYREGEN
Gordon & Rees LLP
One Battery Park Plaza, Suite 28th Floor
New York, NY 10004

CAROLYN ELIZABETH KRUK
Kishner Miller Himes P.C.
40 Fulton Street, Suite 12th Floor
New York, NY 10038

**BLOCK, Senior District Judge:**

      Plaintiff Jane Doe ("Plaintiff" or "Doe") brings this action as a result of

sexual abuse she says she suffered as a minor at the hands of employees of the

1

New York City Department of Education ("NYC DOE"). Defendants are Doe's four alleged abusers: Mark Waltzer ("Waltzer"), Douglas Meiners ("Meiners"), Michael Eisenberg ("Eisenberg"), John Doe 1 (the "Custodian"), and John Doe 2 (collectively, "Individual Defendants"), as well as the NYC DOE and the City of New York (collectively, "Defendants"). Defendants now move to partially dismiss Doe's second amended complaint ("SAC") under Federal Rules of Civil Procedure ("FRCP") 12(b)(6), 12(c), and 12(b)(1). For the reasons that follow, Defendants' motion is granted.

## I.    FACTS

The following facts are taken from the SAC.[1] For the purposes of this motion, the Court must accept them as true and draws all reasonable inferences in favor of Doe. *See, e.g.*, *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 458 (2d Cir. 2019).

Doe attended NYC DOE public schools for junior high school and high school. During the 1998 - 1999 school year, she attended the Rachel Carson Intermediate School in Queens for junior high. One morning, she alleges that as she walked from her home to school, John Doe 1, who was a custodian at the school at the time, offered her a ride. She accepted. However, instead of driving

---

[1] Doe has amended her complaint twice, and the SAC is now the operative complaint.

2

her to school, the Custodian drove Doe to a motel, where he made sexual advances toward her. After Plaintiff repeatedly refused to take her clothes off, the Custodian eventually relented and took her to school. There, several of Doe's classmates saw her exiting his vehicle.

One of those classmates accused Doe of stealing her boyfriend and told Doe that she was going to fight her. Doe alleges that teachers at the school knew about this but failed to intervene. Later that day, the classmate and her sisters assaulted Doe near campus, allegedly in view of teachers. After this, Doe did not return to school for the rest of the semester; however, she did graduate.

Upon graduating from junior high, Doe attended Francis Lewis High School in Queens for the 1999 - 2000 school year. There, Defendant Waltzer was her social studies teacher. Waltzer was friendly toward Doe and she believed that he was a "trusted friend and father figure." SAC ¶ 50. Toward the end of that school year, Waltzer "approached Plaintiff and gave her his *personal phone number and personal address*, urging her to contact him anytime." *Id*. at ¶ 51 (emphasis in original). Just after the school year ended, Doe was experiencing difficulty at home and left for several weeks to stay with a friend. During this time, Doe reached out to Waltzer to confide in him about her problems at home. After he did not pick up her call, she went to his apartment. When she arrived, she used the intercom system to communicate with Waltzer, who told her to meet him at the Starbucks

3

across the street. There, the two discussed Doe's troubled home life. Waltzer then invited her to his apartment for dinner and she accepted.

Upon entering the apartment, Waltzer had sexual intercourse with Doe. She was fifteen years old at the time. Waltzer maintained a sexual relationship with Doe through the summer of 2000. At the end of the summer, she became pregnant and Waltzer "insisted that Plaintiff have an abortion, forcefully and consistently urging Plaintiff to let him take her to an abortion clinic." *Id*. at ¶ 57. She eventually agreed and had an abortion. At this point, Waltzer ceased his sexual relationship with Doe, but remained in contact with her for years.

During the 2000 - 2001 school year, Doe confided in a teacher at the school, Defendant Meiners, about the sexual abuse she allegedly suffered during the prior school year. Doe alleges that instead of reporting the abuse, Meiners made sexual advances toward her. She then confided in another teacher, Eisenberg, about the unwanted advances from Meiners, and Eisenberg responded by sexually harassing her. That year, a third teacher at the high school, John Doe 2, also made unwanted sexual advances toward her. Doe alleges that none of the Defendants reported any of the abuse, intervened, or were disciplined.

During the subsequent school year, Doe left the high school. She claims that her grades had deteriorated as a result of the abuse, and that to this day she suffers

4

"[b]ecause of the horrendous trauma, abuse and betrayal of trust [she] endured." *Id*. at ¶ 69.

As a result of these events, Doe initiated this action. She brings claims for: (i) violation of Title IX, (ii) violation her rights under the Equal Protection Clause, (iii) NYC DOE liability under 42 U.S.C. § 1983, (iv) NYC DOE liability under respondeat superior, (v) sexual assault in violation of CPLR § 213-C, (vi) intentional infliction of emotional distress ("IIED"), (vii) violation of the New York State Human Rights Law ("NYS HRL"), (viii) violation of the New York City Human Rights Law ("NYC HRL"), and (ix) negligent hiring, training, supervision and retention.

Defendants move to dismiss: (i) the Title IX claim, (ii) the Equal Protection Clause claim, (iii) the § 1983 liability claim as to the NYC DOE, (iv) the sexual assault claim and respondeat superior liability claims as to the NYC DOE, (v) all claims against Meiners and the NYC DOE based upon Meiners' alleged harassment, (vi) all claims against Meiners based upon Waltzer's alleged abuse, (vii) the IIED claims against the non-Waltzer defendants, (viii) the negligent hiring, training, supervision, and retention claims, (iv) all claims insofar as they request declaratory and injunctive relief. Defendants do not seek dismissal of: (i) the sexual assault claim against Waltzer, (ii) the IIED claim against Waltzer,

5

(iii) the NYS HRL claims against Waltzer and the NYC DOE, or (iv) the NYC HRL claims against Waltzer and the NYC DOE.

## II. LEGAL STANDARDS

### a. Rules 12(b)(6) and 12(c)

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory" allegations, and a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In deciding a Rule 12(c) motion [for judgment on the pleadings], we 'employ[] the same . . . standard applicable to dismissals pursuant to [Rule] 12(b)(6).'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2011) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)).

### b. 12(b)(1)

"Rule 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to

adjudicate the case. The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists . . ." *Salvani v. ADVFN PLC*, 50 F. Supp. 3d 456, 468 (S.D.N.Y. 2014). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court, as it did here, may refer to evidence outside the pleadings." Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000). Courts must accept all material factual allegations as true in evaluating a 12(b)(1) motion, but unlike with a 12(b)(2) or 12(c) motion, does not draw inferences in favor of the plaintiff. *See J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

### III. ANALYSIS

The Court now turns to an analysis of Defendants' motion.

### a. Time-Barred Claims

Two sets of Doe's claims rely on New York State's Child Victims Act ("CVA"), 2019 N.Y. Sess. Laws c. 11, § 3, and turn on whether it revives the otherwise time-barred claims. For the reasons that follow, the Court finds that it does not.

#### i. *Federal Claims*

Doe brings federal claims for: (i) violation of the Equal Protection Clause under 42 U.S.C. § 1983; (ii) "DOE Liability Under 42 U.S.C. § 1983" for an alleged "custom and/or practice of DOE to enable and/or allow Defendants . . . and

7

other NYC DOE employees to violate the rights of Plaintiff and other NYC DOE students" SAC ¶ 165; and (iii) violation of her rights under Title IX, 20 U.S.C. § 1681 et seq. "Section 1983 does not provide a specific statue of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Instead, "courts must borrow from 'state-law limitations provisions'" applicable to those claims. *Doe v. NYS Off. Of Child. & Fam. Servs.*, No. 20-CV-01195, 2021 WL 2826457, at *5 (N.D.N.Y. July 7, 2021) (citing *Owens v. Okure*, 488 U.S. 235, 239 (1989)). The same is true of Title IX claims. *See Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2005) (holding that personal injury claims are most analogous to Title IX claims, and therefore New York's personal injury statute of limitations applies to Title IX claims brought in New York). "Resultingly, when analyzing Title IX claims arising in New York, courts within this circuit have consistently applied New York's three-year personal injury statute of limitations." *Coe v. Regan, et. al.*, No. 19-CV-05327, 2022 WL 467053, at *4 (E.D.N.Y. Feb. 15, 2022).

There is no dispute that Doe's federal claims would be barred by the applicable state statutes of limitations if not otherwise revived by the CVA. The CVA became law in New York in February 2019, creating a year-long window during which plaintiffs could assert certain tort claims related to sexual abuse of minors which would otherwise be time-barred. N.Y. C.P.L.R. § 214-g (McKinney). The parties do not dispute that this action was filed during the revival

8

window, nor that the alleged actions giving rise to the federal claims are covered by the ambit of the CVA. However, Defendants point out that the CVA does not revive claims brought under § 1983 and Title IX. The Court agrees.

The Second Circuit has yet to voice an opinion on this issue, though courts in this Circuit have uniformly held that the CVA does not apply to claims brought under the two federal statutes that Doe invokes. *See, e.g.*, *Boyle v. N. Salem Cent. Sch. Dist.*, No. 19-CV-8577, 2020 WL 2319116, at *3 (S.D.N.Y. May 11, 2020); *Coe*, 2022 WL 467053, at *4 (E.D.N.Y. 2022); *Doe v. NYS Off. Of Child. & Fam. Servs.*, No. 20-CV-1195, 2021 WL 2826457, at *5 (N.D.N.Y. July 7, 2021); *Kane v. Mount Pleasant Cent. Sch. Dist.*, No. 20-CV-7936, 2021 WL 5112981, at *4 (S.D.N.Y. Nov. 3, 2021). Doe urges the Court to diverge from its counterparts and instead follow a single New York State decision that made a contradictory finding which was later reversed on appeal. *See BL Doe 3 v. Female Acad. of the Sacred Heart*, 158 N.Y.S.3d 474, 477; 199 A.D. 1419 (4th Dep't 2021) ("We agree with the defendant that the court erred in denying that part of its motion seeking dismissal of plaintiff's fourth and fifth causes of action against it alleging violations of Title IX and 42 U.S.C. § 1983"). "Accordingly, the Court declines to depart from the well-settled principle within this circuit that '[t]he statute of limitations for § 1983 actions arising in New York is three years." *Coe*, 2022 WL 467053, at *4-5 (E.D.N.Y. 2022) (quoting *Lucente v. Cty. of Suffolk*, 980 F.3d 284,

9

308 (2d Cir. 2020)). Likewise, "nothing in CVA requires any deviation from that course" with regard to Title IX claims, either. *Id*. at *5.

Doe urges the court to apply equitable tolling or allow her to amend her complaint if it finds that her § 1983 and Title IX claims are time-barred. The Court declines to do either. Equitable tolling allows a court to make "narrow exceptions to the statute of limitations to prevent inequity" when "compelling circumstances" are present. *In re United States Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (quoting *Chao v. Russell P. Le Frois Builder, Inc.*, 291 F.3d 219, 223 (2d. Cir. 2002)) (internal quotations omitted). Here, however, a narrow exception to the statute of limitations is not necessary to prevent inequity. The applicability of the statute of limitations does not dispose of Doe's entire suit. She may still proceed with her remaining claims and seek redress for her alleged injuries.

With regard to her plea to amend, courts "should freely give leave to parties to amend their complaints "when justice so requires." Fed. R. Civ. P. (a)(2). This determination is within a court's discretion. *See Metzler Investment Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 144 (2d Cir. 2020). For the same reasons the Court declines to grant equitable tolling, it also declines to allow Doe to amend. Doe has already twice amended her complaint, affording her adequate opportunity to add to or change her pleadings. The Court finds that in this case,

10

justice does not necessitate allowing her to amend a third time. Accordingly, the claims brought under § 1983 and Title IX are dismissed.

    ii.    *Claims Against Meiners and Claims Against the NYC DOE Premised Upon His Alleged Harassment*

Defendants also move to dismiss (i) all claims against Meiners and the NYC DOE based on Meiner's alleged harassment and (ii) all claims against Meiners based on Waltzer's alleged sexual assault.[2] Defendants argue that the improper conduct Doe alleges that Meiners committed does not give rise to the type of claim that the CVA revives. The parties agree that without CVA revival, any claims based on Meiners conduct, which occurred approximately 23 years ago, would be time-barred.

According to the SAC, Meiners made "unwanted sexual advances towards Plaintiff," SAC ¶ 23, "sexually harass[ed] her," and failed to report the Waltzer abuse when Doe notified him about it. SAC ¶ 5. The CVA revives claims based on: (i) conduct committed against a minor which would constitute an offense under Article 130 of the New York State Penal Law, which includes rape, statutory rape, forcible touching, female genital mutilation, and other types of sexual misconduct

---

[2] Defendants have not moved on behalf of Eisenberg, John Doe 1 or John Doe 2 in this regard, because Eisenberg is deceased and has not been served, and the NYC DOE is unaware of the identities of John Does 1 and 2. However, all analysis in this Memorandum & Order regarding Meiners' alleged sexual harassment and failure to report would also apply to these three Individual Defendants.

11

that involve physical contact; (ii) incest as defined by the New York State Penal Law committed against a minor; and (iii) "the use of a child in a sexual performance" as defined in New York State Penal Law § 263.05. Sexual harassment is not a crime covered by New York State Penal Law § 130, and it clearly does not fall under the subsequent two categories of claims revived by the CVA. Accordingly, all claims based on Meiners' alleged sexual harassment are dismissed.[3]

Doe separately bases certain claims requiring CVA revival on Meiners' failure to report Waltzer's abuse. Of the claims that have not already been dismissed, this alleged negligence would be implicated by the IIED and negligent hiring, training, supervision and retention claims. Doe argues that the CVA revives "claims against the enablers of child sex abuse," not just against perpetrators, since it does not explicitly limit the parties against whom claims may be brought. Pl.'s Mem. of Law in Opp'n at 15. However, the Court dismisses the IIED and negligent hiring, training, supervision and retention claims on alternative bases below.

**b. Negligent Hiring, Training, Supervision, and Retention Claim**

With respect to the negligent hiring, training, supervision and retention claim against the NYC DOE, Doe alleges that the Individual Defendants engaged

---

[3] These are the claims against Meiners and the NYC DOE for (i) IIED, (ii) violation of the NYS HRL, (iii) violation of the NYC HRL, and (iv) negligent hiring, training, supervision and retention insofar as they are premised on Meiners' sexual harassment.

12

in "intentional and negligent acts towards Plaintiff outside the scope of their employment." SAC ¶ 171. Doe alleges that the NYC DOE "was aware of, or reasonably should have foreseen, the propensity of Defendants . . . to commit sexually [sic] assault or harass students and to fail to intervene in or report teacher-student sexual assault or harassment." *Id*. at ¶ 172.

To state a claim for negligent hiring, training, supervision, and retention, "a plaintiff must allege, in addition to the usual elements of negligence, that the defendant employer 'knew of [an] employee's propensity to commit the alleged acts or that the defendant should have known of such propensity had it conducted an adequate hiring procedure.'" *A.A. v. Hammondsport Cent. Sch. Dist.*, 527 F. Supp. 3d 501, 509 (W.D.N.Y. 2021) (quoting *N.U. v. East Islip Union Free Sch. Dist.*, No. 16-CV-4540, 2017 WL 10456860, at \*16 (E.D.N.Y. Sept. 15, 2017) (alterations in original). Also, to state a claim for negligent retention or supervision, the employer must have known or should have known about the employee's propensity for the conduct prior to the injury's occurrence, and the tortious activities must have been committed on the employer's premises or with its chattels. *See Ehrens v. Lutheran* Church, 385 F.3d 232, 235 (2d Cir. 2004).

Doe makes no allegation in her SAC that the NYC DOE was on notice or reasonably should have foreseen that any of the Defendants had a propensity to commit the alleged intentional and negligent acts in question, either prior to hiring

13

or after the act occurred. She merely puts forth "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. In addition, the sexual abuse she alleges against Waltzer and John Doe 1 took place off campus, placing them beyond the purview of a negligent supervision or retention claim. Lastly, as the Court explained above, the CVA does not revive claims based on sexual harassment, which is the underpinning conduct of this claim as to Meiners, Eisenberg, and John Doe 2. Accordingly, the negligent hiring, training, supervision and retention claim is dismissed.

c. **Sexual Assault Claim as to the NYC DOE**

In the SAC, Doe brings a claim for sexual assault against Waltzer and the DOE. She also states a cause of action for "Respondeat Superior Liability" against the DOE for Defendants' actions. As the Court has explained, any claims underpinned by allegations of sexual harassment fail as a matter of law. Therefore, only Waltzer's alleged sexual assault of Plaintiff remains under Doe's theory of respondeat superior liability against the NYC DOE. However, it is well-settled in the Second Circuit that employers are not liable to plaintiffs for sexual assaults under a theory of respondeat superior since sexual misconduct is necessarily outside the scope of employment. *See Chau v. Donovan*, 357 F. Supp. 3d 276, 290 (S.D.N.Y. 2019). "No decision in New York has been cited to date in which the doctrine of respondeat superior was held to apply to sexual assault." *Doe v. Alsaud*,

14

12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014). Doe also asserts that nonetheless, in addition respondeat superior liability, the NYC DOE is responsible for Waltzer's sexual assault of Doe as a result of the entity's negligence. However, this would require a finding of institutional liability under § 1983, which the Court has held is time-barred. Accordingly, the sexual assault claim against the NYC DOE is dismissed.

**d. IIED Claim Against the Non-Waltzer Defendants**

Doe brings an IIED claim against all Individual Defendants for their "extreme and outrageous conduct towards Plaintiff." SAC ¶ 145. Defendants seek to dismiss the IIED claim against all Individual Defendants except Waltzer. Because the Court has found that any claims premised on the non-Waltzer Individual Defendants' alleged sexual harassment are time-barred, it need only address the IIED claim against the non-Waltzer Individual Defendants insofar as it is based on their failure to report the alleged sexual abuse and harassment that Doe suffered.

In New York, to state a claim for IIED, plaintiffs must plead: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 121 (1993). Other courts in this Circuit have found

15

that similar alleged negligence did not rise to the level required to make out an IIED claim. *See, e.g., SB v. Newark Cent. Sch. Dist*. No. 21-CV 6138, 2022 WL 541773, at *10 (W.D.N.Y. Feb. 23, 2022) (finding that school officials' alleged knowledge of sexual abuse of a minor suffered at the hands of a teaching assistant at the school was not sufficient to plead an IIED claim). However reprehensible the Individual Defendants' alleged failure to report the alleged sexual abuse perpetrated by Waltzer, this failure to act does not rise to the level of extreme and outrageous conduct required by the law in New York to bring an IIED claim. Therefore, the IIED claim is dismissed against the non-Waltzer Defendants.

**e. Declaratory and Injunctive Relief**

Finally, Doe seeks various declaratory and injunctive relief against Defendants. Of the surviving claims, the declaratory relief sought would apply to the NYS HRL, NYC HRL, and sexual assault claims. She also seeks a permanent injunction requiring the NYC DOE to implement reforms to its policies and practices and barring all Defendants from engaging in Title IX violations. Defendants move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction for all claims insofar as they seek declaratory or injunctive relief.

Defendants point out that "[t]he purpose of declaratory relief is to address ongoing or prospective harm when the legal relations between parties are uncertain." As a result, "to obtain declaratory relief, a plaintiff must show 'how

16

[she] will be injured prospectively and that the injury would be prevented by the equitable relief sought.'" *Pinckney v. Carroll*, No. 18-CV-12198, 2019 WL 6619484, at n. 3 (S.D.N.Y. Dec. 4, 2019) (quoting *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012)). Similarly, to establish standing to obtain injunctive relief, plaintiffs must demonstrate a non-speculative risk of continuing or future irreparable injury in the absence of such an order. *See Id*. at *4 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Doe has not alleged any ongoing or potential future harm she may suffer in the absence of declaratory or injunctive relief. "[P]ast exposure to illegal conduct is insufficient to satisfy the injury-in-fact requirement." *Id*. She therefore lacks standing to seek declaratory or injunctive relief, and accordingly, all claims insofar as they seek this relief are dismissed under Rule 12(b)(1).

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss in part is **GRANTED**. The claims that remain for trial are: (i) the sexual assault claim against Waltzer, (ii) the IIED claim against Waltzer, (iii) the NYS HRL claims against Waltzer and the NYC DOE, and (iv) the NYC HRL claims against Waltzer and the NYC DOE. All other claims are dismissed.

**SO ORDERED.**

                                                /S/ Frederic Block
                                                FREDERIC BLOCK
                                                Senior United States District Judge

Brooklyn, New York
March 20, 2023