

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

Hon. Judges Frederic Block and Robert M. Levy   September 17, 2023
225 Cadman Plaza East
Brooklyn, NY  11201

Re:  Jane Doe v. New York City Dept. of Education, Mark Waltzer
     21-CV-4332 (FB)(RML)

Your Honors-

I am counsel to Defendant Mark Waltzer.  This is a request that you preclude Plaintiff from calling an expert witness based on her untimely expert witness disclosures.  Two days ago, on the night of the very last day of discovery, Plaintiff's Counsel for the first time served a 26-page single spaced expert psychological report, with a trial date looming in 17 days.  The disclosure was untimely under the Federal Rules of Civil Procedure, untimely under any discovery deadlines set by the District Judge or Magistrate in this matter, untimely under Plaintiff's Counsel's own stated positions on discovery deadlines in this case, and in startling, consciously strategic, bad faith.

BACKGROUND

Plaintiff brought this case on August 2, 2021.  After pre-answer motion practice, the first discovery schedule was set by Judge Block on March 11, 2022, who wrote in a docket entry "[a]ll discovery is to be completed by August 30, 2022" and set a trial date of October 17, 2022.

On April 12, 2022, Plaintiff's Counsel filed a proposed discovery schedule with the Court; it included a July 31, 2022 date for submission of expert reports and an August 30, 2022 expert discovery deadline. *Document 34*.  On August 11, 2022, the parties wrote a joint request to extend discovery, including an additional 45 days for expert discovery after fact discovery closed. *Document 43*.  On September 13, Judge Block granted a discovery extension to February 13, 2022.

Extensive delays and stays of discovery were then necessitated by procedural issues relating to Mark Waltzer's representation and motion practice.  After those were sorted out, on April 7, 2023, Plaintiff served a Rule 26 Expert Witness disclosure of a forensic psychologist, but no report.

May 1, 2023, I requested an extension of the trial and discovery schedule, as Mr. Waltzer had effectively had no opportunity to conduct discovery. *Document 74.* On May 3, 2023, Judge Block wrote "[c]ounsel have four months to complete all discovery" and on June 12, Judge Levy wrote "[d]iscovery is scheduled to be completed by 9/8/23". For the first time, with Mr. Waltzer's representational issues sorted out, discovery proceeded in earnest.[1]

As discovery proceeded, I became concerned about having ample opportunity to address evidence unearthed in discovery and having sufficient time to review and rebut any expert reports. I repeatedly wrote to Plaintiff's counsel seeking cooperation in the matters. Thus, at least three times (August 23, August 24, and August 26, 2023), I wrote Plaintiff's counsel asking their position on answering very simple requests to admit served on Plaintiff before the close of discovery, but whose answer would have been due after the close of discovery.[2] *Exhibit A.* Plaintiff's Counsel ignored my inquiries, but when I asked in person during Mark Waltzer's deposition, Plaintiff's Counsel took the position- both were present- that they would not answer the request to admit because they believed it was not timely since it could not be answered within the FRCP default 30 days. Thus I was compelled to request the Court grant a shorter deadline for responses under the FRCP, which was granted. *Document 101, 9/5/23 Docket Entry.*

I also repeatedly (August 19, August 23, August 24, August 26, 2023) suggested to counsel that we set a specific expert discovery schedule, with specific reference to the Rule 26 provisions on timing of expert disclosures, and suggested we request an extension of discovery, writing:

> August 19:    Expert disclosures and depositions have yet to even start, pretrial motions will need to be briefed, we all doubtless have additional things we want and will want to develop that arise/arose from depositions…
>
> August 23:    Hi folks. The Court has written that discovery is scheduled to close by 9/8. No separate expert discovery was scheduled. What are the parties' positions on expert disclosure timing, expert depositions, and whether Plaintiff is required to answer the request for admissions that was served before the close of discovery, but whose deadline falls after the technical close of discovery? Our suggestion would be that we should set a separate expert discovery schedule…
>
> August 24:    Please get back to me as soon as possible on the issues I outlined below [above] so we can raise it with the Court at the soonest possible moment. Thanks.

---

[1]    The representational issues related to Mr. Waltzer's opposition to Corporation Counsel's withdrawal from his representation- a matter resolved against him which resulted in my appearance for all purposes.

[2]    The need for the admissions only became apparent from a recent deposition of Plaintiff's sister.

2

> August 26: I am also awaiting your position on expert disclosures and a schedule for them and expert depositions.
>
> August 26 (in a follow up): Here is the timing on expert disclosures under FRCP [pasting the FRCP provisions].

My inquiries about expert disclosures were entirely ignored; my request a trial adjournment was rejected as Plaintiff's counsel wrote "we have made a lot of planning, scheduling, re-scheduling and other arrangements that squarely center around the trial commencing, as scheduled, on Monday, October 2nd". *Exhibit A* p.3.

Discovery was set to close on September 8, 2023 but on September 5 Judge Levy issued an extension to September 12, limited solely to discovery to comply with the Court's ruling on Corporation Counsel's Motion to Compel. Up to this point, Plaintiff had neither served an expert report nor responded to my inquiries and suggestions about expert discovery.

On September 6, Corporation Counsel requested an extension to September 15, because she had COVID. The Court granted the motion. Plaintiff had still not served an expert report.

On September 15 at 6:07 PM, Plaintiff's counsel served their expert report. It contains 28 single spaced pages of analysis of Plaintiff's history and mental health from a clinical and forensic psychologist who met with Plaintiff for 12 hours over two days on May 4 and 5, 2023. It encompasses and discusses 14 separate psychological tests and structured questionnaires, none of which are appended to the report. The expert's qualifications include consultation or testimony in such high profile cases as the prosecutions of Kevin Spacey and Ghislaine Maxwell.

The trial, which defense counsel has strongly objected to adjourning, is October 2.

## THE LAW

Rule 26(a)(2)(B) requires a party to provide a written report "prepared and signed by the witness— if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony". The rules require that absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

An expert disclosure is not timely if it is not served with sufficient time for the opposing party to present a counter-expert and depose the expert before the close of discovery. Thus is a very similar posture, the Second Circuit wrote "[b]ecause [the proponent's] proposed expert would still have needed to be deposed, and defendants would have needed an opportunity to present a counter-expert, the literally eleventh-hour disclosure of the expert report would have extended discovery beyond the already-extended, agreed-upon, and court-ordered discovery deadline. We therefore identify no error or abuse of discretion in the district court's exclusion of the expert's report." *FIH, LLC v. Found. Capital Partners LLC*, 920 F.3d 134, 145-46 (2d Cir. 2019).

There, as in this case, "the court's scheduling order did not contain an explicit deadline to disclose expert witnesses". *Id.* Courts within the Second Circuit routinely advise parties to provide disclosures sufficiently in advance of the close of discovery to allow for statutorily permitted follow up. *See Eastern Wholesale Fence Co. v. Technoplast Int'l*, 06-CV-1465 (SJF)(ARL), at *1 (E.D.N.Y. Oct. 16, 2006) ("Plaintiff is nonetheless reminded that it must provide its expert discovery at least 30 days in advance of the discovery deadline to permit the defendant an opportunity to respond"). "Filing expert disclosures on the day discovery closes is contrary to the spirit of the Federal Rules of Civil Procedure, and it effectively ambushes the Defendants, depriving them of the opportunity to rebut testimony critical to the disposition". *Greene v. City of Norwalk*, 14-CV-1016 (VLB), at *13 (D. Conn. Feb. 14, 2017).

A party's failure to disclose an expert witness as required by Rule 26(a) means that "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c). Notwithstanding, the Second Circuit has laid out a four factor test for whether to preclude expert testimony for delayed notice: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Scientific Comm., Inc.*, 118 F.3d 955, 961 (1997). "The balancing of these factors is entrusted to the Court's discretion, and no one factor is dispositive" *Canales v. United States*, 19-CV-834 (EK), at *11 (E.D.N.Y. Apr. 22, 2021) (*cleaned up*).

ANALYSIS

As an initial matter, we concede for the purposes of this motion that the later general discovery deadlines entered in this case contemplated expert discovery to close simultaneous to all other discovery- otherwise, Rule 26(a)(2)(B)'s default required Plaintiff's report "at least 90 days before the date set for trial or for the case to be ready for trial". But the disclosure was still in violation of the discovery order, the federal rules, and Plaintiff's own view of discovery timing, and it could not be clearer that the last, last, last (last) minute disclosure was made in the most flagrant of bad faith and requires preclusion.

The Deadline

As reviewed in the caselaw above, including the Second Circuit decision in *FIH, LLC v. Found. Capital Partners LLC*, 920 F.3d 134 (2d Cir. 2019) courts within this Circuit routinely require expert disclosures at least 30 days before the close of discovery to allow at least for statutorily prescribed time for rebuttal experts. Plaintiffs' counsel themselves made their position clear on discovery exchanges before the close of discovery that require follow up after the close of discovery- they deem them untimely. This is amply demonstrated by my need to turn to the Court to order responses to my Requests to Admit, which, unlike Plaintiff's long delayed disclosure,

4

were only served late in the day because they were related to evidence that had just arisen in deposition. *Document 101, 9/5/23 Docket Entry*.[3]  Thus, under the FRCP, Second Circuit precedent, and Plaintiff's own hardball litigation, Plaintiff's expert report was due, at the very latest, August 9, 30 days before discovery was to close on September 8, 2023.

### The Party's Explanation for the Failure to Comply with the Discovery Order

Counsel's attempted explanation for their failure to comply with the discovery orders here will surely soon be revealed.[4]  But it is impossible to view this as anything but a conscious bad-faith strategic move.  As described above, from Counsel's position when the shoe was on the other foot, they were well-aware of the requirement that discovery be served in time for statutorily prescribed follow-up.  And there's obviously been ample time- Plaintiff was evaluated by her expert over five months ago, on May 4 and 5.  Most important, I excerpt above *five* different efforts I made to address the issue with Plaintiff, all met with radio silence.  Seriously.  This failure of the duty to cooperate in discovery demonstrates flagrant bad faith, extraordinary gamesmanship, and callous disregard for the Federal Rules of Civil Procedure.

### The Importance of the Testimony of the Precluded Witness

The expert's testimony is not important to liability whatsoever, it's just a question of damages.  To the extent a missing expert potentially limits damages, that is entirely a conscious risk Plaintiff's counsels- both cc'd on my entreaties to discuss expert timing- courted with eyes wide open.

There is also very substantial chance Plaintiff fails on liability (accepting that reasonable minds no doubt differ).  In such a case, Plaintiff's expert would be entirely superfluous.

### The Prejudice Suffered by the Opposing Party as a Result of Having to Prepare to Meet the New Testimony

There is a less than zero chance of reasonably even beginning to evaluate, digest, and peer-test Plaintiff's report before the trial, to say nothing of depositions.  Plaintiff has vigorously opposed a trial adjournment.  Based on that, all counsel have had to go full bore to complete discovery and carve out trial time.  And the expert's report here has substantial and complex diagnoses and causation questions.  Mr. Waltzer cannot possibly adequately take on a two-week crash discovery, expert retention, and prep.  No one would say otherwise.  That pain is not just the effect of counsel's strategic delay and radio silence- it is *the intended effect.*

"Courts routinely find prejudice where an expert report is produced after discovery is complete. In these circumstances, the opposing party has no 'opportunity to depose [the expert] concerning his new opinions' or produce rebuttal reports-and doing so would require 'time consuming and

---

[3]  The requests were for an admission of the release date of a movie that Plaintiff's sister testified they watched at Mr. Waltzer's home on a relevant date, which places incidents two years later than Plaintiff has claimed, consistent with Mr. Waltzer's own position that relevant events occurred when Plaintiff was 17.

[4]  We respectfully ask the Court direct a response as quickly as possible since the trial is in 2 weeks; I am getting this motion out 2 days after the expert report was served.

expensive' discovery continuances." *In re Terrorist Attacks on Sept. 11, 2001*, 03-MD-01570 (GBD)(SN), at *9-10 (S.D.N.Y. Mar. 6, 2023).

### The Possibility of a Continuance

Opposing Counsel has been crystal that they oppose a continuance. The Court, five lawyers, Mr. Waltzer and multiple witnesses are all at the precipice – financially, strategically, emotionally- of this trial in two weeks. This is a no-win situation teed up 1000% knowingly and deliberately by Plaintiff's counsel. A requested continuance would be gravely unfair to the defendants and a complete about-face by Plaintiff, and the Court seemed quite firm about this trial date last time we all appeared before Judge Block.

### CONCLUSION

As with most balancing tests, the four-factor balance in deciding expert preclusion "is entrusted to the Court's discretion, and no one factor is dispositive" *Canales v. United States*, 19-CV-834 (EK), at *11 (E.D.N.Y. Apr. 22, 2021) (*cleaned up*). All four factors weigh in favor of preclusion here though, and the overwhelming bad faith fatally infects each factor. We respectfully request the Court preclude Plaintiff from calling an expert psychologist at trial.

Thank you for your consideration.

Sincerely Yours,

Andrew B. Stoll
Stoll, Glickman & Bellina, LLP

# EXHIBIT A

**Andrew Stoll**

| | |
|---|---|
| **From:** | Andrew Stoll |
| **Sent:** | Saturday, August 19, 2023 11:37 AM |
| **To:** | Jacquelyn Dainow; Karl Ashanti |
| **Subject:** | Adjourn Trial? |

Hi folks.  Everyone has been working in earnest to complete our discovery on time in the Waltzer case, but I think we would all be better off giving it another couple months till trial.  Expert disclosures and depositions have yet to even start, pretrial motions will need to be briefed, we all doubtless have additional things we want and will want to develop that arise/arose from depositions.  I'd recommend we ask the Court for an adjournment.  What do you folks think?

There is also I think a possibility that a trial I was supposed to start on 9/5 in Kings Supreme Criminal Term - and for which the Court gave me a letter of engagement- will end up taking priority, since I'm getting surgery then.  That's obviously for the judges to decide, not me.  I'm not sure how the uniform court rules for trial priority in State Court interact with Federal Court.  I imagine my state case will defer to the federal one, but it's a very old and very serious case, albeit with a client who is not incarcerated.

Andrew B. Stoll
Stoll, Glickman & Bellina, LLP
300 Cadman Plaza W., 12th Floor
Brooklyn, NY  11201
(718) 852-3710

1

**Exhibit A- 2**

**Andrew Stoll**

| | |
|---|---|
| **From:** | Karl Ashanti <k.ashanti@musa-obregon.com> |
| **Sent:** | Monday, August 21, 2023 1:54 PM |
| **To:** | Andrew Stoll |
| **Cc:** | Jacquelyn Dainow; S. MICHAEL MUSA-OBREGON |
| **Subject:** | Re: Adjourn Trial? |

Hey, Andrew.

While we appreciate you reaching out to address this issue, we have made a lot of planning, scheduling, re-scheduling and other arrangements that squarely center around the trial commencing, as scheduled, on Monday, October 2nd. We wish you a full and speedy recovery from your upcoming surgery, although we know you previously described it as minor.

Also, just a reminder to please cc my co-counsel on all correspondence.

Regards,


Karl J. Ashanti, Esq.
Musa-Obregon Law PC
55-21 69th Street, 2nd FL  Maspeth, N.Y. 11378
Tel:(718)803-1000
Fax:(718)374-6576

www.musa-obregon.com


On Sat, Aug 19, 2023 at 11:36 AM Andrew Stoll <astoll@stollglickman.com> wrote:

> Hi folks.  Everyone has been working in earnest to complete our discovery on time in the Waltzer case, but I think we would all be better off giving it another couple months till trial.  Expert disclosures and depositions have yet to even start, pretrial motions will need to be briefed, we all doubtless have additional things we want and will want to develop that arise/arose from depositions.  I'd recommend we ask the Court for an adjournment.  What do you folks think?
>
> There is also I think a possibility that a trial I was supposed to start on 9/5 in Kings Supreme Criminal Term - and for which the Court gave me a letter of engagement- will end up taking priority, since I'm getting surgery then.  That's obviously for the judges to decide, not me.  I'm not sure how the uniform court rules for trial priority in State Court interact with Federal Court.  I imagine my state case will defer to the federal one, but it's a very old and very serious case, albeit with a client who is not incarcerated.
>
> Andrew B. Stoll
> Stoll, Glickman & Bellina, LLP
> 300 Cadman Plaza W., 12th Floor
> Brooklyn, NY  11201
> (718) 852-3710

**Exhibit A- 3**

**Andrew Stoll**

| | |
|---|---|
| **From:** | Andrew Stoll |
| **Sent:** | Wednesday, August 23, 2023 6:53 PM |
| **To:** | Dainow, Jacquelyn (LAW); 'Karl Ashanti'; molawfirm@gmail.com |
| **Cc:** | S. MICHAEL MUSA-OBREGON |
| **Subject:** | Expert Discovery and Requests to Admit |

Hi folks.  The Court has written that discovery is scheduled to close by 9/8.   No separate expert discovery was scheduled.  What are the parties' positions on expert disclosure timing, expert depositions, and whether Plaintiff is required to answer the request for admissions that was served before the close of discovery, but whose deadline falls after the technical close of discovery?

Our suggestion would be that we should set a separate expert discovery schedule, and that the requests for admissions still require an answer (though you may just want to send that out right away and avoid the controversy- like I said they're narrow- and simple).

Please let me know as soon as you can so we can sort it out with the Court if necessary.

Thank you.

Andrew B. Stoll
Stoll, Glickman & Bellina, LLP
300 Cadman Plaza W., 12th Floor
Brooklyn, NY  11201
(718) 852-371

1

**Exhibit A- 4**

**Andrew Stoll**

| | |
|---|---|
| **From:** | Andrew Stoll |
| **Sent:** | Thursday, August 24, 2023 9:41 AM |
| **To:** | Dainow, Jacquelyn (LAW); 'Karl Ashanti'; molawfirm@gmail.com |
| **Cc:** | S. MICHAEL MUSA-OBREGON |
| **Subject:** | RE: Expert Discovery and Requests to Admit |

Hi folks.  I will not be appearing at the deposition of Meiner today.

Please get back to me as soon as possible on the issues I outlined below so we can raise it with the Court at the soonest possible moment.  Thanks.

Andrew B. Stoll
Stoll, Glickman & Bellina, LLP
300 Cadman Plaza W., 12th Floor
Brooklyn, NY  11201
(718) 852-3710

**From:** Andrew Stoll <astoll@stollglickman.com>
**Sent:** Wednesday, August 23, 2023 6:53 PM
**To:** Dainow, Jacquelyn (LAW) <jadainow@law.nyc.gov>; 'Karl Ashanti' <k.ashanti@musa-obregon.com>; molawfirm@gmail.com
**Cc:** S. MICHAEL MUSA-OBREGON <molawfirm@gmail.com>
**Subject:** Expert Discovery and Requests to Admit

Hi folks.  The Court has written that discovery is scheduled to close by 9/8.   No separate expert discovery was scheduled.  What are the parties' positions on expert disclosure timing, expert depositions, and whether Plaintiff is required to answer the request for admissions that was served before the close of discovery, but whose deadline falls after the technical close of discovery?

Our suggestion would be that we should set a separate expert discovery schedule, and that the requests for admissions still require an answer (though you may just want to send that out right away and avoid the controversy- like I said they're narrow- and simple).

Please let me know as soon as you can so we can sort it out with the Court if necessary.

Thank you.

Andrew B. Stoll
Stoll, Glickman & Bellina, LLP
300 Cadman Plaza W., 12th Floor
Brooklyn, NY  11201
(718) 852-371

1

**Exhibit A- 5**

## Andrew Stoll

| | |
|---|---|
| **From:** | Andrew Stoll |
| **Sent:** | Saturday, August 26, 2023 2:40 PM |
| **To:** | S. MICHAEL MUSA-OBREGON; Karl Ashanti; Jacquelyn Dainow |
| **Subject:** | RE: Mark Waltzer's Request for Admissions |

Hi folks. I am writing again about our requests to admit. As I think you know, they are simply about nothing more than a concession about when the first Lord of the Rings movie (of the live action trilogy) was released and when the DVD was released. It is to avoid having to call an expert on this point.

I know you're aware of the relevance of release date of the movie, though Michael, in case you're not, it's because Laura's sister testified that they watched the Lord of the Rings at Mark's apartment that New Year's Eve, and the DVD was not released till mid 2002.

I think if I have to go to the Court on this issue they will be less than impressed at a refusal to admit these very obvious points, and hope that you will agree to answer these requests to admit, or agree now to a stipulation.

Please let me know by Monday, as I need to write to the Court at the soonest possible moment if you are not agreeing to extend discovery for this limited purpose.

I am also awaiting your position on expert disclosures and a schedule for them and expert depositions.

Andrew B. Stoll
Stoll, Glickman & Bellina, LLP
300 Cadman Plaza W., 12th Floor
Brooklyn, NY  11201
(718) 852-3710

**From:** Andrew Stoll
**Sent:** Wednesday, August 23, 2023 5:21:54 PM
**To:** S. MICHAEL MUSA-OBREGON
**Subject:** FW: Mark Waltzer's Request for Admissions

Andrew B. Stoll
Stoll, Glickman & Bellina, LLP
300 Cadman Plaza W., 12th Floor
Brooklyn, NY  11201
(718) 852-3710

**From:** Andrew Stoll
**Sent:** Wednesday, August 23, 2023 5:16 PM
**To:** Karl Ashanti ; muysal@muysallaw.com; Jacquelyn Dainow
**Subject:** Mark Waltzer's Request for Admissions

1

Please see the attached request for admissions directed to Plaintiff. They are on a very narrow issue as you will see.

Andrew B. Stoll
Stoll, Glickman & Bellina, LLP
300 Cadman Plaza W., 12th Floor
Brooklyn, NY  11201
(718) 852-3710

2

Exhibit A- 7

**Andrew Stoll**

| | |
|---|---|
| **From:** | Andrew Stoll |
| **Sent:** | Saturday, August 26, 2023 2:43 PM |
| **To:** | S. MICHAEL MUSA-OBREGON; Karl Ashanti; Jacquelyn Dainow |
| **Subject:** | RE: Mark Waltzer's Request for Admissions |

Here is the timing on expert disclosures under FRCP.

*D) Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Andrew B. Stoll
Stoll, Glickman & Bellina, LLP
300 Cadman Plaza W., 12th Floor
Brooklyn, NY  11201
(718) 852-3710

**From:** Andrew Stoll <astoll@stollglickman.com>
**Sent:** Saturday, August 26, 2023 2:40 PM
**To:** S. MICHAEL MUSA-OBREGON <molawfirm@gmail.com>; Karl Ashanti <k.ashanti@musa-obregon.com>; Jacquelyn Dainow <jadainow@law.nyc.gov>
**Subject:** RE: Mark Waltzer's Request for Admissions

Hi folks.  I am writing again about our requests to admit.  As I think you know, they are simply about nothing more than a concession about when the first Lord of the Rings movie (of the live action trilogy) was released and when the DVD was released.  It is to avoid having to call an expert on this point.

I know you're aware of the relevance of release date of the movie, though Michael, in case you're not, it's because Laura's sister testified that they watched the Lord of the Rings at Mark's apartment that New Year's Eve, and the DVD was not released till mid 2002.

I think if I have to go to the Court on this issue they will be less than impressed at a refusal to admit these very obvious points, and hope that you will agree to answer these requests to admit, or agree now to a stipulation.

Please let me know by Monday, as I need to write to the Court at the soonest possible moment if you are not agreeing to extend discovery for this limited purpose.

I am also awaiting your position on expert disclosures and a schedule for them and expert depositions.

1

**Exhibit A- 8**

Andrew B. Stoll
Stoll, Glickman & Bellina, LLP
300 Cadman Plaza W., 12th Floor
Brooklyn, NY  11201
(718) 852-3710

---

**From:** Andrew Stoll
**Sent:** Wednesday, August 23, 2023 5:21:54 PM
**To:** S. MICHAEL MUSA-OBREGON
**Subject:** FW: Mark Waltzer's Request for Admissions


Andrew B. Stoll
Stoll, Glickman & Bellina, LLP
300 Cadman Plaza W., 12th Floor
Brooklyn, NY  11201
(718) 852-3710

---

**From:** Andrew Stoll
**Sent:** Wednesday, August 23, 2023 5:16 PM
**To:** Karl Ashanti ; muysal@muysallaw.com; Jacquelyn Dainow
**Subject:** Mark Waltzer's Request for Admissions


Please see the attached request for admissions directed to Plaintiff.  They are on a very narrow issue as you will see.

Andrew B. Stoll
Stoll, Glickman & Bellina, LLP
300 Cadman Plaza W., 12th Floor
Brooklyn, NY  11201
(718) 852-3710

2

**Exhibit A- 9**