**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE,<br><br>                                  Plaintiff,<br><br>vs.<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION and MARK WALTZER<br><br>                                  Defendants | **21-CV-4332 (FB)(RML)**<br><br>**DEFENDANT MARK WALTZER'S ANSWER AND AFFIRMATIVE DEFENSES TO THE THIRD AMENDED COMPLAINT** |

Defendant Mark Waltzer ("Defendant"), for his Answer and Affirmative Defenses to the Third Amended Complaint, admits, denies, and avers:

**PRELIMINARY STATEMENT**

1. Defendant admits Plaintiff is bringing this lawsuit purporting to challenge systemic failures. To the extent Paragraph One addresses any alleged action by Defendant, Defendant denies those allegations.

2. Defendant lacks information sufficient to form a belief as to truth of Paragraph Two, except to the extent it addresses any alleged action by Defendant, Defendant denies those allegations.

3. Defendant lacks information sufficient to form a belief as to truth of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4, except admits that he was a New York City DOE teacher and Plaintiff's Social Studies teacher during the 1999-2000 school year.

5. Defendant denies the allegations of Paragraph 5.

6. Defendant denies the allegations of Paragraph 6.

7. Defendant denies the allegations of Paragraph 7, except admits that Plaintiff consented to sexual encounters with Defendant, solely when she was over 17 years old.

8. Defendant lacks information sufficient to form a belief as to truth of Paragraph 8, except to the extent it addresses any alleged action by Defendant, Defendant denies those allegations.

9. Defendant lacks information sufficient to form a belief as to truth of Paragraph 9, except to the extent it addresses any alleged action by Defendant, Defendant denies those allegations.

10. Defendant lacks information sufficient to form a belief as to truth of Paragraph 10, except to the extent it addresses any alleged action by Defendant, Defendant denies those allegations.

11. Defendant lacks information sufficient to form a belief as to truth of Paragraph 11, except to the extent it addresses any alleged action by Defendant, Defendant denies those allegations.

12. Defendant lacks information sufficient to form a belief as to truth of Paragraph 12, except to the extent it addresses any alleged action by Defendant, Defendant denies those allegations.

13. Defendant lacks information sufficient to form a belief as to truth of Paragraph 13, except to the extent it addresses any alleged action by Defendant, Defendant denies those allegations.

14. Defendant lacks information sufficient to form a belief as to truth of Paragraph 14, except to the extent it addresses any alleged action by Defendant, Defendant denies those allegations.

15. Paragraph 15 is a statement of law which requires no response, except that Defendant admits Plaintiff purports to bring this action pursuant to the statutes referenced, which are time barred.

16. Defendant denies this Court has subject matter jurisdiction of this matter.

17. Defendant denies this Court has subject matter jurisdiction but admits there is complete diversity of the citizenship of the parties and that the amount in controversy exceeds $75,000.00.

18. Paragraphs 18-20 are statements of law which require no response.

19. Defendant lacks information sufficient to form a belief as to truth of Paragraph 21, except to the extent it addresses any alleged action by Defendant, Defendant denies those allegations.

20. Defendant lacks information sufficient to form a belief as to truth of Paragraph 22.

21. Defendant admits the allegations of Paragraph 23.

22. Defendant lacks information sufficient to form a belief as to truth of Paragraph 24.

23. Defendant denies the allegations of Paragraph 25 except admits that he is a former NYC DOE public school teacher and former dean of students at Francis Lewis High School who taught Social Studies to Plaintiff and her 10th grade classmates at Francis Lewis High School during the 1999-2000 school year, and that he resides in Queens.

24. Defendant lacks information sufficient to form a belief as to truth of Paragraph 26, except to the extent it addresses any alleged action by Defendant, Defendant denies those allegations.

25. Defendant lacks information sufficient to form a belief as to truth of Paragraph 27.

26. Defendant lacks information sufficient to form a belief as to truth of Paragraph 28.

27. Defendant lacks information sufficient to form a belief as to truth of Paragraph 29.

28. Paragraphs 30-33 are legal conclusions which require no response.

29. Defendant lacks information sufficient to form a belief as to truth of Paragraph 34, except Defendant admits Plaintiff was a student at Francis Lewis High School in Queens.

30. Defendant lacks information sufficient to form a belief as to truth of Paragraph 35-40.

31. Defendant admits the allegations of Paragraph 41 that he was Plaintiff's social studies teacher and denies he "paid a lot of attention to Plaintiff and would often engage her in conversation outside of the classroom" during the 1999-2000 school year.

32. Defendant lacks information sufficient to form a belief as to the truth of Paragraph 42-43.

33. Defendant denies the allegations of Paragraph 44.

34. Defendant denies the allegations of Paragraph 45, to the extent they describe events "shortly after the end of the 1999-2000 school year" and denies that he had given Plaintiff his address.

35. Defendant denies the allegations of Paragraph 46, to the extent they describe events "shortly after the end of the 1999-2000 school year" and denies that he had given Plaintiff his address.

36. Defendant denies the allegations of Paragraph 47, to the extent they describe events "shortly after the end of the 1999-2000 school year" and to the extent they describe a forcible or non-consensual encounter or an intimate encounter before Plaintiff was 17 years old.

37. Defendant denies the allegations of Paragraph 48-51, except admits that at some point, well after Plaintiff became 17 years old, Plaintiff became pregnant.

38. Defendant denies the allegations of Paragraph 52, except admits that Plaintiff expressed a desire, well after she turned 17 years old, to have an abortion.

39.     Defendant denies the allegations of Paragraph 53, except admits that well after Plaintiff turned 17, Defendant took her to an abortion clinic where she obtained an abortion for which Defendant paid.

40.     Defendant denies the allegations of Paragraph 54 that he ever sexually assaulted Plaintiff, coerced her into having an abortion, or treated her callously.

41.     Defendant denies the allegations of Paragraph 55, except lacks information sufficient to form a belief about Plaintiff's feelings of low self-esteem.

42.     Defendant denies the allegations of Paragraph 56, except admits he stayed in contact with Plaintiff after their intimate relationship that began well after Plaintiff turned 17, and that he saw Plaintiff in Hawaii in 2020.

43.     Defendant lacks information sufficient to form a belief as to the truth of Paragraph 57, except to the extent it alleges any actions by Defendant, Defendant denies those allegations.

44.     Defendant lacks information sufficient to form a belief as to the truth of Paragraph 58, except to the extent it alleges any actions by Defendant, Defendant denies those allegations.

45.     Defendant lacks information sufficient to form a belief as to the truth of Paragraph 59, except to the extent it alleges any actions by Defendant, Defendant denies those allegations.

46.     Defendant lacks information sufficient to form a belief as to the truth of Paragraph 60, except to the extent it alleges any actions by Defendant, Defendant denies those allegations, and admits he was never disciplined for anything relating to Plaintiff.

47.     Defendant lacks information sufficient to form a belief as to the truth of Paragraph 61-66, except to the extent they allege any actions by Defendant, Defendant denies those allegations.

48.     Defendant lacks information sufficient to form a belief as to the truth of Paragraph 67, except denies he "convinced" Plaintiff to have an abortion.

49. Defendant lacks information sufficient to form a belief as to the truth of Paragraph Paragraphs 68-86.

50. Defendant lacks information sufficient to form a belief as to the truth of Paragraph 87, except to the extent it alleges actions by Defendant, he denies those allegations.

51. Defendant lacks information sufficient to form a belief as to the truth of Paragraphs 88-95.

52. Defendant repeats his responses to the allegations referenced in Paragraph 96.

53. Defendant denies the allegations in Paragraphs 97-101.

54. Defendant repeats his responses to the allegations referenced in Paragraph 102.

55. Defendant denies the allegations in Paragraphs 103-106.

56. Defendant repeats his responses to the allegations referenced in Paragraph 107.

57. Paragraph 108 is a legal conclusion which requires no response.

58. Defendant lacks information sufficient to form a belief as to paragraphs 109-114, except to the extent they allege actions by Defendant, he denies those allegations.

59. Defendant repeats his responses to the allegations referenced in Paragraph 115.

60. Defendant lacks information sufficient to form a belief as to paragraphs 116-121, except to the extent they allege actions by Defendant, he denies those allegations.

61. Defendant joins in the jury demand.

## DEFENDANT MARK WALTZER'S AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim for violations of the New York City and New York State Human Rights laws by Defendant.

2.      The causes of action for Intentional Infliction of Emotional Distress and violations of the New York City and New York State Human Rights laws are outside the applicable statutes of limitations.

Brooklyn, New York
October 11, 2023

                                        Stoll, Glickman & Bellina, LLP

                                        _____
                                        Andrew B. Stoll (AS8808)
                                        Stoll, Glickman & Bellina, LLP
                                        300 Cadman Plaza West, 12th Floor
                                        Brooklyn, NY 11201
                                        astoll@stollglickman.com
                                        (718) 852-3710