UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
JANE DOE,

                                                  *Plaintiff,*        **DOE'S ANSWER TO THIRD AMENDED COMPLAINT**

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION        No. 21-cv-4332 (FB)(RML)
and MARK WALTZER,

                                                *Defendants*.
-------------------------------------------------------------------- X

        Defendant Department of Education (hereinafter "DOE"), for its Answer to the Plaintiff's Third Amended Complaint respectfully states and alleges as follows:

1. Denies the allegations set forth in paragraph "1" of the Third Amended Complaint, except admits that Plaintiff purports to set forth her claims therein.

2. Denies the allegations set forth in paragraph "2" of the Third Amended Complaint.

3. Denies the allegations set forth in paragraph "3" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of DOE, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

4. Denies the allegations set forth in paragraph "4" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of DOE and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, except admits that Plaintiff attended Francis Lewis High School during 1999-2000.

5. Denies knowledge or information sufficient to form a belied as to the truth of the allegations set forth in paragraph "5" of the Third Amended Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Third Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Third Amended Complaint.

8. Denies the allegations set forth in paragraph "8" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of DOE or Meiners.

9. Denies the allegations set forth in paragraph "9" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of DOE or Meiners.

10. Denies the allegations set forth in paragraph "10" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of DOE or Meiners.

11. Denies the allegations set forth in paragraph "11" of the Third Amended Complaint.

12. Denies the allegations set forth in paragraph "12" of the Third Amended Complaint.

13. Denies the allegations set forth in paragraph "13" of the Third Amended Complaint.

14. Denies the allegations set forth in paragraph "14" of the Third Amended Complaint.

15. Denies the allegations set forth in paragraph "15" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of DOE, and respectfully refers the Court to the cited legislation for their full text and import.

16. Denies the truth of the allegations set forth in paragraph "16" of the Third Amended Complaint.

17. Denies the allegations set forth in paragraph "17" of the Third Amended Complaint, except admits, upon information and belief, that Plaintiff is a resident of Hawaii.

18. Denies the allegations set forth in paragraph "18" of the Third Amended Complaint.

19. Denies the allegations set forth in paragraph "19" of the Third Amended Complaint.

20. Denies the allegations set forth in paragraph "20" of the Third Amended Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Third Amended Complaint, except admits that Plaintiff attended the schools listed at some points in time and, upon information and belief, that she is a resident of Hawaii, and denies the allegation that Plaintiff suffered gender-based violence at either of the schools.

22. Denies the allegations set forth in paragraph "22" of the Third Amended Complaint, except admits that the New York City Department of Education is the largest school district in the United States and has offices at 52 Chambers Street, New York, New York, and respectfully refers the Court to New York Education Law Article 52-A for a complete and accurate statement of its contents, as well as to [https://www.schools.nyc.gov/about-us/reports/doe-data-at-a-glance](https://www.schools.nyc.gov/about-us/reports/doe-data-at-a-glance) for the most available data.

23. Denies the allegations set forth in paragraph "23" of the Third Amended Complaint, and respectfully refers the Court to New York Education Law Section 2590-g regarding the issuance and effect of Chancellor's Regulations.

24. Denies the allegations set forth in paragraph "24" of the Third Amended Complaint to the extent they are set forth to support a claim of subject matter jurisdiction by this Court, except admits that NYC DOE receives federal funds.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Third Amended Complaint, except admits that Mark Waltzer is a former NYC DOE public school teacher who taught social studies and was Plaintiff's global studies teacher for one semester.

26. Denies the allegations set forth in paragraph "26" of the Third Amended Complaint, except admits that Meiners was a former NYC DOE public school teacher at Francis Lewis High School who taught physical education and fencing.

27. Denies the allegations set forth in paragraph "27" of the Third Amended Complaint, except admits that Eisenberg was a former NYC DOE public school teacher at Francis Lewis High School who taught physical education.

28. Denies the allegations set forth in paragraph "28" of the Third Amended Complaint.

29. Denies the allegations set forth in paragraph "29" of the Third Amended Complaint.

30. Denies the allegations set forth in paragraph "30" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of DOE, and respectfully refers the Court to the cited legislation for its full text and import.

31. Denies the allegations set forth in paragraph "31" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of DOE, and respectfully refers the Court to the cited legislation for their full text and import.

32. Denies the allegations set forth in paragraph "32" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of DOE, and respectfully refers the Court to the cited legislation for their full text and import.

33. Denies the allegations set forth in paragraph "33" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of DOE, and respectfully refers the Court to the cited legislation for their full text and import.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Third Amended Complaint, except admits that Plaintiff attended the schools listed at some points in time.

35. Denies the allegations set forth in paragraph "35" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE.

36. Denies the allegations set forth in paragraph "36" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE.

37. Denies the allegations set forth in paragraph "37" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE.

38. Denies the allegations set forth in paragraph "38" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE.

39. Denies the allegations set forth in paragraph "39" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE.

40. Denies the allegations set forth in paragraph "40" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE.

41. Denies the allegations set forth in paragraph "41" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of DOE, except admits that Mark Waltzer is a former DOE public school teacher who taught social studies and was Plaintiff's global studies teacher for one semester.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Third Amended Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Third Amended Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Third Amended Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Third Amended Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Third Amended Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Third Amended Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Third Amended Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Third Amended Complaint.

50. Denies the allegations set forth in paragraph "50" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of DOE and denies knowledge or information sufficient to form a belief as to the allegations regarding the nature and/or duration of the sexual relationship described therein.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Third Amended Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Third Amended Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Second Amended Complaint.

54. Denies the allegations set forth in paragraph "54" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of DOE and denies knowledge or information sufficient to form a belief as to the remaining allegations therein.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Third Amended Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Third Amended Complaint.

57. Denies the allegations set forth in paragraph "57" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE or Meiners.

58. Denies the allegations set forth in paragraph "58" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE or Meiners.

59. Denies the allegations set forth in paragraph "59" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE.

60. Denies the allegations set forth in paragraph "60" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE or Meiners.

61. Admits the allegations set forth in paragraph "61" of the Third Amended Complaint.

62. Denies the allegations set forth in paragraph "62" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE.

63. Denies the allegations set forth in paragraph "63" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE.

64. Denies the allegations set forth in paragraph "64" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE.

65. Denies the allegations set forth in paragraph "65" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE.

66. Denies the allegations set forth in paragraph "66" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE or Meiners.

67. Denies the allegations set forth in paragraph "67" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE.

68. Denies the allegations set forth in paragraph "68" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE, and respectfully refers the Court to the purported data collection program sections as may be relevant to the allegations made herein.

69. Denies the allegations set forth in paragraph "69" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE and denies the allegations pertaining to the Plaintiff's purported interpretation of the data cited, and respectfully refers the Court to www.p12.nysed.gov for a complete and accurate statement of DOE's reporting requirements under the SSEC data collection program.

70. Denies the allegations set forth in paragraph "70" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE and respectfully refers the Court to the purported data cited for its full import as may be relevant to the allegations made herein.

71. Denies the allegations set forth in paragraph "71" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE and denies the allegations pertaining to the Plaintiff's purported interpretation of the data cited.

72. Denies the allegations set forth in paragraph "72" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE.

73. Denies the allegations set forth in paragraph "73" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE and denies the allegations pertaining to the Plaintiff's purported interpretation of the "letter" relied upon therein.

74. Denies the allegations set forth in paragraph "74" of the Third Amended Complaint.

75. Denies the allegations set forth in paragraph "75" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE, except admits that Plaintiff purports to cite to two "research studies."

76. Denies the allegations set forth in paragraph "76" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE, except admits that Plaintiff purports to cite to two "research studies."

77. Denies the allegations set forth in paragraph "77" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE, except admits that Plaintiff purports to cite to a "study."

78. Denies the allegations set forth in paragraph "78" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE and respectfully refers the Court to the cited statute for tis full text and import.

79. Denies the allegations set forth in paragraph "79" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE.

80. Denies the allegations set forth in paragraph "80" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE, except admit that Plaintiff purports to cite to the practices of other irrelevant school districts.

81. Denies the allegations set forth in paragraph "81" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE, except admit that Plaintiff purports to cite to the practices of an irrelevant institution of higher education.

82. Denies the allegations set forth in paragraph "82" of the Third Amended Complaint and respectfully refers the Court to the unspecified "federal regulations" mentioned therein for their full text and import.

83. Denies the allegations set forth in paragraph "83" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE and respectfully refers the Court to the cited statute for its full text and import.

84. Denies the allegations set forth in paragraph "84" of the Third Amended Complaint.

85. Denies the allegations set forth in paragraph "85" of the Third Amended Complaint.

86. Denies the allegations set forth in paragraph "86" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE, except admits that Plaintiff purports to cite to a "report" which appears to have been issued in 2018.

87. Denies the allegations set forth in paragraph "87" of the Third Amended Complaint.

88. Denies the allegations set forth in paragraph "88" of the Third Amended Complaint.

89. Denies the allegations set forth in paragraph "89" of the Third Amended Complaint.

90. Denies the allegations set forth in paragraph "90" of the Third Amended Complaint.

91. Denies the allegations set forth in paragraph "91" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE.

92. Denies the allegations set forth in paragraph "92" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE, except admits that Plaintiff purports to cite to a "report" which appears to have been issued in 2016.

93. Denies the allegations set forth in paragraph "93" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE, except admits that Plaintiff purports to cite to a "report" appears to have been issued in 2018.

94. Denies the allegations set forth in paragraph "94" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE, except admits that Plaintiff purports to cite to a "report" which appears to have been issued in 2018.

95. Denies the allegations set forth in paragraph "95" of the Third Amended Complaint.

### AS TO THE FIRST CAUSE OF ACTION (SEXUAL ASSAULT)

96. Defendant repeats and reiterates each and every response to paragraphs numbered "1" through "95" as if set forth fully at length herein.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Third Amended Complaint.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the Third Amended Complaint.

99. Denies the allegations set forth in paragraph "99" of the Third Amended Complaint.

100. Denies the allegations set forth in paragraph "100" of the Third Amended Complaint.

101. Denies the allegations set forth in paragraph "101" of the Third Amended Complaint.

### AS TO THE SECOND CAUSE OF ACTION (IIED)

102. Defendant repeats and reiterates each and every response to paragraphs numbered "1" through "101" as if set forth fully at length herein.

103. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the Third Amended Complaint.

104. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Third Amended Complaint.

105. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the Third Amended Complaint.

106. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Third Amended Complaint.

## AS TO THE THIRD CAUSE OF ACTION (NY STATE HRL)

107. Defendant repeats and reiterates each and every response to paragraphs numbered "1" through "106" as if set forth fully at length herein.

108. Denies the allegations set forth in paragraph "108" of the Third Amended Complaint.

109. Denies the allegations set forth in paragraph "109" of the Third Amended Complaint.

110. Denies the allegations set forth in paragraph "110" of the Third Amended Complaint.

111. Denies the allegations set forth in paragraph "111" of the Third Amended Complaint.

112. Denies the allegations set forth in paragraph "112" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE or Meiners.

113. Denies the allegations set forth in paragraph "113" of the Third Amended Complaint.

114. Denies the allegations set forth in paragraph "114" of the Third Amended Complaint.

## AS TO THE FOURTH CAUSE OF ACTION (NY CITY HRL)

115. Defendant repeats and reiterates each and every response to paragraphs numbered "1" through "114" as if set forth fully at length herein.

116. Denies the allegations set forth in paragraph "116" of the Third Amended Complaint and respectfully refers all questions of law to the Court.

117. Denies the allegations set forth in paragraph "117" of the Third Amended Complaint.

118. Denies the allegations set forth in paragraph "118" of the Third Amended Complaint.

119. Denies the allegations set forth in paragraph "119" of the Third Amended Complaint to the extent they allege any wrongdoing on the part of the DOE or Meiners.

120. Denies the allegations set forth in paragraph "120" of the Third Amended Complaint.

121. Denies the allegations set forth in paragraph "121" of the Third Amended Complaint.

122. Paragraph "122" of the Third Amended Complaint includes a Jury Demand and, as such, requires no response by Answering Defendant.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's first and second causes of action for sexual assault and intentional infliction of emotional distress have already been dismissed against DOE in this case as a matter of law on the merits. To the extent that Plaintiff purports to re-assert such dismissed claims against DOE in her Third Amended Complaint, such claims are barred.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for violations of the New York City and New York State Human Rights laws by DOE.

**WHEREFORE**, DOE respectfully requests that the Third Amended Complaint be dismissed in its entirety as against it, that the Court enter judgment for DOE, and that DOE be granted such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         October 13, 2023

        **HON. SYLVIA O. HINDS-RADIX**
        *Corporation Counsel of the City of New York*
        Attorney for Defendant DOE
        100 Church Street
        New York, NY 10007
        (212) 356- 0896
        jadainow@law.nyc.gov

By:   */s/ Jacquelyn Dainow*
      Jacquelyn Dainow
      Assistant Corporation Counsel

cc:   All counsel of record (by ECF)