21 CV 4332 (FB)(RML)

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

JANE DOE,

Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION, MARK WALTZER, DOUGLAS MEINERS, MICHAEL EISENBERG AND JOHN DOES #1 THROUGH #2,

Defendants.

**DEFENDANT NEW YORK CITY DEPARTMENT OF EDUCATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: John Doody & Jacquelyn Dainow*
*Tel: (212) 356-4362; (212) 356-0896*
*Matter No. 2021-022733*

**TABLE OF CONTENTS**

<u>Page</u>

TABLE OF AUTHORITIES....................................................................................................... II

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY ................................................. 1

LEGAL STANDARD.................................................................................................................. 5

                      Rule 56 (a) and (c) ....................................................................................... 5

ARGUMENT

              I.     THE CVA DOES NOT REVIVE CLAIMS BROUGHT UNDER THE NEW YORK STATE HUMAN RIGHTS LAW (Exec. Law §296(4)) OR THE NEW YORK CITY HUMAN RIGHTS LAW (Adiminstrative Code §8-107(4)) AND, THEREFORE, THESE CLAIMS ARE TIME-BARRED ....................................................................... 7

            II.    THE HUMAN RIGHTS LAWS THAT PLAINTIFF HAS ASSERTED DO NOT APPLY TO HER CLAIMS ................................................................................ 11

CONCLUSION.......................................................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**                                                                                                  **Pages**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 202 (1986).........................................................7

*Ashcroft v. Igbal*,
   566 U.S. 662, 663, 129 S. Ct. 1955, 167 L. Ed. 2d 939 (2007)...............................................9

*Barrett v. Gregory Hotel Holdings, Inc.*,
   No. 19-CV-1042 (FB), 2022 U.S. Dist. LEXIS 53377
   (EDNY Mar. 24, 2022)......................................................................................................6

*Bruno v. Pembroke Management, Inc.*,
   212 A.D.2d 314, 628 N.Y.S.2d 971 (2nd Dept. 1995)..........................................................12

*Burg v. Gosselin*,
   591 F. 3d 95, 97 (2d Cir. 2010)..........................................................................................6

*Capasso v. Metropolitan Transportation Authority*,
   198 F. Supp. 2d 452, 465 (SDNY 2002).............................................................................12

*Celotex Corp. v. Catrett*,
   477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).........................................6

*DiMauro v. Equinox Holdings, Inc.*,
   2021 N.Y. Misc. LEXIS 703 *3 (Sup. Ct. N.Y. County, February 22, 2021)........................15

*Falise v. American Tobacco Co.*,
   94 F. Supp 2d 316, 333, 2000 U.S. Dist. LEXIS 5758 *42 (EDNY 2000)..............................7

*Herrington v. Metro-North*,
   118 A.D.3d 544, 988 N.Y.S.2d 581 (1st Dept. 2014).........................................................16

*Jacobson v. Metropolitan Property & Casualty Insurance Co.*,
   672 F.3d 171, 174 (2d. Cir. 2012).......................................................................................6

*Kane v. Mt. Pleasant Central School District*,
   8 F. 4th 101 (2d Cir. 2023) ...........................................................................................8, 11

*Kwarren v. American Airlines*,
   303 A.D.2d 722, 757 N.Y.S.2d 105 (2nd Dept. 2003).........................................................14

*Martinez-Tolentine v. Buffalo State College*,
   277 A.D.2d 899, 715 N.Y.S.2d 554 (4th Dept. 2003).........................................................14

*People v. Bracey*,
   41 N.Y.2d 296, 300, 392 N.Y.S.2d 412, 711 N.E.2d 1094 (1977)..........................................11

*People v. Hamilton*,
   256 A.D.2d 922, 923, 682 N.Y.S.2d 276, leave denied, 93 N.Y.2d 874, 682
   N.Y.S.2d 276 (1998)..........................................11

*People v. Horner*,
   300 A.D.2d 841, 752 N.Y.S.2d 147 (3rd Dept. 2002) ..........................................11

*People v. Warren*,
   66 N.Y.2d 831, 832, 498 N.Y.S.2d 353, 489 N.E.2d 240 (1985)..........................................11

*People v. Werblow*,
   241 N.Y.2d 55, 61, 148 N.E. 786 (1925)..........................................11

*Savino v. City of New York*,
   331 F. 3d 63, 71 (2d Cir. 2003)..........................................6

*Schwarz v. Consolidated Edison, Inc.*,
   147 A.D.3d 447, 47 N.Y.S.3d 9 (1st Dept. 2017)..........................................16

*Sloley v. VanBramer*,
   945 F. 3d 30, 36 (2d Cir. 2019)..........................................6

*Tesoriero v. Syosset Central School District*,
   382 F. Supp. 2d 387, 2005 U.S. Dist. LEXIS 22347 (2005) ..........................................12, 14

*U.S. Bank N.A. v. Crutch*,
   No. 09-CV-998 (FB), 2010 U.S. Dist. LEXIS 75481 (EDNY July 26, 2010) ..........................................6

**Statutes**

F.R.C.P. 56(a) ..........................................6

F.R.C.P. 56(c) ..........................................6

N.Y.C. Administrative Code §8-101 ..........................................10, 12

N.Y.C. Administrative Code §8-102 ..........................................15

N.Y.C. Administrative Code §8-107 ..........................................7, 12, 15

N.Y.C. Administrative Code §8-107(1) ..........................................15

N.Y.C. Administrative Code §8-107(4) ..........................................13, 15

N.Y.C. Administrative Code §8-502 ..................................................................................8

N.Y.C. Local Law 75 ...................................................................................................16

N.Y. CPLR §214-g ...............................................................................................7, 8, 9, 10

N.Y. CPLR §214(2) ....................................................................................................8

N.Y. Executive Law §291..........................................................................................10, 12

N.Y. Executive Law §292..........................................................................................12

N.Y. Executive Law §296..........................................................................................7, 12

N.Y. Executive Law §296(2)......................................................................................12

N.Y. Executive Law §296(4)..................................................................................12, 13, 14

N.Y. Executive Law §297..........................................................................................7

N.Y. Penal Law §110................................................................................................10

N.Y. Penal Law §130, et seq....................................................................................7, 9, 10

N.Y. Penal Law §130.20...........................................................................................10

N.Y. Penal Law §130.52...........................................................................................10

2003 New York Laws, Chapter 106 ..........................................................................14

## PRELIMINARY STATEMENT

Defendant New York City Department of Education ("DOE") submits this memorandum of law in support of its motion for summary judgment, pursuant to Fed. R. Civ Pro. 56(a), to dismiss plaintiff's two (2) remaining claims against it, the New York State ("NYS") and New York City ("NYC") Human Rights Laws ("HRL"), as set forth in her Third Amended Complaint ("TAC"). Plaintiff Jane Doe alleges that, when she attended a DOE high school, she had a sexual relationship with Defendant Mark Walter, who was a DOE teacher at the school. Plaintiff relies on the Child Victims Act ("CVA") to revive her claims. As will be explained below, DOE is entitled to judgment as a matter of law because the CVA does not revive claims brought under either the State of City HRL and, thus, the statute of limitations on such claims has long run. DOE is also entitled to summary judgment on the grounds that neither the State nor City HRL are applicable to or cover the alleged conduct that plaintiff purports to serve as the basis for recovery under those laws. Lastly, DOE is entitled to summary judgment based upon the fact that plaintiff has failed to demonstrate *discrimination* sufficient to entitle her to maintain her HRL claims against DOE. Therefore, this Court should grant Defendant DOE's motion for summary judgment and dismiss the TAC in its entirety.

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff Jane Doe has recently filed a TAC dated October 6, 2023 (ECF No. 137) in this matter wherein she alleges that while she was a student attending Francis Lewis High School ("FLHS") in Queens, she engaged in an illegal sexual relationship with co-defendant Mark Waltzer, who was a social studies teacher, as well as a hall dean, at the school at the time. Ms. Doe claims that during the sexual relationship she was either fifteen (15) or sixteen (16) years of age,

1

and that at all times during the relationship while she was attending high school, she was under the age of seventeen (17), the age of consent in New York State.

While the deposition testimony and evidence developed during discovery tends to cast doubt on plaintiff's claims regarding her age at the time of the sexual relationship with defendant Waltzer, DOE nonetheless assumes, for the purposes of this motion only, that plaintiff's allegations are true in that regard and the sexual relationship was illegal during the time period alleged. Although this Court has already dismissed plaintiff's claims asserted against former defendants John Doe #1 ("custodian"); John Doe # 2 ("Aaron"); Douglas Meiners ("Meiners"); and Michael Eisenberg, deceased ("Eisenberg"), plaintiff still lists these individuals as "parties" in her TAC, apparently in an effort to assert that their acts of alleged harassment[1] against her can somehow serve as a predicate to DOE liability on her remaining State and City HRL claims. However, even if the acts of the dismissed parties are taken as true, those acts were harassing acts only, and would not constitute a criminal sexual offense or sexual misconduct as defined under Article 130 of the NYS Penal Law.

Notwithstanding the above, in her TAC plaintiff again alleges that she only informed Meiners, a gym teacher at FLHS, of her sexual relationship with Mr. Waltzer and that former defendants John Does 1 and 2, Meiners and Eisenberg all committed "sexual offenses" against her. In her TAC, plaintiff uses buzz words and phrases such as "attempted to have sex", "made unwanted sexual advances", "stalked" her for sex, "harassed" her for sex "targeted" her for sex, "preyed upon" her for sex and subjected her to "sexual violence", and goes so far as to allege

---

[1] Per this Court's Memorandum & Order dated March 20, 2023 (ECF No. 64), all of plaintiff's claims with respect to alleged harassment, which did not amount to criminal sexual offenses, by John Does 1 and 2, Meiners and Eisenberg have been dismissed and their acts (or omissions) are no longer germane to plaintiff's remaining Human Rights Law claims. (2023 U.S. Dist. LEXIS 46513, 10-13.)

"kidnap" to describe the acts of the dismissed former defendants, apparently in an effort to assert that those acts form the basis of *discrimination* (as opposed to defined sexual offenses under Penal Law §130) directed toward her by DOE due to her being a female. Of note, the claims put forth in plaintiff's TAC were made <u>after</u> plaintiff testified at deposition, which testimony clearly establishes that none of the acts of the non-Waltzer defendants amount to a sexual offense as defined in Penal Law §130. (*See* Declaration of Jacquelyn Dainow, dated November 8, 2023 ("Dainow Decl."), at Exhibits "A" and "B", respectively.)

With respect to the "custodian" (John Doe # 1), who is alleged to have "kidnapped" and subjected plaintiff to "violence", plaintiff testified that one day while walking to middle school (I.S. 237), this "custodian" offered her a ride to school, which she voluntarily accepted. (Dainow Decl., at Exhibit "A", P. 34, L. 23 – P. 35, L. 20.) Instead of taking her to school, he took her to a motel where he got a key to a room into which she accompanied him. At no time was she forced or compelled to get into the car or the motel room. While in the room, she had a conversation with the "custodian" and became uncomfortable. There were no threats made to plaintiff, no touching of plaintiff by the "custodian". At that point, the "custodian" offered to take her back to school and did so. (*Id.*, P. 36, L. 19 – P. 44, L. 17.) Plaintiff did not report this alleged incident to anyone at I.S. 237. (Dainow Decl., at Exhibit "B", P. 314, L. 21-25.)

Regarding dismissed defendant Eisenberg, plaintiff testified that while she was attending FLHS, she had an "uncomfortable" conversation with him about another teacher (Meiners) allegedly harassing her. During this conversation, Mr. Eisenberg allegedly told plaintiff that he would "marry her in a second". (*Id.*, P. 398, L. 6 – P. 402, L. 9.) At no point during this conversation did Eisenberg touch or make any sexual advances toward the plaintiff. Plaintiff did not report this conversation to anyone at FLHS. (*Id.*, P. 406, L. 23 – P. 407, L.12.)

3

John Doe #2 ("Aaron"), a supposed Spanish teacher at FLHS allegedly "stalked" the plaintiff. She testified that he followed her around school, took the same bus as she did, and that she constantly bumped into him. He called her home, asked to be her boyfriend and allegedly asked to leave a class she was attending for a five-minute conversation when he told her he loved her. She immediately returned to class. Plaintiff has acknowledged that "Aaron" never touched her, and did not make any physical or verbal sexual advances toward her. (*Id.*, P. 279, L. 20 – P. 285, L. 23.) Plaintiff conceded that she never reported any interactions with "Aaron" to anyone at FLHS. (*Id.*, P. 292, L. 5 – 293, L. 5.)

Concerning dismissed defendant Meiners, plaintiff has testified that sometime in 2001, she voluntarily accompanied him and another "younger gym teacher" off school grounds to a nearby park, where they played chess and had a conversation. There was no physical contact between them, and plaintiff does not recall the subject of the conversation. (Dainow Decl., at Exhibit "A", P. 130, L. 19 – P. 132, L. 12; Exhibit "B", P. 374 L. 8 – P. 376, L. 13.) Plaintiff testified to a single occasion when she claims Meiners "tried to kiss" her. She stated that Meiners had a hand on the wall next to her when he leaned in for a kiss. There was no physical contact, she avoided the kiss and left the room and avoided him thereafter. (Dainow Decl., at Exhibit "B", P. 354, L. 16 – P. 356, L. 18.) Plaintiff did not advise anyone in authority at FLHS about the encounter. (*Id.*, P. 388, L. 6 – 15.)

DOE moved for and was granted dismissal of plaintiff's federal claims based upon the expiration of the statute of limitations for such claims asserted for relief under 42 U.S.C. §1983 and alleged violation of Title IX, 20 U.S.C. §1681, et seq. via this Court's Decision and Order dated March 20, 2023 (2023 U.S. Dist. LEXIS 46513; 2023 WL 2574741) (ECF No. 64). In the same Memorandum and Order, this Court granted partial dismissal of plaintiff's state law claims

as time-barred and, on the merits, disposing of her claims against DOE for negligence, including *respondeat superior*, negligent hiring, training, supervision, and retention; sexual assault; intentional infliction of emotional distress ("IIED"); and declaratory and injunctive relief. As referenced above, on DOE's motion, this Court also dismissed plaintiff's state law claims against all other non-Waltzer defendants (former defendants Meiner, Eisenberg and John Does 1 and 2) for sexual assault and IIED. DOE did not seek dismissal of plaintiff's two remaining state law claims against it purportedly brought under the NYS Human Rights Law (Executive Law §296) and NYC Human Rights Law (Administrative Code §8-107). DOE presently moves for summary judgment here to dispose of those claims now that discovery in the case is closed.

Plaintiff filed her Complaint on August 2, 2021 (ECF No. 1), a First Amended Complaint ("FAC") on August 24, 2021 (ECF No. 9), a Second Amended Complaint ("SAC") on November 30, 2021 (ECF No. 19) and a TAC on October 6, 2023 (ECF No. 137). DOE filed its Answer to the TAC on October 13, 2023 denying any liability on its behalf, with an affirmative defense based upon the expiration of the statutes of limitations for the HRL claims (ECF No. 139). The TAC is now the operative complaint upon which DOE moves. Fact discovery in the case is complete, including plaintiff's deposition testimony conducted on July 27, 2023, and July 28, 2023 (Dainow Decl., at Exhibits "A" and "B", respectively).

## **LEGAL STANDARD**

### Rules 56(a) and (c)

DOE moves for summary judgment pursuant to Fed. R. Civ Pro. 56(a) and (c) upon its showing that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. In doing so, DOE assumes, for the purposes of this motion only, that plaintiff's allegations surrounding the illegal sexual relationship are true, including that the harassing acts of the already-dismissed defendants occurred as alleged in the TAC and in her deposition testimony.

Even after making all such assumptions, resolving any ambiguities and drawing all factual inferences in favor of the plaintiff, as this Court must, DOE is entitled to judgment as a matter of law. *Barrett v. Gregory Hotel Holdings, Inc.,* No. 19-CV-1042 (FB), 2022 U.S. Dist. LEXIS 53377 *2 (EDNY, March 24, 2022). *See also, Sloley v. VanBramer*, 945 F. 3d 30, 36 (2d Cir. 2019), citing*, Burg v. Gosselin*, 591 F. 3d 95, 97 (2d Cir. 2010).

A District Court must grant summary judgment "whenever it determines that there is no genuine issue of material fact to be tried." *U.S. Bank N.A. v. Crutch*, No. 09-CV-998 (FB), 2010 U.S. Dist. LEXIS 75481, *2 (EDNY 2010), quoting*, Savino v. City of New York,* 331 F. 3d 63, 71 (2d Cir. 2003), citing, *FRCP 56(c). See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The standard for granting or denying summary judgment is well settled. Summary judgment may only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *FRCP 56(a). See, Jacobson v. Metropolitan Property & Casualty Insurance Co.,* 672 F.3d 171, 174 (2d. Cir. 2012). "The party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying which materials it believes demonstrate the absence of a genuine issue of material fact." *Falise v. American Tobacco Co.*, 94 F. Supp 2d 316, 333, 2000 U.S. Dist. LEXIS 5758 *42 (EDNY 2000), (quoting, *Celotex,* 477 U.S. at 323). The burden then shifts to the non-moving party to show specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 202 (1986). "The mere existence of some peripheral factual dispute will not defeat an otherwise properly supported motion for summary judgment". (*Falise,* 94 F. Supp at 43, citing, *Anderson,* 477 U.S. at 247). "Only disputes over facts that might affect the outcome of the suit *under the governing law* will properly preclude

6

the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted". (*False,* 94 F. Supp at 43, citing, *Anderson,* 477 U.S. at 248, emphasis added).

Here, DOE seeks summary judgment based on the law governing plaintiff's HRL claims, *i.e.*, N.Y. CPLR §214-g (CVA), NYS Penal Law §130, et seq., and the respective Human Rights Laws plaintiff asserts, and also that there are no factual disputes which might affect the outcome of this case under those laws.

## ARGUMENT

### I.    THE CVA DOES NOT REVIVE CLAIMS BROUGHT UNDER THE NYS AND NYC HUMAN RIGHTS LAWS AND, THEREFORE, THESE CLAIMS ARE TIME-BARRED

On February 14, 2019, the CVA was signed into law in New York providing for, among other things, a one-year window in which survivors of childhood sexual abuse (as opposed to childhood harassment or discrimination) could bring legal actions against their abusers and organizations that could have, but did not, take actions to stop or prevent the sexual abuse. In her TAC, plaintiff seeks to revive otherwise time-barred and expired claims under the NYS and NYC HRLs. It is undisputed that the NYS HRL (Executive Law §296) and the NYC HRL (Administrative Code §8-107) relied upon by plaintiff in her TAC are governed by 3-year statutes of limitations (*see*, NYS Executive Law §297, NYC Administrative Code §8-502 and NY CPLR §214(2) establishing 3-year statute of limitations). It is also undisputed that the acts upon which the plaintiff asserts liability under the HRLs are alleged to have occurred between 1998 – 2001, and that the present action was instituted in 2021, under the auspices of the CVA, well over a decade after the statute of limitations for bringing the HRL claims had expired. Finally, it is also undisputed that this Court has already ruled that the CVA did not revive plaintiff's federal claims, including her gender *discrimination* claim under Title IX, both of which carry 3-year statutes of limitation. *See also*, *Kane v. Mt. Pleasant Central School District*, 8 F. 4th 101 (2d Cir. 2023).

N.Y. CPLR §214-g, titled 'certain child sexual abuse cases', sets forth in pertinent part:

Notwithstanding any provision of law which imposes a period of limitation to the contrary … every civil claim or cause of action brought against any party alleging *intentional or negligent acts or omissions* by a person for physical, psychological or other injury or condition suffered as a result of *conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law* committed against a child less than eighteen years of age … or a predecessor statute that prohibited such conduct at the time of the act, which conduct was committed against a child less than eighteen years of age, which is barred as of the effective date of this section because the applicable period of limitations has expired … is hereby revived (emphasis added).

As an initial matter, it must be pointed out that there are no claims against DOE for any intentional act of subjecting plaintiff to any sexual offense. (*See generally,* ECF No. 137.) As this Court has determined, defendant Waltzer's alleged sexual offenses occurred outside the scope of his employment by DOE and that any illegal sexual acts occurred off DOE premises and, as such, no liability can be imputed to the DOE for those intentional acts. (The sexual assault claim against DOE has been dismissed.) Further, the Court has already ruled that there were no allegations that DOE was on notice or reasonably should have foreseen that any of the defendants (including the already-dismissed defendants) had a propensity to commit the alleged intentional and negligent acts in question, at any time, and that plaintiff has failed to set forth a claim of negligence against DOE. Based upon that finding, all negligence claims against DOE have been dismissed. (*See,* ECF No. 64, quoting, *Ashcroft v. Iqbal*, 566 U.S. 662, 663, 129 S. Ct. 1955, 167 L. Ed. 2d 939 (2007).) Plaintiff's TAC changes nothing with respect to the allegations against DOE, and there remain no cognizable claims for intentional or negligent acts by DOE. Rather, the TAC sets forth only general conclusory statements claiming that plaintiff was *discriminated* against based upon her being female. Nowhere within CPLR 214-g is a claim for discrimination, on any basis, mentioned as being the type of claim revived by the CVA.

8

In view of the above, plaintiff has failed to set forth a cause of action against DOE alleging intentional or negligent acts or omissions by DOE, the very first requirement for revival under CPLR 214-g. Since there is no factual dispute regarding whether plaintiff can allege either intentional or negligent acts by DOE, as those questions have already been decided by the Court as a matter of law, DOE is entitled to judgment in its favor that the CVA does not revive her HRL claims.

Turning next to the second requirement under CPLR 214-g, that a plaintiff must allege damages or injury suffered as a result of conduct which would constitute a sexual offense as defined in Article 130 of the Penal Law, plaintiff fails here, as well. Indeed, this Court has already found that the acts set forth in plaintiff's SAC, and repeated in her TAC, with similar generalized terminology do not rise to the level of sexual crimes set forth in Article 130 of the Penal Law for which revival is authorized under the CVA.  Following therefrom, the Court dismissed both the NYS and NYC HRL claims against all former defendants, including John Does 1 & 2, Eisenberg and Meiners (*see* Footnotes 2-3 to ECF No. 64). Plaintiff's own testimony, that she was never touched by any non-Waltzer former defendants, clearly establishes that none of their acts "constitute a sexual offense as defined in article one hundred thirty of the penal law" as required by the revival statute. To be sure, the acts of the non-Waltzer former defendants do not even meet the definition of the least serious offenses set forth in Penal Law §130, those being: "Sexual Misconduct" (Penal Law §130.20), a class A misdemeanor that requires sexual intercourse, oral or anal sex; and "Forcible Touching" (Penal Law §130.52), another class A misdemeanor that requires forcible touching of sexual or intimate parts.

Since the alleged acts by the dismissed defendants do not constitute a sexual offense as testified to by plaintiff herself, and have already been determined to fall outside of the sexual

offenses defined in Article 130 by this Court, they cannot now serve as the basis for the revival of any claim against DOE under any theory, including the HRLs, and moving defendant is entitled to judgment in its favor as a matter of law.

Finally, we turn to plaintiff's HRL claims under NYS law and the NYC Administrative Code. The preambles to both (*see*, N.Y. Executive Law §291 and NYC Administrative Code §8-101) clearly establish that both are anti-discrimination/anti-harassment legislation as opposed to legislation defining criminal sexual offenses, which are the required offenses in the CVA for revival to occur. Indeed, if the NY Legislature had intended to include conduct violative of the NYS and NYC HRL's as a predicate to reviving time-barred claims, it would have included those in 214-g. Absent that inclusion, violations of either the NYS or NYC HRLs may not serve as a basis for revival, and this Court ought not expand the language of 214-g to include HRL claims.

To the extent that plaintiff asserts that the acts of the former defendants constitute "attempted" sexual offenses, as a basis for revival of her barred claims, any such argument fails. Again, if the Legislature intended to include an "attempt" at a sexual offense as defined in the Penal Law (Penal Law §110) that provision would have been included in the revival law. "A person is guilty of an attempt to commit a crime, with the intent to commit a crime, he engages in conduct which tends to effect the commission of such crime". *People v. Warren,* 66 N.Y.2d 831, 832, 498 N.Y.S.2d 353, 489 N.E.2d 240 (1985). To establish an attempt, it must first be demonstrated that an individual intended to commit a crime. *People v. Warren,* supra., *People v. Hamilton,* 256 A.D.2d 922, 923, 682 N.Y.S.2d 276, leave denied, 93 N.Y.2d 874, 682 N.Y.S.2d 276 (1998). Secondly, there must be conduct tending to effect the commission of the crime. While such conduct does not have to constitute the final conduct necessary to complete the offense, it must carry "the project forward within dangerous proximity to the criminal end to be attained". *People v. Bracey,*

41 N.Y.2d 296, 300, 392 N.Y.S.2d 412, 711 N.E.2d 1094 (1977), quoting, *People v. Werblow,* 241 N.Y.2d 55, 61, 148 N.E. 786 (1925). Considering these required elements, it is clear that the acts asserted to have been undertaken by the former defendants do not constitute attempts to commit any sexual offenses. *People v. Horner*, 300 A.D.2d 841, 752 N.Y.S.2d 147 (3rd Dept. 2002).

The CVA, as a tort-specific statute requiring either intentional or negligent acts by a defendant to trigger revival of a time-barred claim, is inapplicable to plaintiff's present claims under the HRLs because plaintiff cannot demonstrate either type of act by the DOE. *Kane v. Mt. Pleasant Central School District*, 8 F. 4th 101 (2d Cir. 2023).

Based upon all of the foregoing, plaintiff's claims under the NYS and NYC HRLs are time-barred and DOE is entitled to judgment dismissing those claims, along with plaintiff's TAC against DOE in its entirety, as a matter of law.

## II. THE HUMAN RIGHTS LAWS RELIED UPON BY PLAINTIFF ARE INAPPLICABLE AND THE CLAIMS ASSERTED THEREUNDER FAIL AS A MATTER OF LAW

Notwithstanding the above, the CVA does not revive plaintiff's claims, and even if it did, plaintiff has failed to state a cause of action under either law. The overriding purpose of the Human Rights Laws is to bar discrimination against persons based upon their personal characteristics, traits, and decisions, among other things. *Capasso v. Metropolitan Transportation Authority*, 198 F. Supp. 2d 452, 465 (SDNY 2002), quoting, *Bruno v. Pembroke Management, Inc.*, 212 A.d.2d 314, 628 N.Y.S. 2d 971 (2d Dept. 1995). *See also*, *Tesoriero v. Syosset Central School District*, 382 F. Supp. 2d 387, 2005 U.S. Dist. LEXIS 22347 (2005). To that end, the laws contain numerous subdivisions, with multiple parts and subparts addressing a multitude of discriminatory practices in many walks of life. *See generally*, *NYS Executive Law §296; NYC Administrative Code §8-107.*

11

In her TAC, plaintiff cites only to the preambles to the HRLs (NYS Executive Law §291 and NYC Administrative Code §8-101) as having been violated, rather than the sections of the laws that set forth and define the unlawful discriminatory practices under the HRLs. This makes sense, because the sections that do address unlawful discriminatory practices afford plaintiff no relief in this action. While plaintiff does not specify which of the HRL's specific provisions or parts DOE is alleged to have violated beyond the sections setting forth the purposes behind the legislation, she has referred to the sections of the laws governing "places of public accommodation" in correspondence to the Court, specifically Executive Law §296(2)[2] and Administrative Code §8-107(4). Thus, it is clear that the provision relied upon by plaintiff is inapplicable because the State HRL contains a section that specifically addresses discrimination and harassment at "educational institutions". *See*, Executive Law §296(4). Notwithstanding same, 296(4) does not apply herein either (*see* below). With respect to the City HRL claims, plaintiff also relies upon the section regarding "places of public accommodation", which does not afford protections to "victims of sex offenses or stalking", which plaintiff alleges to be in this matter. For the reasons set forth below, neither of the Human Rights Laws asserted afford plaintiff a cause of action against DOE.

STATE HRL CLAIM

As a preliminary matter, to the extent that it is not entirely clear, plaintiff is a heterosexual female, identifies solely as such and purports that she was discriminated against at her schools on

---

[2] Executive Law §292, Definitions set forth: The term "place of public accommodation, resort or amusement" shall include, regardless of whether the owner or operator of such place is a state or local government entity or a private individual or entity, except as hereinafter specified, all places included in the meaning of such terms as: inns, taverns, road houses, hotels, motels… **Such term shall not include kindergartens, primary and secondary schools, high schools**, academies, colleges and universities, extension courses, and all educational institutions under the supervision of the regents of the state of New York… (Emphasis added). Clearly, Executive Law 296(2) does not apply to this action.

the basis of her sex, and not gender identity. (Dainow Decl., at Exhibit "B", P. 448, L. 15 – P. 449, L. 17.)

With respect to discrimination or harassment by educational institutions, Executive Law §296(4) sets forth in relevant part:

> It shall be an unlawful discriminatory practice of an educational institution to deny the use of its facilities to any person otherwise qualified or **permit the harassment of any student** or applicant, by reason of his race, color, religion …, **sex**, age … (Emphasis added).

While the law as it appears today would seem to cover discrimination or harassment of a student on the basis of sex, the fact is that 296(4) is inapplicable to the present case. This is because the discriminatory act of sexual harassment of a student by a teacher or educational institution on the basis of sex was not a violation of the State HRL applicable to schools until its provisions were amended to include such acts effective July 1, 2003 (*see* below). In this case, the acts complained of by the plaintiff all occurred well prior to July 2003.

Particularly instructive in this regard is the case of *Tesoriero v. Syosset Central School District*, 382 F. Supp. 2d 387, 2005 U.S. Dist. LEXIS 22347 (EDNY 2005). In that case, students brought an action for damages against their school district asserting, among other theories, liability under the NYHRL (Executive Law §296(4)) claiming they were sexually harassed by one of their teachers in the years 2000-2001, which the principal was aware of (unlike here). In addressing the NYS HRL claim, the court found that due to the time that the incidences were alleged to have occurred in the years 2000-2001 (similar to here), the claims were barred because 296(4) as it was in effect at the time did not allow students to sue a school for sexual harassment on the basis of sex.

The court further found that the NYS HRL's provisions, as amended to include the right to sue for harassment on the basis of sex did not apply retroactively, stating: "Section 296,

13

subdivision 4 is inapplicable to the present case because "sexual harassment by a teacher against a student was not a violation of the HRL until its provisions were amended effective July 1, 2003", and that the "NYHRL does not apply retroactively to acts preceding the effective date of its applicable provisions", citing, *Kwarren v. American Airlines,* 303 A.D.2d 722, 757 N.Y.S.2d 105 (2nd Dept. 2003); *Martinez-Tolentine v. Buffalo State College*, 277 A.D.2d 899, 715 N.Y.S.2d 554 (4th Dept. 2000). The court also pointed out that prior to the amendment effective July 1, 2003 (*see*, *Patriot Plan*, 2003 New York Laws, Chapter 106, §10), there was no section of the NYS HRL that expressly prohibited the sexual harassment of a student by a teacher or educational institution. *See*, *Tesoriero,* at 382 F. Supp. 2d 400.

This Court should hold the same, that the NYS HRL does not apply to plaintiff's claims, and grant judgment in favor of the DOE dismissing plaintiff's State HRL claim against it in its entirety.

CITY HRL CLAIM

To the extent that plaintiff purports to set forth a discrimination claim under NYC HRL §8-107(4) based upon her status as a victim of sexual harassment and/or sexual assault she may not do so. NYC Administrative Code §8-107(4), *Public accommodations*, sets forth, in relevant part:

a.    It shall be an unlawful discriminatory practice for any person who is the owner, … lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation:

1.   Because of any person's actual or perceived race, creed, color, national origin, age, gender, disability, marital status, partnership status, sexual orientation, … directly or indirectly:

(a) To refuse, withhold from, deny, to such person the full and equal enjoyment, on equal terms and conditions, of any accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation.

14

Similar to the CVA, the NYC HRL defines "Victims of sex offenses or stalking" as meaning "a victim of acts that would constitute violations of article 130 of the penal law" and/or the anti-stalker sections of the penal law. *See*, NYC HRL §8-102, *Definitions*.

As indicated in the plain language of §8-107(4), in the context of public accommodations such as schools or educational institutions, victims of sexual harassment, stalking and/or sexual assault are not designated as a protected class under the City HRL. "Although the City Human Rights Law does provide certain protections for victims of sex offenses or stalking in the employment and housing contexts, it does not extend those protections to claims for discrimination … in any place of public accommodation". *DiMauro v. Equinox Holdings, Inc.,* 2021 N.Y. Misc. LEXIS 703 *3 (Sup. Ct. N.Y. County, February 22, 2021). *See*, NYC Administration Code §8-107(1) limiting the protections of victims of sex offenses or stalking to the employment context. Of further note, victims of sex offenses or stalking did not become a protected class under the NYC HRL until December 2003, well after the acts complained of by the plaintiff. (*See*, NYC Local Law 75, December 22, 2003.) In view of the foregoing, the NYC HRL is inapplicable to plaintiff's claims and DOE is entitled to judgment as a matter of law in its favor.

With respect to any claim of discrimination that plaintiff purports to make based on her sex/gender, plaintiff has neither alleged any facts in her TAC nor testified to any that establish that she was treated differently than any other students based upon her gender. To survive summary judgment, it is the obligation of the plaintiff to put forth facts to demonstrate that she was subjected to differential or disparate treatment because of her membership in a protected class. *Schwarz v. Consolidated Edison, Inc.*, 147 A.D.3d 447, 47 N.Y.S.3d 9 (1st Dept. 2017); *Herrington v. Metro-North,* 118 A.D.3d 544, 988 N.Y.S.2d 581 (1st Dept. 2014). Since plaintiff fails to make any

showing of differential or disparate treatment due to her being a female, her discrimination claim

fails, as well, and DOE is entitled to summary judgment.

## **CONCLUSION**

For the foregoing reasons, DOE respectfully requests that summary judgment be granted

in its favor, that Plaintiff's Third Amended Complaint against it be dismissed in its entirety, and

for such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           November 8, 2023


HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
City of New York
*Attorney for Defendant DOE*
100 Church Street
New York, NY 10007
Tel: (212) 356-4362; (212) 356-0896


By: _____ /s/ _____
      John Doody & Jacquelyn
      Dainow
      Assistant Corporation Counsels

16