UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

JANE DOE,

                              *Plaintiffs*,

             -against-

NEW YORK CITY DEPARTMENT OF EDUCATION, MARK WALTZER, DOUGLAS MEINERS, MICHAEL EISENBERG AND JOHN DOES #1 THROUGH #2,

                              *Defendants*.

------------------------------------------------------------------ X

**DEFENDANT DOE'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS**

21-cv-4332 (FB)(RML)

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1, and in support of Defendant New York City Department of Education ("DOE")'s motion for summary judgment, Defendant DOE, by and through its counsel, Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, submits the following statement of material facts as to which Defendant DOE contends that there exists no genuine issue of material facts to be tried herein:

1. Plaintiff Jane Doe filed a Complaint on August 2, 2021 (ECF No. 1).

2. Plaintiff Jane Doe filed a First Amended Complaint ("FAC") on August 24, 2021 (ECF No. 9).

3. Plaintiff Jane Doe filed a Second Amended Complaint ("SAC") on November 30, 2021 (ECF No. 19).

4. This Court issued a Memorandum & Order dated March 20, 2023 dismissing all of Plaintiff's claims against former defendants John Doe # 1 ("custodian"); John Doe # 2 ("Aaron"); Douglas Meiners ("Meiners"); and Michael Eisenberg, deceased ("Eisenberg") on the merits (ECF No. 64).

5. In this Order, the Court also granted partial dismissal of Plaintiff's state law claims as time-barred and, on the merits, disposed of her claims against DOE for negligence, including *respondeant superior*, negligent hiring, training, supervision, and retention; sexual assault; intentional infliction of emotional distress ("IIED"); and declaratory and injunctive relief (*id.*).

6. In its motion to partially dismiss Plaintiff's SAC, DOE did not seek dismissal of Plaintiff's two remaining state law claims against it purportedly brought under the NYS Human Rights Law (Executive Law §296) and NYC Human Rights Law (Administrative Code §8-107) (ECF Nos. 40, 64).

7. Plaintiff Jane Doe filed a Third Amended Complaint ("TAC") on October 6, 2023 (ECF No. 137). The TAC is now the operative Complaint in this action.

8. DOE filed its Answer to the TAC on October 13, 2023 denying any liability on its behalf, with an affirmative defense based upon the expiration of the statutes of limitation for the Human Rights Law claims (ECF No. 139).

9. Plaintiff Jane Doe was deposed on July 27, 2023 and July 28, 2023 (*see* Declaration of Jacquelyn Dainow, dated November 8, 2023 ("Dainow Decl."), at Exhibits "A" and "B", respectively).

10. In her TAC, Plaintiff alleges that while she was a student attending Francis Lewis High School ("FLHS") in Queens, she engaged in an illegal sexual relationship with co-defendant Mark Waltzer ("Waltzer"), who was a social studies teacher and hall dean at FLHS at the time (ECF No. 137).

11. Plaintiff further claims that during the sexual relationship she was either fifteen (15) or sixteen (16) years of age (*id.*).

12. Plaintiff also claims that at all times during the relationship while she was attending FLHS, she was under the age of seventeen (17), the age of consent in New York State (*id.*).

13. Plaintiff additionally alleges that she only informed Meiners, a gym teacher at FLHS, of her sexual relationship with Waltzer, and that John Does 1 and 2, Meiners, and Eisenberg all committed "sexual offenses" against her (*id.*).

14. Plaintiff also testified that she only told Meiners about her sexual relationship with Waltzer (Dainow Decl., at Exhibit "A", P. 130, L. 19 - P. 131, L. 2; Exhibit "B", P. 327, L. 14 - P. 328, L. 8.)

15. The acts upon which Plaintiff claims liability against DOE under the NYC and NYS Human Rights Laws are alleged to have occurred between 1998 – 2001 (ECF No. 137).

16. Plaintiff does not assert any claims against DOE for any intentional act of subjecting plaintiff to any sexual offense. (*See generally, id.*)

17. Plaintiff further alleges the "custodian" (John Doe # 1) "kidnapped" her and attempted to have sex with her (*id.*).

18. Plaintiff testified that one day while walking to I.S. 237, her middle school, this "custodian" offered her a ride to school which she voluntarily accepted. (Dainow Decl., at Exhibit "A", P. 34, L. 23 – P. 35, L. 20).

19. Plaintiff further testified that instead of taking her to school, the "custodian" took her to a motel, got a key to a room, and she accompanied him into the

room. At no time was she forced or compelled to get into the car or the motel room. While in the room, she had a conversation with the "custodian" and became uncomfortable. There were no threats made to Plaintiff and no touching of Plaintiff by the "custodian." The "custodian" then offered to take her back to school and did so (*id.*, P. 36, L. 19 – P. 44, L. 17).

20. Plaintiff also testified that she did not report this alleged incident to anyone at I.S. 237 (Dainow Decl., at Exhibit "B", P. 314, L. 21-25).

21. Plaintiff further testified that while she was attending FLHS, she had an "uncomfortable" conversation with Eisenberg about another teacher (Meiners) allegedly harassing her. During this conversation, Eisenberg allegedly told Plaintiff that he would "marry her in a second" (*id.*, P. 398, L. 6 – P. 402, L. 9).

22. Yet, Plaintiff also testified that at no point during this conversation did Eisenberg touch her or make any sexual advances toward her. Further, Plaintiff did not report this conversation to anyone at FLHS (*id.*, P. 406, L. 23 – P. 407, L.12).

23. Plaintiff alleges that John Doe # 2 ("Aaron"), a supposed Spanish teacher at FLHS, "stalked" and "targeted" her for sex (ECF No. 137).

24. Plaintiff testified that he followed her around school, took the same bus as she did, and that she constantly bumped into him. He called her home, asked to be her boyfriend and allegedly asked to leave a class she was attending for a five-minute conversation when he told her he loved her. She immediately returned to class. Yet, Plaintiff acknowledged that "Aaron"

      never touched her and also did not make any physical or verbal sexual advances toward her. (Dainow Decl., at Exhibit "B", P. 279, L. 20 – P. 285, L. 23).

25. Plaintiff also testified that she never reported any interactions with "Aaron" to anyone at FLHS (*id.*, P. 292, L. 5 – 293, L. 5).

26. Plaintiff testified that sometime in 2001, she voluntarily accompanied Meiners and another "younger gym teacher" off school grounds to a nearby park where they played chess and had a conversation. There was no physical contact between them, and Plaintiff does not recall the subject of the conversation. (Dainow Decl., at Exhibit "A", P. 130, L. 19 – P. 132, L. 12; Exhibit "B", P. 374 L. 8 – P. 376, L. 13).

27. Plaintiff testified to a single occasion when she claims Meiners "tried to kiss" her. She stated that Meiners had a hand on the wall next to her when he leaned in for a kiss. There was no physical contact, she avoided the kiss, and left the room and avoided him thereafter. (Dainow Decl., at Exhibit "B", P. 354, L. 16 – P. 356, L. 18).

28. Plaintiff did not advise anyone in authority at FLHS about the encounter (*id.*, P. 388, L. 6 – 15).

29. Plaintiff is a heterosexual female, identifies solely as such and purports that she was discriminated against at her schools on the basis of her sex, and not gender identity. (*id.*, P. 448, L. 15 – P. 449, L. 17.)

Dated: November 8, 2023
      New York, New York

                      **HON. SYLVIA O. HINDS-RADIX**
                      Corporation Counsel of the
                        City of New York
                      *Attorney for Defendant DOE*
                      100 Church Street
                      New York, New York 10007
                      (212) 356-0896s
                      jadainow@law.nyc.gov

By:      /s/ Jacquelyn Dainow
                Jacquelyn Dainow
                Assistant Corporation Counsel