21 CV 4332 (FB)(RML)

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION, CITY OF NEW YORK, MARK WALTZER, DOUGLAS MEINERS, MICHAEL EISENBERG AND JOHN DOES #1 THROUGH #2,

                Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DOE'S MOTION FOR SUMMARY JUDGMENT TO DISMISS THE THIRD AMENDED COMPLAINT ("TAC") PURSUANT TO RULES 56(A) AND (C) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

        ***HON. SYLVIA O. HINDS-RADIX***
*Corporation Counsel of the City of New York*
   *Attorney for Defendant DOE*
   *100 Church Street*
   *New York, N.Y.  10007*

   *Of Counsel: John Doody ; Jacquelyn Dainow*
   *Tel:  (212) 356-4362 ; (212) 356-0896*
   *Matter No. 2021-022733*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ II

ARGUMENT………………………………………………………………………………...1

      A.  Plaintiff's Discrimination Claims Under The HRLs Are Time-Barred ...................................................................... 1

      B.  CPRL 208(b) Allows Victims of Sexual Abuse that Occurred *After* the Enactment of the CVA to Sue until They Reach Age 55; 208(b) Does Not Apply to Incidents that Occurred *Prior* to the Enactment of the CVA and, Thus, Is Inapplicable to Plaintiff ...................................................................... 2

      C.  The 2003 Amendment to the NYS Human Rights Law (NYS Executive Law §296(4)) Has No Retroactive Effect ............................................................... 7

      D.  Plaintiff Has Failed to Set Forth a Prime Facie Case of Discrimination ................................................................... 10

CONCLUSION ................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                               **Pages**

*Aetna Life Insurance Co. v. Enter. Mortgage Acceptance Corp.*,
   391 F.3d 401 (2d Cir. 2004) ................................................................................................ 8-9

*Bradley v. Richmond School Board,*
   416 U.S. 696, 94 S. Ct. 2006,
   40 L. Ed. 2d 476 (1974)............................................................................................................7, 8

*City Of N.Y. v. Permanent Mission of India*,
   618 F. 3d 172 (2d Cir. 2010) ......................................................................................................9

*Commonwealth of N. Mariana Is. v. Canadian Imperial Bank of Commerce,*
   21 N.Y.3d 55, 990 N.E.2d 114,
   967 N.Y.S.2d 876 (2013)........................................................................................................4, 6

*Connecticut National Bank v. Germain*,
   503 U.S. 249, 112 S. Ct. 1146, 117 L. Ed. 2d 391
   (1992) ..........................................................................................................................................6

*Duetsch v. Catherwood*,
   31 N.Y.2d 481, 294 N.E.2d 193,
   341 N.Y.S.2d 600 (1973)............................................................................................................8

*Gleason v. Michael Vee, Ltd.*,
   96 N.Y.2d 117, 749 N.E.2d 724,
   726 N.Y.S.2d 45 (2001)..............................................................................................................8

*Herrington v. Metro-North,*
   118 A.D.3d 544, 988 N.Y.S.2d 581
   (1st Dept. 2014)........................................................................................................................10

*Jacobus v. Colgate,*
   217 N.Y. 235, 111 N.E. 837 (1916, Cardozo J.).................................................................. 7-8

*Jones v. Bill,*
   10 N.Y.3d 550, 890 N.E.2d 884,
   860 N.Y.S.2d 769 (2008)............................................................................................................5

*Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*,
   No. 19-CV-707S, 2022 U.S. Dist. LEXIS
   105107 (W.D.N.Y. June 13, 2022) ............................................................................................3

*Kaiser Aluminum & Chemical Corp. v. Bonjorno*,
   494 U.S. 827, 108 L.Ed. 2d 842, 110 S.
   Ct. 1570 (1990) (Scalia, J., concurring) .....................................................................................8

**Cases**                                                                                                                  **Pages**

*Kane v. Mt. Pleasant Central School District,*
   8 F. 4th 101 (2d Cir. 2023) ...................................................................................................3

*Landgraf v. USI,*
   511 U.S. 244, 114 S. Ct. 1483,
   1497 128 L. Ed. 2d 229 (1994)¶ ...........................................................................................8

*Longines-Wittnauer Watch Co. v. Barnes & Reinicke*
   15 N.Y.2d 443, 453, 209 N.E.2d 68, 261 N.Y.S.2d 8 (1965)................................................8

*Majewski v. Broadalbin-Perth Central School District,*
   91 N.Y.2d 577, 696 N.E.2d 978,
   673 N.Y.S.2d 966 (1998)............................................................................................5, 7, 9

*Matter of Manouel v. Board of Assessors,*
   25 N.Y.3d 46, 29 N.E.3d 881,
   6 N.Y.S.3d 534 (2015) ...........................................................................................4-5, 6

*Mulligan v. Murphy,*
   14 N.Y.2d 223, 199 N.E.2d 496,
   250 N.Y.S.2d 412 (1964)........................................................................................................8

*People v. Galindo,*
   38 N.Y.3d 199, 191 N.E.3d 1136,
   171 N.Y.S.2d 865 (2022).............................................................................................5, 8, 9

*Perrin v. United States,*
   444 U.S. 37, 100 S. Ct. 311,
   62 L. Ed. 2d 199 (1979)..........................................................................................................5

*Pioneer Investment Service Co. v. Brunswick Associates Ltd. Partnership,*
   507 U.S. 380, 113 S. Ct. 1489,
   123 L. Ed. 2d 199 (1993).........................................................................................................5

*Reddington v. Staten Island University Hospital,*
   511 F. 3d 126, 133 (2d Cir. 2007),
   *certified question accepted,* 9 N.Y.3d 1020, 881 N.E.2d 214,
   851 N.Y.S.2d 118 (2008),
   *and certified question answered,* 11 N.Y.3d 80, 881 N.E.2d 120,
   862 N.Y.S.2d 842 (2008)........................................................................................................4

*Riley v. County of Broome,*
   95 N.Y.2d 455, 742 N.E.2d 98,
   719 N.Y.S.2d 623 (2000).......................................................................................................5

**Cases**                                                                                                          **Pages**

*S.H. v. Diocese of Brooklyn*,
   205 A.D.3d 180 (2nd Dept. 2022)..................................................................................3

*Samiento v. World Yacht,*
   10 N.Y.3d 70, 890 N.E.2d 990,
   854 N.Y.S.2d 83 (2008)...............................................................................................4

*Schwarz v. Consolidated Edison, Inc.*,
   147 A.D.3d 447,
   47 N.Y.S.3d 9 (1st Dept. 2017)..................................................................................10

*Sega v. State,*
   60 N.Y.2d 183, 456 N.E.2d 1174,
   469 N.Y.S.2d 51 (1983)...............................................................................................5

*Sweet v. Sheahan,*
   235 F.3d 80 (2d Cir. 2000) .........................................................................................9

*Tesoriero v. Syosset Central School District*,
   382 F. Supp. 2d 387, 2005 U.S. Dist. LEXIS
   22347 (EDNY 2005) ..................................................................................................7

*Thompkins v. Hunter,*
   149 N.Y. 117, 43 N.E.532 (1896)...............................................................................5

**Statutes**

CPLR § 208(b)..............................................................................................................2, 3

CPLR § 214-g ...............................................................................................................2, 3

Fed. R. Civ. P. 30(b)(6)....................................................................................................1

Fed. R. Civ. P. 56(a).........................................................................................................1

Fed. R. Civ. P. 56(c).........................................................................................................1

NY Penal Law § 130........................................................................................................3

NY Penal Law § 130.20 ..................................................................................................4

NYS Executive Law § 296..............................................................................................9

NYS Executive Law § 296(4).....................................................................................7, 9

**Cases**                                                                                                              **Pages**

**Other Authorities**

McKinney's Consolidated Law of NY, Book 1, Statutes § 74 ........................................................6

McKinney's Consolidated Laws of NY, Book 1, Statutes § 52........................................................8

Defendant New York City Department of Education ("DOE") respectfully submits this Reply Memorandum of Law in further support of its Motion for Summary Judgment to dismiss the Third Amended Complaint ("TAC") pursuant to Rules 56(a) and (c) of the Federal Rules of Civil Procedure. Defendant moves for judgment in its favor as a matter of law for a dismissal of Plaintiff's remaining NYS and NYC Human Rights Law ("HRL") discrimination claims. For the reasons set forth in Defendant's Memorandum of Law in Support of its Motion for Summary Judgment, which are unchanged by Plaintiff's opposition, and amplified herein, the Court should grant Defendant's motion.

## ARGUMENT

### A.  Plaintiff's Discrimination Claims Under The HRLs Are Time-Barred

Plaintiff claims that there are fact issues in this matter which preclude summary judgment in DOE's favor. However, that is not the case. As acknowledged in its moving papers, for the purposes of its motion here, DOE assumes that Plaintiff's allegations surrounding the illegal sexual relationship and any sexual harassment by DOE employees are true. That has not changed, nor has anything Plaintiff raised in her opposition changed those facts. Indeed, the facts remain the same today as they were when considered by the Court in the prior dismissal motion in the case. In spite of that, it appears that under the guise of injecting new facts into the case in an effort to muddy the waters enough to avoid summary judgment, Plaintiff seeks to point to the Fed. R. Civ. P. 30(b)(6) testimony of DOE witness Theresa Europe[1] for the proposition that DOE did not have policies or measures in place to prevent illegal sexual contact between teachers and students; no policies in

---

[1] Of note, Plaintiff did not provide DOE's counsel with the original transcript purportedly relied upon by her, after her counsel affirmatively agreed to do so at the commencement of the deposition, until it was included as an exhibit to her opposition papers and, as such, it should not be considered. Nonetheless, the testimony doesn't raise any factual issues in the case, but instead appears to seek to revive Plaintiff's already dismissed negligent training and supervision claims.

place to address the risk of sexual assault faced by female students (DOE doesn't differentiate based upon the sex of the victim); and that school principals actually have some autonomy. It is inarguable that these "facts", even if conceded, go to hiring, training, supervision and retention by DOE. As such, these "facts" would only go to the negligent hiring, training, supervision and retention claims previously asserted by Plaintiff, along with the *respondeat superior* claim she previously asserted in this case, but which have already been dismissed by this Court on the merits in its Decision and Order of March 20, 2023 (ECF No. 64).

There are no factual issues presented here that may prevent summary judgment. The only outstanding questions to be addressed by the Court are legal ones. Those are: 1) does the CVA revive Plaintiff's discrimination claims under the State and City Human Rights Laws; 2) was the applicable amendment to the NYS HRL which granted students the right to sue school districts for discrimination based upon sex/gender clearly meant to be applied retroactively; and 3) has Plaintiff set forth a claim for discrimination under the Human Rights Laws as a matter of law. All three are purely legal questions, and the answer to each is "no".

**B.     CPRL 208(b) Allows Victims of Sexual Abuse that Occurred *After* the Enactment of the CVA to Sue until They Reach Age 55; 208(b) Does Not Apply to Incidents that Occurred *Prior* to the Enactment of the CVA and, Thus, Is Inapplicable to Plaintiff**

Plaintiff makes much of fact that DOE did not move for summary judgment under CPLR 208(b) in its original motion and as such, her claim is timely. However, as with all of the negligence claims previously asserted and dismissed, that issue was already briefed in DOE's dismissal motion, with the Court applying CPLR 214-g in dismissing Plaintiff's federal claims. Plaintiff is well aware that CPLR 208(b) does not apply to her claims here.

The law enacting CVA became effective on February 14, 2019. CPLR 214-g is the revival provision, which applies to incidents that occurred prior to the enactment of the CVA, and CPLR

2

208(b) provides a new statute of limitations for victims of abuse that took place after the CVA's enactment.

CPLR 214-g created a two-year window—until August 14, 2021—during which the Plaintiff brought the present action, so it is the operative statute here. This provision applies to victims of abuse that took place *before* the enactment of the CVA. *See, Kane v. Mt. Pleasant Central School District,* 8 F. 4th 101 (2d Cir. 2023); *S.H. v. Diocese of Brooklyn*, 205 A.D.3d 180 (2nd Dept. 2022) ("CPLR 214-g is a distinct component of the CVA, and is clearly a revival statute").

Additionally, the CVA included a provision that prospectively extended the statute of limitations for victims of child sexual abuse until the plaintiff's 55th birthday. *See* CPLR 208(b). The Second Department affirmed that 208(b) applies prospectively, *i.e.*, to victims of abuse that occurred after the enactment of the CVA. *See S.H.*, 205 A.D.3d 180 (2nd Dept. 2022) (noting victims now have until their 55th birthday to bring lawsuits, whereas previously "the applicable statute of limitations for such actions typically would begin to run when the victim reached the age of 18"). Similarly, a recent decision noted that, in addition to the "claim-revival provision" (*i.e.*, 214-g), "[a]nother part of the CVA, newly created C.P.L.R. 208 (b), extended the infancy tolling of the statute of limitations for certain child sex abuse crimes from age 18 to age 55." *Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, No. 19-CV-707S, 2022 U.S. Dist. LEXIS 105107, at *8-9 (W.D.N.Y. June 13, 2022). Here, the alleged abuse unquestionably took place over twenty years ago, Plaintiff brought her action within the two-year window, and the revival provision (214-g) applies. As 208(b) extended the statute of limitations until the age of 55 only for victims of abuse that took place after its enactment in 2019, that provision is not applicable. Regardless, with respect to the claims revived or tolled (namely, claims alleging sexual offenses as defined in Penal

3

Law 130[2], as opposed to discrimination claims such as those asserted by Plaintiff here), the plain language of both provisions of the CVA makes clear that the required predicate for the revival or tolling of an expired claim is that the injury/damages were suffered "as a result of conduct that constitutes a sexual offense as defined in article one hundred thirty of the penal law" or a predecessor sex crime law. The language is clear and unambiguous – the applicable criminal sex crimes are recited in the law, including incest statutes and sexual performance statutes, and any applicable predecessor sex crimes (none of which Plaintiff can point to here). This is the entire universe of claims that shall be revived/tolled under the CVA and it is exhaustive. Plaintiff's attempt to expand that universe to include discrimination, based solely on the needs of keeping her two remaining claims against DOE alive must not be permitted, and the law is well-settled in that regard.

When federal courts consider issues of New York law, their task is "to determine how the New York Court of Appeals would decide them." *Reddington v. Staten Island University Hospital,* 511 F. 3d 126, 133 (2d Cir. 2007), *certified question accepted,* 9 N.Y.3d 1020, 881 N.E.2d 214, 851 N.Y.S.2d 118 (2008), *and certified question answered,* 11 N.Y.3d 80, 881 N.E.2d 120, 862 N.Y.S.2d 842 (2008).

The NY Court of Appeals has repeatedly held that "where the statutory language is clear and unambiguous courts must give effect to its plain meaning." *Samiento v. World Yacht,* 10 N.Y.3d 70, 78, 890 N.E.2d 990, 854 N.Y.S.2d 83 (2008) (collecting cases), *see also*,

---

[2] Plaintiff repeatedly and continually uses the term "sexual misconduct" throughout her opposition, seemingly in an attempt to differentiate the acts of the dismissed Defendants from sexual harassment, which this Court has already found them to be. However, "sexual misconduct" is a crime defined in Penal Law §130.20 and requires the engagement in sexual intercourse, oral or anal sexual conduct, or sex with an animal or dead human. There are no allegations approaching such conduct by the dismissed Defendants here.

4

*Commonwealth of N. Mariana Is. v. Canadian Imperial Bank of Commerce,* 21 N.Y.3d 55, 60, 990 N.E.2d 114, 967 N.Y.S.2d 876 (2013) (citations omitted); *Matter of Manouel v. Board of Assessors,* 25 N.Y.3d 46, 49, 29 N.E.3d 881, 6 N.Y.S.3d 534 (2015). "As a general proposition, we need not look further than the unambiguous language of the statute to discern its meaning." *Jones v. Bill,* 10 N.Y.3d 550, 554, 890 N.E.2d 884, 860 N.Y.S.2d 769 (2008); *see also, Majewski v. Broadalbin-Perth Central School District,* 91 N.Y.2d 577, 583, 696 N.E.2d 978, 673 N.Y.S.2d 966 (1998) ("As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof"); *Sega v. State,* 60 N.Y.2d 183, 190-191, 456 N.E.2d 1174, 469 N.Y.S.2d 51 (1983) ("Generally, a statute is to be construed according to the ordinary meaning of its words, and resort to extrinsic matter is inappropriate when the statutory language is unambiguous and the meaning unequivocal" (internal citations omitted)). "In construing statutes, it is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity, there is no room for construction and courts have no right to add to or take away from that meaning", *Majewski*, 91 N.Y.2d at 583, *quoting*, *Thompkins v. Hunter,* 149 N.Y. 117, 122-123, 43 N.E.532 (1896). "Indeed, as a general rule, unambiguous language of a statute is alone determinative", *People v. Galindo,* 38 N.Y.3d 199, 203, 191 N.E.3d 1136, 171 N.Y.S.2d 865 (2022), *quoting, Riley v. County of Broome,* 95 N.Y.2d 455, 463, 742 N.E.2d 98, 719 N.Y.S.2d 623 (2000).

The Supreme Court has concluded similarly, holding that traditional principles of statutory construction require that the words in a statute be accorded their "ordinary, contemporary, common meaning." *Pioneer Investment Service Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S. Ct. 1489, 1495, 123 L. Ed. 2d 199 (1993)*, quoting, Perrin v. United States,* 444 U.S.

5

37, 42, 100 S. Ct. 311, 314, 62 L. Ed. 2d 199 (1979). Courts must "presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut National Bank v. Germain*, 503 U.S. 249, 112 S. Ct. 1146, 1149, 117 L. Ed. 2d 391 (1992) (citations omitted).

In this instance, in the plain language of the CVA, the legislature included specific applicable criminal statutes pursuant to which claims must be brought for such claims to be revived after the expiration of the statute of limitations or for the tolling of such expired statutes of limitations. Neither the NYS HRL nor the NYC HRL are included in the CVA as statutes that result in revival or tolling. Indeed, Plaintiff's original causes of action that were based upon a delineated criminal law under the CVA – sex crimes, have been dismissed by this Court as to DOE and the former Defendants, and her negligence claims, including *respondeat superior*, negligent hiring, training, supervision, and retention, and intentional infliction of emotional distress, have been dismissed, as well. The only remaining claims are for discrimination under the HRLs and those are not revived or tolled by the clear language of the CVA. It is abundantly clear that the legislature was aware of the statutes it included in the legislation and if it had desired that the CVA would revive or toll HRL claims, or any claims other than those specified in the law, it would have included those. Here, because the CVA lacks any reference to any statutes other than the enumerated sex crimes, this Court must presume that the legislature intentionally omitted HRL claims from coverage under that statute. (*See,* McKinney's Consolidated Law of NY, Book 1, Statutes §74 "the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended"). Accordingly, this Court must decline to "read into the statute that which was specifically omitted by the legislature." *Matter of Manouel,* 25 N.Y.3d at 50, *quoting, Commonwealth of the N. Mariana Is.,* 21 N.Y.3d 62. In view of the foregoing, both of Plaintiff's remaining claims under the NYS and NYC Human Rights Laws are

6

time-barred and DOE is entitled to judgment in its favor as a matter of law disposing of those claims in their entirety.

C.   **The 2003 Amendment to the NYS Human Rights Law (NYS Executive Law §296(4)) Has No Retroactive Effect**

In reaching for a possible retroactive effect of the amendment to the NYS HRL in 2003 to permit discrimination claims by students against educational institutions based upon the sex of the student (as we have here), Plaintiff asks the Court to disregard the clear language of the amendment and the well-reasoned cited case from this very District (*Tesoriero v. Syosset Central School District*, 382 F. Supp. 2d 387, 2005 U.S. Dist. LEXIS 22347 (EDNY 2005)) that addresses the very amendment Plaintiff seeks to rely upon here in her NYS discrimination claim against DOE. Instead, Plaintiff asks the Court to rely exclusively on an inapplicable Supreme Court decision in *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S. Ct. 2006, 40 L. Ed. 2d 476 (1974)[3] addressing an irrelevant federal statute, and to ignore long-standing and recent Supreme Court, Second Circuit and, most importantly for our purposes, NYS Court of Appeals precedents holding that retroactive application of laws, particularly amendments, are highly disfavored.

The well settled rules with respect to statutory construction of New York laws have been laid out above and will not be repeated here. As stated many times over by the NYS Court of Appeals: "It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it." *Majewski*, 91 N.Y.2d at 584 (*see, Jacobus v. Colgate,* 217

---

[3] *Bradley* addressed protracted school desegregation litigation spanning over 10 years, and awarded prevailing plaintiffs one year of legal fees after federal procedural law was changed to award such fees, while an appeal was pending in the case, based upon the Court's interpretation of the intent of Congress that such fees should have been awarded retroactivity for that one-year period. *Bradley* is simply not instructive to the present matter.

N.Y. 235, 240, 111 N.E. 837 (1916, Cardozo J.) ("the general rule is that statutes are to be construed as prospective only. It takes a clear expression of the legislative purpose to justify a retroactive application"); *Landgraf v. USI*, 511 U.S. 244, 265, 114 S. Ct. 1483,1497 128 L. Ed. 2d 229 (1994) ("the presumption against retroactive application of legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine older than our Republic"); *see also, People v. Glandino*, 38 N.Y.3d at 207; *Duetsch v. Catherwood*, 31 N.Y.2d 481, 490, 294 N.E.2d 193, 341 N.Y.S.2d 600 (1973); *Mulligan v. Murphy,* 14 N.Y.2d 223, 226, 199 N.E.2d 496, 250 N.Y.S.2d 412 (1964).

"Furthermore, it is axiomatic that an amendment will have prospective application only, unless its language clearly indicates that a contrary interpretation applies." *Duetsch*, 31 N.Y.2d at 489-490. "Amendments are presumed to have prospective application unless the Legislature's preference is explicitly stated or clearly indicated." *Gleason v. Michael Vee, Ltd.*, 96 N.Y.2d 117, 122, 749 N.E.2d 724, 726 N.Y.S.2d 45 (2001). *See also*, McKinney's Consolidated Laws of NY, Book 1, Statutes §52. The Court of Appeals has also held that where, as here, the effect of the statute "is to create a right of action" which did not previously exist, it is presumed that the statute was intended to have prospective application only. *Longines-Wittnauer Watch Co. v. Barnes & Reinicke,* 15 N.Y.2d 443, 453, 209 N.E.2d 68, 261 N.Y.S.2d 8 (1965). *See also, Jacobus, and Duetsch, supra*.

U.S. Supreme Court and Second Circuit precedents say the same. In addition to the language of *Landgraf* cited above (which is post-*Bradley v. Richmond*, the only case relied upon by Plaintiff for retroactive application), the Court also stated: "Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectation should not be lightly disrupted. For that reason, the

8

'principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal.'" *Landgraf*, 511 U.S. at 265, *quoting*, *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 855, 108 L.Ed. 2d 842, 110 S. Ct. 1570 (1990) (Scalia, J., concurring). *See also*, *Aetna Life Insurance Co. v. Enter. Mortgage Acceptance Corp.*, 391 F.3d 401, 405-407 (2d Cir. 2004); *Sweet v. Sheahan,* 235 F.3d 80, 89 (2d Cir. 2000); *City Of N.Y. v. Permanent Mission of India*, 618 F. 3d 172, 192 (2d Cir. 2010) (Retroactivity is not favored under the law and there is strong presumption against retroactive application of legislation).

Turning now to the amendment to Executive Law §296(4) signed into law on July 1, 2003, there is nothing in the text of the statute that "expressly or by necessary implication" requires retroactive application of the statute as amended (*Majewski,* 91 N.Y.2d at 584; *Galindo,* 38 N.Y.3d at 207). Further, there is nothing in the legislative history to support such an interpretation. The Amendment, dubbed the "Patriot Plan", was enacted in 2003 during the Iraq War to primarily protect armed service members who were forced to miss time from work or school from being discriminated against upon their return from service, so it was clearly prospective. Coincidentally, the amendment added sex/gender as a protected class for discrimination claims against a school for the first time in the same amendment. Of note, Executive Law §296 as applicable to discriminatory acts of education institutions had been in effect for decades before discrimination based upon sex/gender became actionable. This lengthy lapse in time weighs greatly against retroactive application and any argument that the amendment was remedial in purpose requiring retroactive effect fails. Since the legislature did not explicitly state or clearly indicate, either in the amendment itself or in its legislative history, that the July 1, 2003 amendment should apply retroactively, this Court must assume that the amendment was to have prospective application.

9

Since the amendment was not in effect at the time of Plaintiff's claims in this matter, it is inapplicable and Plaintiff has no cause of action under the NYS HRL. As such, DOE is entitled to judgment in its favor as a matter of law dismissing that claim.

**D.     Plaintiff Has Failed to Set Forth a Prime Facie Case of Discrimination**

Notwithstanding that the CVA does not revive or toll either of Plaintiff's HRL claims and that she does not have a NYS HRL claim, none of Plaintiff's arguments in support of her discrimination claims under the Human Rights Laws are persuasive. While Plaintiff again seeks to muddy the water in this regard, Plaintiff has neither alleged any facts in her TAC nor testified to any that establish that she was treated differently than any other students based upon her female gender beyond her own, unsupported conclusion. She sets forth no facts, other than feeling uncomfortable in school at times, supporting that she was denied access to any service or accommodation based upon her gender/sex. As demonstrated in DOE's original motion papers, in order to survive summary judgment, it is the obligation of the plaintiff to put forth facts to demonstrate that she was subjected to differential or disparate treatment because of her membership in a protected class. *Schwarz v. Consolidated Edison, Inc.*, 147 A.D.3d 447, 47 N.Y.S.3d 9 (1st Dept. 2017); *Herrington v. Metro-North,* 118 A.D.3d 544, 988 N.Y.S.2d 581 (1st Dept. 2014). Here, Plaintiff has not done so and her failure to show differential or disparate treatment due to her being a female is fatal to her discrimination claims.

## CONCLUSION

For the foregoing reasons, as well as the reasons contained in DOE's moving papers, DOE respectfully requests that summary judgment be granted in its favor, that Plaintiff's Third Amended Complaint against it be dismissed in its entirety, and for such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        December 22, 2023

                HON. SYLVIA O. HINDS-RADIX
                Corporation Counsel of the
                City of New York
                *Attorney for Defendants*
                100 Church Street
                New York, NY 10007
                Tel: (212) 356-0873
                jadainow@law.nyc.gov

                By:    /s/
                    John Doody
                    Jacquelyn Dainow
                    Assistant Corporation Counsels