UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

JANE DOE,

                                                          *Plaintiffs*,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
MARK WALTZER, DOUGLAS MEINERS, MICHAEL
EISENBERG AND JOHN DOES #1 THROUGH #2,

                                                          *Defendants.*

**DEFENDANT DOE'S RESPONSE TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS**

21-cv-4332 (FB)(RML)

------------------------------------------------------------------- X

Defendant New York City Department of Education ("DOE"), by its attorney the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, submits this response to Plaintiff's Additional Material Facts pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Eastern District of New York.

## DEFENDANT DOE'S RESPONSE TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

30. DOE failed to provide Plaintiff with any resources or information concerning formal complaint procedures, mental health support and services or educational assistance (*see* TAC, ¶ 12).

    **Disputed as non-factual and affirmatively state that all *respondeat* liability claims, as well as all negligent hiring, training, supervision, and retention claims, against DOE were dismissed on the merits in this Court's Memorandum & Order dated March 20, 2023 (ECF No. 64).**

31. DOE did not have any policies or measures in place to deter sexual assault in its schools while Plaintiff was under the age of eighteen (18) and a DOE student (*see* Ashanti Decl.,

Excerpts from the Deposition Transcript of Theresa Europe ("Europe Transcript"), dated September 13, 2023, Exhibit B, at page 52, lines 13 through 22).

> **Defendant DOE was not provided with a copy of the applicable deposition transcript until it was included as an exhibit to plaintiff's oppositions papers in spite of plaintiff's agreement to provide it for review by the witness. Notwithstanding, undisputed for purposes of this motion and affirmatively state that all *respondeat* liability claims, as well as all negligent hiring, training, supervision, and retention claims, against DOE were dismissed on the merits in this Court's Memorandum & Order dated March 20, 2023 (ECF No. 64).**

32. DOE did not have any policies in place, between 1998 and 2002, to address the risks of sexual assault specifically faced by female students like Plaintiff (*see* Ashanti Decl., Europe Transcript, Exhibit B, at page 64, line 24 through page 65, line 7).

> **Defendant DOE was not provided with a copy of the applicable deposition transcript until it was included as an exhibit to plaintiff's oppositions papers in spite of plaintiff's agreement to provide it for review by the witness. Notwithstanding, undisputed for purposes of this motion, but affirmatively state that all *respondeat* liability claims, as well as all negligent hiring, training, supervision, and retention claims, against DOE were dismissed on the merits in this Court's Memorandum & Order dated March 20, 2023 (ECF No. 64).**

33. DOE allowed school principals to decide <u>on their own</u> whether and how to disseminate materials concerning the reporting of sexual assault incidents during that same time period (*see* Ashanti Decl. Europe Transcript, Exhibit B, at page 78, lines 6 through 16).

> **Defendant DOE was not provided with a copy of the applicable deposition transcript until it was included as an exhibit to plaintiff's oppositions papers in spite of plaintiff's agreement to provide it for review by the witness. Notwithstanding, disputed and affirmatively state that all *respondeat* liability claims, as well as all negligent hiring, training, supervision, and retention claims, against DOE were dismissed on the merits in this Court's Memorandum & Order dated March 20, 2023 (ECF No. 64). Plaintiff is taking great liberties with the interpretation of Ms. Europe's testimony. Instead, Ms. Europe testified that ". . . [c]ertain principals may hand out more [written materials that relate to the reporting and deterrence against sexual assault of students] than others. <u>But these are all addressed in the Chancellor's Regulations.</u>"**

34. Plaintiff is thirty-eight (38) years of age (*see* Plaintiff's Birth Certificate, Ashanti Decl., Exhibit C).

   **Undisputed.**

35. Most child sex abuse victims come to terms with their abuse at 52 years old on average.[1]

   **Disputed as non-factual and irrelevant to the present motion.**

36. Waltzer's sexual abuse of Plaintiff continued even after Plaintiff reported it to DOE employee Douglas Meiners, who chose to use his knowledge of that abuse to sexually gratify himself with Plaintiff rather than report it. (*See* Ashanti Decl., Excerpts from the Deposition Transcript of Plaintiff Jane Doe ("Plaintiff's Transcript"), dated July 27, 2023 and July 28, 2023, Exhibit D, at page 130, line 19 through page 132, line 5, page 385, lines 4 through 15).

   **Disputed as a non-factual embellishment of testimony. For the purposes of its summary judgment motion only, DOE does not dispute that plaintiff informed Mr. Meiners. All claims against Mr. Meiners were dismissed on the merits in this Court's Memorandum & Order dated March 20, 2023 (ECF No. 64).**

37. Meiners denies that Plaintiff ever informed him of Waltzer's sexual abuse of Plaintiff (*see* Ashanti Decl., Excerpts from the Deposition Transcript of Douglas Meiners ("Meiners Transcript"), dated August 24, 2023, Exhibit E, at page 108, line 22 through page 109, line 20).

   **Undisputed, but affirmatively state that all claims against Mr. Meiners were dismissed on the merits in this Court's Memorandum & Order dated March 20, 2023 (ECF No. 64).**

---

[1] https://archive.nysba.org/News/NYS_Law_Digest__CPLR_Amendments/#:~:text=CPLR%20208%2C%20214%2Dg%20and%203403%3A%20The%20Child%20Victims%20Act&text=11)%2C%20is%20designed%20to%20protect,the%20Penal%20Law%2C%20among%20others.

38. Waltzer not only forcibly raped Plaintiff without her consent but he also forcibly restrained her on the bed where the rape occurred and, in the days, months and year or more thereafter, engaged in multiple acts of statutory rape during the course of their sexual relationship. Furthermore, Waltzer during his sexual exploits with her, some on a bed in his bedroom, and maintained possession of those photographs (*see* TAC, ¶¶ 47 – 53; Ashanti Decl., Plaintiff's Transcript, Exhibit D, at page 110, line 4 through page 111, line 2).

   **This paragraph requires no response as it is more appropriately directed at co-defendant Mark Waltzer.**

39. Plaintiff confided in Meiners that she was having a sexual relationship with Waltzer but Meiners failed to report it (*see* TAC, ¶¶ 8, 26; Ashanti Decl., Plaintiff's Transcript, Exhibit D, at page 130, line 19 through page 131, line 2, page 385, lines 4 through 15).

   **For the purposes of its summary judgment motion only, DOE does not dispute that plaintiff informed Mr. Meiners of her sexual relationship with Mr. Waltzer. All claims against Mr. Meiners were dismissed on the merits in this Court's Memorandum & Order dated March 20, 2023 (ECF No. 64).**

40. Instead of reporting Waltzer's child sex abuse, Meiners used his knowledge of that abuse to seek to have sex with Plaintiff himself. *See* Criminal Offense Chart, Ashanti Decl., Exhibit F. Specifically, he held Plaintiff after gym class, pinned her against the wall of his office, preventing her escape, and then tried to kiss her without her consent (*see* Ashanti Decl., Plaintiff's Transcript, Exhibit D, at 355:4 -356:18).

   **For the purposes of its summary judgment motion only, DOE does not dispute that plaintiff informed Mr. Meiners of her sexual relationship with Mr. Waltzer and that he engaged in harassing behavior. All claims against Douglas Meiners were dismissed on the merits in this Court's Memorandum & Order dated March 20, 2023 (ECF No. 64). Plaintiff's so-called criminal offense chart is disputed as non-factual.**

41. Plaintiff was also the victim of the criminal acts of a custodial engineer (janitor named in the TAC as "John Doe #1") who saw her walking to IS 237 one morning and lured her into

4

his car by offering her a ride to school. However, instead of taking Plaintiff to school, he took her to a motel for sex (*see* TAC, ¶¶ 28, 35 – 36; Ashanti Decl., Plaintiff's Transcript, Exhibit D, at 34:23 - 35:25, 37:19 - 45:2).

> **For the purposes of its summary judgment motion only, DOE does not dispute that an unidentified "janitor" engaged in harassing conduct towards plaintiff. All claims against John Doe #1 were dismissed on the merits in this Court's Memorandum & Order dated March 20, 2023 (ECF No. 64).**

42. John Doe #2 (Aaron), DOE teacher at FLHS, stalked Plaintiff at school, on her way home and at her home on multiple occasions (*see* TAC, ¶¶ 29, 59; Ashanti Decl., Plaintiff's Transcript, Exhibit D, at 280:6-21; 281:2-21).

> **For the purposes of its summary judgment motion only, DOE does not dispute that an unidentified "Aaron" engaged in harassing conduct towards plaintiff. All claims against John Doe #2 were dismissed on the merits in this Court's Memorandum & Order dated March 20, 2023 (ECF No. 64).**

43. Michael Eisenberg, DOE teacher at FLHS, made unwanted sexual advances towards Plaintiff after he learned of Meiners' sexual misconduct towards Plaintiff yet, like Meiners, failed to report that information (*see* TAC, ¶¶ 27, 58).

> **For the purposes of its summary judgment motion only, DOE does not dispute that Mr. Eisenberg (deceased) engaged in harassing conduct towards plaintiff. All claims against Michael Eisenberg and Douglas Meiners were dismissed on the merits in this Court's Memorandum & Order dated March 20, 2023 (ECF No. 64).**

44. Roger Sarmuksnis is a DOE teacher at FLHS, about whom Meiners testified and implicated in an incident where he and Meiners took Plaintiff to a park off of school grounds after taking her out of class without permission (*see* Ashanti Decl., Plaintiff's Transcript, Exhibit D, at 373:9 -374:16; Meiners Transcript, Exhibit E, at page 108, line 22 through page 109, line 20).

> **For the purposes of its summary judgment motion only, DOE does not dispute that plaintiff left class and school premises with Mr. Meiners. All claims**

      **against Mr. Meiners were dismissed on the merits in this Court's Memorandum & Order dated March 20, 2023 (ECF No. 64).**

45. The passage of the Child Victims Act ("CVA") in 2019 represents a sea change in how the State of New York views and treats child victims of sexual assault, particularly concerning the protections our society affords them. The CVA vaulted the State of New York from being one of the worst states in the nation regarding the restrictiveness of the timeframe within which child sex abuse victims can seek to hold their abusers, and abusers' enablers, liable to being one of the best in that regard (*see* CVA, CPLR § 208(b); CVA, CPLR § 214-g).[2]

    **Disputed, and respectfully refer the Court to the statutes referred to for their full text and import.**

46. With the passage of the CVA, the intent of the New York State legislature was to allow victims of child sex abuse, such as Plaintiff, to recover the abuse and, in so doing, to hold all contributors to child sex abuse accountable, whether their underlying conduct was intentional or negligent (*see* CVA, CPLR § 208(b); CVA, CPLR § 214-g).

    **Disputed, and respectfully refer the Court to the statutes referred to for their full text and import.**

47. Plaintiff claims protected class status as a heterosexual female, not as a sexual harassment or assault victim (*see* TAC, ¶¶ 34, 115-121).

    **Undisputed.**

48. Both gender and sexual orientation are explicitly delineated as protected classes within the NYC HRL (*see* NYC Admin. Code § 8-107(4)).

---

[2] https://www.cnn.com/2019/01/28/us/new-york-child-victims-act/index.html; https://archive.nysba.org/News/NYS_Law_Digest__CPLR_Amendments/#:~:text=CPLR%20208%2C%20214%2Dg%20and%203403%3A%20The%20Child%20Victims%20Act&text=11)%2C%20is%20designed%20to%20protect,the%20Penal%20Law%2C%20among%20others.

**Disputed, and respectfully refer the Court to the statute referred to for its full text and import.**

49. The NYS and NYC HRL provisions define "an unlawful discriminatory practice" (not "discrimination") by the misconduct involved – not by alleged actions or statistical evidence which may support a finding of differential treatment (*see* Executive Law § 296 (NYS HRL); New York City Administrative Code § 8-107 (NYC HRL)).

    **Disputed, and respectfully refer the Court to the statutes referred to for their full text and import.**

50. A denial of educational access and enabling of harassment are *per se* actionable, "unlawful discriminatory practice[s]" for purposes of the NYS HRL (*Id.*).

    **Disputed, and respectfully refer the Court to the statute referred to for its full text and import.**

51. The denial of access to the accommodations or facilities of a school constitutes an "unlawful discriminatory practice" for purposes of the NYC HRL (*Id.*).

    **Disputed, and respectfully refer the Court to the statute referred to for its full text and import.**

52. In enacting the CVA, the goal of the New York State legislature was to enable victims of child sex abuse to recover damages for the physical and emotional injuries they have sustained due to child sex abuse and to hold both abusers and their abusers' enablers accountable (*see* CVA, CPLR § 208(b); CVA, CPLR § 214-g).

    **Disputed, and respectfully refer the Court to the statutes referred to for their full text and import.**

Dated: December 22, 2023
New York, New York

Respectfully submitted,

s/_____
Jacquelyn Dainow, Esq.
Attorney for Defendant DOE

Office of the Corporation Counsel
100 Church Street
New York, New York 10007
T: (212) 356-0896