UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JANE DOE,

                              Plaintiff,

    -against-                                      21 CV 4332 (FB)(RML)

NEW YORK CITY DEPARTMENT OF EDUCATION,
MARK WALTZER AND JOHN DOES #1 THROUGH #2,

                             Defendants.
-------------------------------------------------------------------------x

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT NEW YORK CITY DEPARTMENT OF EDUCATION'S MOTION FOR <u>SUMMARY JUDGMENT</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………………...……3

PRELIMINARY STATEMENT……………………………………………………………………4

ARGUMENT……………………………………………………………………………….....6

    I.    FACTS DERIVED, INTER ALIA, FROM THERESA EUROPE'S DEPOSITION TESTIMONY PRECLUDE SUMMARY JUDGMENT……………..………...6

    II.    PLAINTIFF IS ENTITLED TO PROSECUTE HER HRL CLAIMS AGAINST DOE PURSUANT TO CPLR § 208(b)……………………………………..…….8

    III.    SUPREME COURT PRECEDENT FAVORS THE RETROACTIVE APPLICATION OF THE AMENDMENT OF THE NYS HRL………………………………………………………….....10

    IV.    PLAINTIFF HAS SET FORTH A PRIMA FACIE CASE OF DISCRIMINATION AGAINST DOE PURSUANT TO THE NYS HRL AND NYC HRL…………..11

CONCLUSION…………………………………………………………………………..13

## **TABLE OF AUTHORITIES**

### **CASES**

*Bradley v. Richmond Sch. Bd.*, 416 U.S. 696 (1974).......................................................... 5, 10, 11

*Landgraf v. USI,* 511 U.S. 244, 265, 114 S. Ct. 1483, 1497 128 L. Ed. 2d 229 (1994)……10, 11

*Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F.Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992)……………………………………………….. 8

*Playboy Enters., Inc. v. Dumas*, 960 F.Supp. 710 (S.D.N.Y. 1997)……………………………8

### **STATUTES**

CPLR § 208(b)................................................................................................................ 4, 5, 8, 9
New York City Human Rights Law, Admin. Code § 8-107........................................................ 6
New York State Child Victims Act (C.P.L.R. § 214-g) ............................................................. 7, 9
Fed. R. Civ. P. 30(b)(6)............................................................................................................ 4, 6
New York State Human Rights Law, Executive Law § 296 ..................................... 5, 6, 7, 10, 11

**PRELIMINARY STATEMENT**

Plaintiff Jane Doe[1] submits this sur-reply memorandum of law in opposition to the summary judgment motion (hereinafter, "SJ Motion") or "Defendant's Motion") of Defendant New York City Department of Education (hereinafter, "DOE" or "NYC DOE"). As established by Plaintiff's initial opposition papers, including her opposition brief ("Opposition Brief"), the SJ Motion should be denied in its entirety, as DOE has failed to establish any entitlement to judgment as a matter of law.

Specifically, focusing solely on DOE's reply, DOE incorrectly argues that there are no triable issues of material fact when, in fact, there are several, all relating to whether DOE denied Plaintiff the use of its school facilities due to Plaintiff's gender identity, gender expression and/or female sex. DOE can be held liable to Plaintiff if, at trial, the fact-finder, *i.e.* the jury, were to determine that DOE did deny Plaintiff the use of its school facilities, whether literally and/or constructively. DOE also offers the misplaced argument that the facts established through the deposition testimony of DOE's own 30(b)(6) witness, Theresa Europe, are not material when, quite to the contrary, they are not only material but also determinative – not of a negligent hiring and retention claim but of Plaintiff's *Human Rights Law ("HRL") claims against DOE* – as those facts concerning deficiencies in DOE's policies and practices relate to whether DOE, through its own actions and omissions as an enabler of sexual assault and rape culture within Francis Lewis High School ("FLHS"), is liable for shutting Plaintiff out of access to its school facilities.

Furthermore, as DOE makes an argument based on CPLR § 208(b) for the first time in its reply, such argument should be disregarded as a matter of law, that argument having been waived.

---

[1] As a victim of sexual assault at the hands of DOE employees, Plaintiff has proceeded in this litigation under the alias of "Jane Doe" in order to maintain anonymity and to protect her confidential identity.

Even if not disregarded, DOE's related argument is fatally deficient, as DOE conspicuously fails to cite to <u>any</u> legal authority to support its illogical interpretation that CPLR § 208(b) is not available as a viable means for Plaintiff to assert and to maintain HRL claims against DOE.

Concerning Executive Law § 296(4) of the New York State ("NYS") HRL, DOE absurdly urges this Court to ignore Supreme Court precedent (*Bradley v. Richmond Sch. Bd.*) that is directly on point and whose factors favor its retroactive application. None of the caselaw cited by DOE in support of its position justifies the failure to apply valid and relevant caselaw issued by the U.S. Supreme Court. Thus, DOE's argument fails.

Also, DOE makes a desperate attempt to convince this Court that Plaintiff has failed to make a *prima facie* case of HRL-related discrimination against DOE. As the plethora of facts which Plaintiff sets forth and on which Plaintiff relies (*see* Opposition Brief, *generally*) conclusively establish violations of Plaintiff's human rights under both the NYS HRL and the New York City ("NYC") HRL, DOE is grasping at straws counter-factually.

Finally, many legal issues concerning the CVA have not been resolved by the Second Circuit, including the limits and boundaries of its scope. Plaintiff raised this point in her opposition. *See* Opposition Brief, Point VI. In its reply, DOE neglects to address Plaintiff's related argument that the unsettled nature of the law surrounding the CVA precludes summary judgment. Thus, DOE's reply is deficient.

As a result of the foregoing arguments, as they are set forth in more detail below, Defendant's Motion fails as a matter of law and should be denied in its entirety.

# ARGUMENT

## POINT I

### FACTS DERIVED, INTER ALIA, FROM THERESA EUROPE'S DEPOSITION TESTIMONY PRECLUDE SUMMARY JUDGMENT

Contrary to DOE's arguments in its reply ("Reply Brief"), not only does this Court have discretion in resolving the instant SJ Motion, but also, under the NYS HRL and NYC HRL, DOE can be held liable to Plaintiff if, at trial, the jury were to make factual determinations in favor of Plaintiff concerning facts gleaned from the deposition testimony of DOE 30(b)(6) witness Theresa Europe and other portions of the factual record. Specifically, DOE can be held liable to Plaintiff under either HRL cause of action, if a jury were to find that DOE literally and/or constructively refused, denied or withheld from Plaintiff any of the accommodations, advantages, facilities or privileges of its schools, due to Plaintiff's actual or perceived sex, gender identity, gender expression and/or sexual orientation. *See* Executive Law § 296; New York City Law Administrative Code § 8-107.

As conceded by DOE, Ms. Europe's testimony establishes that, during Plaintiff's time attending DOE schools: 1) "DOE did not have policies or measures in place to prevent illegal sexual contact between teachers and students;" 2) Doe had "no policies in place to address the risk of sexual assault faced by female students;" and 3) school principals, such as the principal of FLHS, were not required to disseminate any materials or information to educate its faculty and student body concerning the prevention and reporting of sexual abuse against students. Reply Brief, pp. 1-2; *see also* Ashanti Decl., Excerpts from the Deposition Transcript of Theresa Europe ("Europe Transcript"), dated September 13, 2023, Exhibit B, p. 52, ll. 13 - 22, p. 64, l. 24 - p. 65, l. 7 and p. 78, ll. 6 - 16.

Rather than address these factual issues, DOE instead deflects, avoiding these factual questions altogether. *See* Reply Brief, *generally*. In that regard, DOE's strategy is to no avail, as the need to answer the factual questions raised above (regarding DOE's denial of Plaintiff's access to its facilities) precludes summary judgment and, if the jury finds that DOE's failures in policy and practice contributed to such denial of access and resolves these questions in Plaintiff's favor, Plaintiff will prevail at trial.

In strategically refusing to engage with these factual issues, DOE instead regurgitates arguments from its original moving papers. *See* Reply Brief, p. 2. Plaintiff already dispatched these arguments in her Opposition Brief, by demonstrating that: 1) Plaintiff's HRL claims against DOE <u>*are*</u> revived pursuant to the Child Victims Act ("CVA), Section 214-g (*see* Opposition Brief, Point II(B)); 2) former DOE students, such as Plaintiff, do have a right to sue DOE pursuant to Executive Law § 296(4) (NYS HRL), as the relevant 2003 amendment can be retroactively applied (*see* Opposition Brief, Point III(A)); and 3) given the facts in the record which satisfy the standards set forth in the NYS HRL and NYC HRL, Plaintiff has viable causes of action against DOE under both provisions (*see* Opposition Brief, Point IV).

Here, there are two other salient points for this Court to consider. First, as DOE argues that the 2003 amendment to the **<u>NYS</u>** HRL does not apply retroactively, by implication, DOE has no such argument concerning the **<u>NYC</u>** HRL, and there is no such hurdle for Plaintiff to overcome concerning that provision. *See* Reply Brief, p. 2. Thus, the NYC HRL unquestionably applies herein, regardless of the outcome of this Court's evaluation of the retroactivity of the 2003 amendment to the NYS HRL.

Second, DOE fails to grapple with Plaintiff's arguments that DOE not only erroneously rests its hopes for summary judgment on legal defenses which are invalid but also, more generally,

7

DOE improperly seeks to preclude a trial of Plaintiff's claims based on its own personal, unsupported interpretation of the proper resolution of the relevant legal issues. In other words, this case involves several legal issues the Second Circuit has not yet resolved; therefore, summary judgment is precluded, as Plaintiff's claims should not be foreclosed based on *unsettled law*. *See* Opposition Brief, Point VI. DOE ignores this argument altogether, which demonstrates both its force and prevailing validity.

## POINT II

### PLAINTIFF IS ENTITLED TO PROSECUTE HER HRL CLAIMS AGAINST DOE PURSUANT TO CPLR § 208(b)

As set forth in the Opposition Brief, DOE is precluded from relying on any argument based on CPLR § 208(b), as DOE failed either to make any argument concerning that provision or even to cite it in its moving papers. *See* DOE's Memorandum of Law in Support of Its Motion for Summary Judgment ("Moving Brief"), *generally*. In other words, it is within the discretion of this Court to disregard the arguments DOE has made in its reply brief concerning CPLR § 208(b), as it can deem such arguments to have been waived. *See, e.g., Playboy Enters., Inc. v. Dumas*, 960 F.Supp. 710, 720 n.7 (S.D.N.Y. 1997); *Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F.Supp. 1220, 1235 (S.D.N.Y. 1991) (same), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992). Such a glaring omission is not an accident, mistake, oversight or coincidence. DOE avoided the issue because it is a losing one – from DOE's perspective. Having gambled that Plaintiff would not raise the issue of CPLR § 208(b) in her opposition and having lost that gamble, DOE's derivative arguments should be disregarded as "[a]rguments made for the first time in a reply brief need not be considered by a court." *Playboy, supra*, 960 F.Supp. at 720 n.7. If this Court chooses not to exercise its discretion to disregard this argument by DOE, Plaintiff still prevails, as DOE's

assertion that Plaintiff cannot utilize CPLR § 208(b), as a matter of law, is not supported by any applicable legal authority. *See* Reply Brief, pp. 2 – 7.

To wit, the fact that CPLR 214-g is a revival statute does not in any way preclude the applicability of CPLR 208(b) to Plaintiff's claims herein. DOE's argument in this regard is an illogical non-sequitur, a proposition for which DOE offers no legal support. Notably, DOE most clearly and succinctly states this argument at the bottom of page 3 of its Reply Brief: "As 208(b) extended the statute of limitations until the age of 55 only for victims of abuse that took place after its enactment in 2019, that provision is not applicable." However, DOE fails to cite to *any* legal authority to support this dubious, self-serving proposition because it cannot do otherwise. That is, DOE fabricated this proposition out of whole cloth, hoping to fool the Court into believing it has legal validity when it does not. DOE even fails to point to any legislative history of the provision that would tend to show a legislative intent that is in line with DOE's strained interpretation of it.

Instead, DOE pivots and proffers the same, rote arguments it served up on its moving papers, claiming, once again without legal support, that criminal conduct which falls within the auspices of Penal Law 130 cannot, as a matter of law, serve as the factual predicate for an HRL cause of action. *See* Reply Brief, pp. 6 – 7. DOE's continual reliance on this same, invalid and repackaged argument ("Mutual Exclusivity Defense") is to no avail. There is no caselaw, legal statute, example of legislative history or law review article to even suggest, much less conclusively establish as a matter of law, that conduct which serves as a factual predicate that triggers liability under the NYS HRL and NYC HRL cannot also, separately, constitute criminal conduct that falls under Penal Law 130. Thus, just like its CPLR § 208(b) argument, DOE's Mutual Exclusivity Defense is fatally deficient.

Indeed, what makes DOE's Mutual Exclusivity Defense even more conspicuously invalid is the fact that, within the CVA there are no enumerated or specified *civil* causes of action, with only criminal statutes being referenced therein. *See* CVA, *generally*. Thus, by DOE's faulty logic, no CVA victim could ever bring a civil action to hold an abuser (such as Waltzer) or an enabler (such as DOE) accountable because, while DOE refers only to the CVA's omission of the NYS HRL and NYC HRL, no civil causes of action whatsoever are specifically named within the CVA. Thus, if a specific reference to a civil cause of action were a genuine prerequisite for that civil cause of action to be eligible for CVA victims to use (rather just a DOE fantasy), no civil claim would ever qualify. Such a result would, of course, defeat the entire purpose of the CVA. Thus, the absurdity of DOE's argument is revealed, as is the overall invalidity of the SJ Motion.

## POINT III

### SUPREME COURT PREDECENT MANDATES THE RETROACTIVE APPLICATION OF THE AMENDMENT OF THE NYS HRL

In its Reply Brief, DOE argues that Section 296(4) of the NYS HRL does not apply to Plaintiff's NYS HRL claim because, according to DOE, the NYS HRL's 2003 amendment, which "permit[s] by students against educational institutions based upon the sex of the student (as we have here)," cannot be retroactively applied. Reply Brief, p. 7. DOE's argument notwithstanding, none of the cases cited by DOE in supports of its proposition trump the unambiguous holding of *Bradley v. Richmond Sch. Bd.*, which establishes the correct legal standard for a court's evaluation of retroactivity. 416 U.S. 696, 711 (1974) ("We anchor our holding in this case on the principle that a court is to apply the law *in effect at the time it renders its decision*, *unless doing so would result in manifest injustice* or there is statutory direction or legislative history *to the contrary*.") (emphasis added). The *Landgraf* case cited by DOE does not replace or even contradict the holding of the Supreme Court in *Bradley*. *See Landgraf v. USI,* 511 U.S. 244, 265, 114 S. Ct. 1483, 1497

10

128 L. Ed. 2d 229 (1994). In fact, none of DOE's cited cases negates the fact that this Court must apply the manifest injustice test established by the Supreme Court in *Bradley* (to determine whether the 2003 amendment can be retroactively applied here) or the fact that, in so doing, the inevitable conclusion is that there is no manifest injustice in holding DOE accountable for being an enabler of criminal sexual misconduct against Plaintiff. *See Bradley, supra*, 416 U.S. at 711; *see also* NYS HRL § 296(4). Accordingly, the 2003 amendment to the NYS HRL applies retroactively herein, and Plaintiff's NYS HRL claim against DOE survives the SJ Motion. Furthermore, as no similar retroactivity argument can be made concerning the NYC HRL, Plaintiff's cause of action against DOE pursuant to that provision also survives the SJ Motion.[2]

Thus, DOE's arguments concerning the applicability of the NYS HRL and NYC HRL fail, and the SJ Motion should be denied in its entirety.

## POINT IV

### PLAINTIFF HAS SET FORTH A PRIMA FACIE CASE OF DISCRIMINATION AGAINST DOE PURSUANT TO THE NYS HRL AND NYC HRL

In its Reply Brief, DOE argues that Plaintiff has not set forth a *prima facie* case of discrimination against DOE, pursuant to Plaintiff's HRL claims. *See* Reply Brief, p. 10. In so doing, DOE reductively mischaracterizes a teenage Plaintiff's severe emotional anguish at being constantly bombarded with the unwanted sexual advances of grown men, including a forcible rape, as merely "feeling uncomfortable in school at times." *Id.* DOE makes this offensive and inaccurate mischaracterization in support of a misguided argument that Plaintiff was not "denied access to any service or accommodation based upon her gender/sex." *Id.* These grown men were all

---

[2] Quite conspicuously, in its reply, DOE has abandoned the argument it made in its moving papers that Plaintiff's NYC HRL claim cannot be maintained because, according to DOE, Plaintiff is not a member of a protected class under NYC HRL § 8-102. *See* SJ Motion, p. 15. Plaintiff's opposition conclusively defeated that argument. *See* Opposition Brief, Point III(B).

11

employees of DOE and not only violated Plaintiff's rights under the NYS HRL and NYC HRL but also violated the public trust, as they were legally obligated to protect, rather than endanger, the health, safety and physical and mental well-being of DOE students like Plaintiff.

DOE's ignorance in this regard seems to have been prompted by its woeful misunderstanding of the NYS HRL and NYC HRL, as DOE appears to view the prohibition of denial of access to school facilities within the NYS HRL and NYC HRL only <u>literally</u>. *Id.* Yet, it defies common sense to argue that the New York state and city legislatures intended for HRL discrimination to be found only in a case where private security, the police or some other physical obstacle literally precludes a student's access to school facilities. Contrary to DOE's view, it is readily apparent that "feeling uncomfortable in school at times," if that feeling was quite severe and was sustained over a substantial period of time (as it was here with Plaintiff over the course of multiple school years), <u>is</u> sufficient for a finding of constructive denial of access to school facilities. Accordingly, DOE's offensive argument falls short.

In short, the ample evidence in the record of the sex and gender-based discrimination to which DOE subjected Plaintiff satisfies the standards of both the NYS HRL and NYC HRL and precludes summary judgment.

Accordingly, a jury should determine the fate of Plaintiff's claims against DOE, as the law and equity require, particularly in our instant unchartered territory, where the state of the law pertaining to the CVA is largely unsettled. Finally, Plaintiff would be remiss not to point out the fact that DOE's Reply Brief neglects to even address, much less refute, Plaintiff's argument that this unsettled nature of the law surrounding the CVA precludes summary judgment. *See* Opposition Brief, Point VI.

In light of the foregoing, the SJ Motion is fatally deficient and should be denied in its entirety.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the SJ Motion in its entirety.

Dated: December 29, 2023                              Respectfully submitted,

Karl J. Ashanti, Esq.
*Attorneys for Plaintiff*
Musa-Obregon Law, P.C.
55-21 69th St., 2nd Fl.
Maspeth, NY 11378
T. (718) 803-1000